

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 24, 2016

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States</u> v. <u>Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

      The Government respectfully requests that the Court enter the enclosed Protective Order Pertaining to Classified Information.  I have spoken with the defendant's counsel and she has no objections to the enclosed order.

                  Respectfully submitted,

                  PREET BHARARA
                  United States Attorney

By:                             
                  Negar Tekeei/Brendan Quigley/Andrea Surratt
                  Assistant United States Attorneys
                  (212) 637-2482/2190/2493

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA           :
                                   :
          - v. -                   :     15 Cr. 588 (ER)
                                   :
AHMED MOHAMMED EL GAMMAL,          :
  a/k/a "Jammie Gammal,"           :
                                   :
          Defendant.               :
- - - - - - - - - - - - - - - - - -x

**PROTECTIVE ORDER**
**PERTAINING TO CLASSIFIED INFORMATION**

This matter comes before the Court upon the Government's Motion for a Protective Order pursuant to Section 3 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 3, to protect against the disclosure in this case of any classified information disclosed by the Government to, or otherwise in the possession of, the Defendant or the Defense.

Pursuant to the authority granted under CIPA Section 3, the Security Procedures Established Pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA ' 9), Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, and the general supervisory authority of the Court, and to protect the national security, the following Protective Order is entered.

**General Provisions**

1.   The Court finds this case will involve information classified in the interest of national security of the United States

pursuant to Executive Order 13526, as amended.  The storage, handling and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances, and a "need to know" determination pursuant to Executive Order 13526.

2.    The purpose of this Order is to establish procedures that must be followed by the Defense and the Government, and any other person who receives access to, or otherwise is in possession of, classified information as a result of their participation in this case.  The procedures set forth in this Order, CIPA and the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801, *et*. Seq., ("FISA"), will apply to all pretrial, trial, post-trial, and appellate matters concerning classified information, and may be modified from time to time by further order of the Court pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, CIPA Section 3, and the Court's inherent supervisory authority to ensure a fair and expeditious trial.

### Definitions

3.    The following definitions shall apply to this Order:

a.    The term "Defense" shall mean any counsel for the defendant, employees or contractors of counsel for the Defendant (including, without limitation, investigators, paralegals, experts

and translators), and any witnesses for the Defendant so authorized by the Court.

        b.   The term "classified information" shall include:

        (i) Any document or information contained therein, which has been classified by any Executive Branch agency in the interests of national security pursuant to Executive Order 13526, as amended, or its predecessor orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

        (ii) Any document or information that is currently properly classified, as set forth in (i), and that has been approved by the Government or the Court for release to the Defendant.  All classified information that is approved for release to the Defendant will contain an appropriate classification marking and will be marked "Releasable to Cleared Counsel for El Gammal";

        (iii) Any document or information, regardless of its physical form or characteristics now or formerly in the possession of a private party which (A) has been derived from information from the United States Government that was classified, and (B) has subsequently been classified by the United States pursuant to executive order as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as SCI;

        (iv) Any document or information the Defense knows

3

or reasonably should know contains classified information, including information acquired or conveyed orally;

(v) Any information, regardless of place of origin, to include "foreign government information" as that term is defined in Executive Order 13526, that could reasonably be believed to contain classified information or potentially convey classified information, and that refers or relates to national security or intelligence matters; and

(vi) Any document or information as to which the Defense has been notified orally or in writing contains classified information.

c.   The terms "document," "materials," and "information" shall include, but are not limited to:

(i) all written, printed, visual or audible matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise);

(ii) notes (handwritten, oral, or electronic); papers; letters; correspondence; memoranda; reports; summaries; photographs; maps; charts; graphs; inter-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; teletypes; telecopies; telegrams; telexes; transcripts; cables; facsimiles; invoices; worksheets and

4

drafts; microfiche; microfilm; videotapes; sound recordings of any kind; motion pictures; electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes, disks, or thumb drives and all manner of electronic data processing storage; and alterations, modifications, changes and amendments of any kind to the foregoing; and

(iii) information obtained orally.

d.    The term "access to classified information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

e.    The term "Secure Area" shall mean a sensitive compartmented information facility ("SCIF") accredited by a CISO for the storage, handling, and control of classified information.

**Classified Information, General Provisions**

4.    All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been "declassified" by the agency or department that originated the document or information contained therein ("originating agency").

5.    Any classified information provided to the Defense by the Government is to be used solely by the Defense and solely for the purpose of preparing the defense.  The Defense may not disclose or

cause to be disclosed in connection with this case any information known or reasonably believed to be classified information except as otherwise provided herein.

6.    The Defense may not disclose classified information to the Defendant unless that same information has been previously provided to the Defense by the Defendant.   The Defense may not confirm or deny to the Defendant the assertions made by the Defendant based on knowledge the Defense may have obtained from classified information, except where that classified information has been provided to the Defendant.

7.    The Defense shall not disclose classified information to any person, except to the Court, Government personnel who hold appropriate security clearances and have been determined to have a need to know that information, and those authorized pursuant to this Order.

8.    Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official statement by a U.S. Government Executive Branch official who is authorized to declassify the information.   Individuals who by virtue of this Order or any other court order are granted access to classified information may not confirm or deny classified information that appears in the public domain.   Prior to any attempt by the Defense to have such

information confirmed or denied at trial or in any public proceeding in this case, the Defense must comply with the notification requirements of Section 5 of CIPA and all provisions of this Order.

9.   In the event that classified information enters the public domain, the Defense is precluded from making private or public statements where the statements would reveal personal knowledge from non-public sources regarding the classified status of the information, or would disclose that the Defense had personal access to classified information confirming, contradicting, or otherwise relating to the information already in the public domain.  The Defense is not precluded from citing or repeating information in the public domain that counsel does not know or have reason to believe to be classified information, or derived from classified information.

## Security Procedures

10.   In accordance with the provisions of CIPA and the security procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Michael P. Macisso as the CISO and Carli Rodriguez Feo, Debra Guerrero-Randall, Daniel O. Hartenstine, Joan B. Kennedy, Maura L. Peterson, Harry J. Rucker, and W. Scooter Slade as alternate CISOs for this case, for the purpose of providing security arrangements necessary to protect against unauthorized disclosure any classified information that has been

7

made available to the Defense in connection with this case.  The

Defense shall seek guidance from the CISO with regard to appropriate

storage, handling, transmittal, and use of classified information.

11.  The Court has been advised, through the CISO, that

Assistant United States Attorneys Brendan F. Quigley, Negar Tekeei,

and Andrea Surratt, National Security Division Trial Attorney

Ranganath Manthripragada, as well as their supervisors ("Counsel for

the Government"), have the requisite security clearances allowing

them to have access to the classified information that relates to

this case.

12.  *Protection of Classified Information*.  The Court finds

that to protect the classified information involved in this case,

Defense counsel and their approved employees and witnesses

(collectively referred to herein as "the defense"), shall be given

access to the classified information, as required by the Government's

discovery obligations and otherwise as necessary to prepare for

proceedings in this case, once they have:

a.  Received from the CISO the appropriate security

clearance for the level of the classified information involved in

this case;

b.  A "need to know" the classified information at issue

in this proceeding; and

c.  Signed the Memorandum of Understanding in the form

8

attached hereto agreeing to comply with the terms of this Order.   The signed Memorandum of Understanding shall be filed with the Court, and executed copies of Memorandum of Understanding shall be served upon the Government.   The substitution, departure, or removal for any reason from this case, of counsel for the Defendant or any other member of the Defense, shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

13.   Pursuant to Section 4 of the security procedures promulgated pursuant to CIPA, no court personnel (except for the Judge) required by this Court for its assistance shall have access to classified information involved in this case unless that person shall first have received the necessary security clearance as determined by the CISO.

14.   Standard Form 86, "Questionnaire for National Security Positions," attached releases, and full fingerprints shall be completed and submitted to the CISO forthwith by all defense counsel not otherwise already cleared, all persons whose assistance the defense reasonably requires, and by such courtroom personnel as the Court requires for its assistance.   The CISO shall undertake all reasonable steps to process all security clearance applications in accordance with applicable regulations.

15.   Prior security clearance and a "need to know" as determined

by any government entity as applying to one person does not
automatically give that person the authority to disclose any
classified information to any other individual, even if that
individual also has a security clearance.  By way of example, but
not limitation, Defense counsel with appropriate clearances and a
need to know, as determined by the Government, are not authorized
to discuss or otherwise disclose such classified information with
an uncleared defendant absent approval of the Court or written
permission of the Government.

16.  *Secure Area for the Defense*.  The CISO shall arrange for
an approved Secure Area for use by the Defense.  The CISO shall
establish procedures to assure the Secure Area is accessible during
business hours to the Defense, and at other times upon reasonable
request as approved by the CISO.  The Secure Area shall contain a
separate working area for the Defense and will be outfitted with any
secure office equipment requested by the Defense that is reasonable
and necessary to the preparation of the defense.  The CISO, in
consultation with counsel for the Defendant, shall establish
procedures to assure that the Secure Area may be maintained and
operated in the most efficient manner consistent with the protection
of classified information.  No classified documents may be removed
from the Secure Area unless so authorized by the CISO with notice
provided to the Court.  The CISO shall not reveal to the Government

the content of any conversations he may hear among the Defense, nor reveal the nature of the documents being reviewed, or the work being generated. The presence of the CISO shall not operate to render inapplicable the attorney-client privilege.

17. *Filing of Papers by the Defense*. Any pleading or other document filed by the Defense that counsel for the Defendant knows or reasonably should know contains classified information as defined in paragraph 3(b), shall be filed as follows:

a. The document shall be filed under seal with the Court Security Officer or a designee and shall be marked, "Filed in Camera and Under Seal with the Court Security Officer." The time of physical submission to the CISO (or alternate CISO designated by the CISO) shall be considered the date and time of filing. Within a reasonable time after making a submission to the CISO, the Defense shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO. The notice should contain only the case caption and an unclassified title of the filing.

b. The CISO or a designee of his choosing who has obtained the necessary security clearance shall promptly examine the pleading or document and, in consultation with representatives of the appropriate departments or agencies, determine whether the pleading or document contains classified information. If it is

11

determined the pleading or document contains classified information, the CISO shall ensure the relevant portion of the document, and only that portion, is marked with the appropriate classification marking and remains under seal.  All portions of all papers filed by the Defense that do not contain classified information shall be immediately unsealed by the CISO and placed in the public record. The CISO shall immediately deliver under seal to the Court and Counsel for the Government any pleading or document to be filed by the Defense that contains classified information, unless the pleading or document is an _ex parte_ filing.

18.  _Filing of Papers by the Government_.  Only the portions of pleadings or documents filed by the Government that contain classified information shall be filed under seal with the Court through the CISO.  Such pleadings and documents shall be marked, "Filed _In Camera_ and Under Seal with the Classified Information Security Officer."  The time of physical submission to the CISO (or designee) shall be considered the date and time of filing.  The CISO shall immediately deliver under seal to the Court and counsel for the Defendant any pleading or document to be filed by the Government that contains classified information, unless the pleading or document is an _ex parte_ filing.  Within a reasonable time after making a submission to the CISO, the Government shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the

12

Court the submission was made to the CISO or a designee of his choosing who has obtained the necessary security clearance and providing a title of the document which does not disclose any potentially classified information.

19. *Record and Maintenance of Classified Filings*. The CISO shall maintain a separate sealed record for those materials which are classified. The CISO shall be responsible for the maintaining of the secured records for purposes of later proceedings or appeal.

20. *The Classified Information Procedures Act*. Procedures for public disclosure of classified information in this case shall be those established by CIPA. The Defense shall comply with the requirements of CIPA Section 5 prior to any disclosure of classified information during any proceeding in this case. As set forth in Section 5, the Defense shall not disclose any information known or believed to be classified in connection with any proceeding until notice has been given to Counsel for the Government and until the Government has been afforded a reasonable opportunity to seek a determination pursuant to the procedures set forth in CIPA Section 6, and until the time for the Government to appeal such determination under CIPA Section 7 has expired or any appeal under Section 7 by the Government is decided. Pretrial conferences involving classified information shall be conducted in camera in the interest of national security, be attended only by persons with access to

13

classified information and a need to know, and the transcripts of such proceedings shall be maintained under seal.

21. *Access to Classified Information*.  In the interest of the national security, representatives of the Defense granted access to classified information shall have access to classified information only as follows:

a.   All classified information produced by the Government to counsel for the Defendant in discovery or otherwise, and all classified information possessed, created or maintained by the Defense, including notes and any other work product, shall be stored, maintained and used only in the Secure Area established by the CISO.

b.   The Defense shall have free access to the classified information made available to them in the Secure Area established by the CISO and shall be allowed to take notes and prepare documents with respect to those materials.

c.   No representative of the Defense (including, but not limited to, counsel, investigators, paralegals, translators, experts and witnesses) shall copy or reproduce any classified information in any manner or form, except with the approval of the CISO or in accordance with the procedures established by the CISO for the operation of the Secure Area.

d.   All documents prepared by the Defense (including,

without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in the Secure Area on word processing equipment approved by the CISO.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, thumb drives, discs, CDs, DVDs exhibits, and electronic or digital copies) that may contain classified information shall be maintained in the Secure Area unless and until the CISO determines those documents or associated materials are unclassified in their entirety.  None of these materials shall be disclosed to counsel for the Government or any other party.

  e.   The Defense shall discuss classified information only within the Secure Area or in an area authorized by the CISO.

  f.   The Defense shall not disclose, without prior approval of the Court, classified information to any person not named in this Order except the Court, Court personnel, and Government personnel identified by the CISO as having the appropriate clearances and the need to know.  Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to a person not identified in this Order.  Any person approved by the Court for access to classified information under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of

15

Understanding appended to the Order, and to comply with all the terms and conditions of the Order.  If preparation of the defense requires that classified information be disclosed to persons not identified in this Order, the Department of Justice shall promptly seek to obtain security clearances for them at the request of counsel for the Defendant.

g.   The Defense shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the Internet, or in the presence of any person who has not been granted access to classified information by the Court.

h.   Any documents written by the Defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

i.   The Defense shall not disclose classified information to the Defendant -- other than materials marked "Releasable to El Gammal" -- absent leave of this Court or written permission of the Government.  Counsel for the Government shall be given an opportunity to be heard in response to any Defense request for disclosure to the Defendant of such classified information.

22.  Any unauthorized disclosure of classified information may

16

constitute violations of United States criminal laws.   In addition,
any violation of the terms of this Order shall be brought immediately
to the attention of the Court and may result in a charge of contempt
of Court and possible referral for criminal prosecution.   Any breach
of this Order may also result in termination of an individual's access
to classified information.   Persons subject to this Order are
advised that direct or indirect unauthorized disclosure, retention
or negligent handling of classified documents or information could
cause serious damage, and in some cases exceptionally grave damage
to the national security of the United States or may be used to the
advantage of a foreign nation against the interests of the United
States.   The purpose of this Order is to ensure that those authorized
to receive classified information in connection with this case will
never divulge that information to anyone not authorized to receive
it, without prior written authorization from the originating agency
and in conformance with this Order.

23.  All classified documents and information to which the
Defense has access in this case are now and will remain the property
of the United States.   Upon demand of the CISO, these persons shall
return to the CISO all classified information in their possession
obtained through discovery from the Government in this case, or for
which they are responsible because of access to classified
information.   The notes, summaries and other documents prepared by

17

the Defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of the case.  At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the CISO in the presence of counsel for the Defendant.

24.  Nothing contained in this Order shall be construed as a waiver of any right of the Defendant.  No admission made by the Defendant or their counsel during pretrial conferences may be used against the Defendant unless it is in writing and signed by the respective Defendant.  <u>See</u> CIPA § 2.

25.  A copy of this Order shall be issued forthwith to counsel for the Defendant who shall be responsible for advising the Defendant and representatives of the Defense of this Order.  Counsel for the Defendant, and any other representatives of the Defense who will be provided access to the classified information, shall execute the Memorandum of Understanding described in paragraph 12 of this Order, and counsel for the Defendant shall file executed originals of such documents with the Court and the CISO and serve an executed original upon the Government.  The execution and filing of the Memorandum of Understanding is a condition precedent for counsel for the Defendant and any other representative of the Defense to have access to classified information.

Dated:      New York, New York
            February __, 2016

                              SO ORDERED:


                              _____
                              HONORABLE EDGARDO RAMOS
                              United States District Judge
                              Southern District of New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA          :
                                  :
          - v. -                  :        15 Cr. 588 (ER)
                                  :
AHMED MOHAMMED EL GAMMAL,         :
  a/k/a "Jammie Gammal,"          :
                                  :
          Defendant.              :
- - - - - - - - - - - - - - - - - -x
```

## MEMORANDUM OF UNDERSTANDING REGARDING RECEIPT OF CLASSIFIED INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders, related to, but not limited to, Title 18 United States Code, including unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Agents Identities Protection Act, Title 50 U.S.C. Section 421; Title 18 U.S.C. Section 641; Title 50 U.S.C. Section 783; 28 C.F.R. 17 et seq., and Executive Order 13526; I understand that I may be the recipient of information and documents that concern the present and future security of the United States and belong to the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States Government.  In consideration for the disclosure of classified information and documents:

(1)      I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents

and information unless specifically authorized in writing to do so by an authorized representative of the United States Government; or as expressly authorized by the Court pursuant to the Classified Information Procedures Act and the Protective Order entered in the case of United States v. Ahmed El Gammal, 15 Cr. 588 (ER), Southern District of New York.

(2)     I agree that this Memorandum and any other non-disclosure agreement signed by me will remain forever binding on me.

(3)     I have received, read, and understand the Protective Order entered by the United States District Court for the Southern District of New York on _____, 2016, in the case of United States v. Ahmed El Gammal, 15 Cr. 588 (ER), relating to classified information, and I agree to comply with the provisions thereof.


_____     _____
Michael P. Macisso                  Date
Classified Information Security Officer


_____     _____
Sabrina Shroff, Esq.                Date
Counsel for Ahmed El Gammal


_____, Esq.           _____
                                    Date
Counsel for Ahmed El Gammal


_____, Esq.           _____
                                    Date
Counsel for Ahmed El Gammal