```
         G4mdgamc

 1     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x

 3     UNITED STATES OF AMERICA,                New York, N.Y.

 4                v.                            15 Cr. 0588(ER)

 5     AHMED MOHAMMED EL GAMMAL,

 6                Defendant.

 7     ------------------------------x

 8
                                                 April 22, 2016
 9                                               10:02 a.m.

10
       Before:
11
                          HON. EDGARDO RAMOS,
12
                                          District Judge
13

14                           APPEARANCES

15     PREET BHARARA
            United States Attorney for the
16          Southern District of New York
       BY:  BRENDAN F. QUIGLEY
17          NEGAR TEKEEI
                Assistant United States Attorneys
18
       FEDERAL DEFENDERS OF NEW YORK INC.
19          Attorneys for Defendant
       BY:  SABRINA P. SHROFF
20

21

22

23

24

25
```

G4mdgamc

        THE COURT:  In the matter of the United States of America versus el Gammal.

        Counsel, please state your name for the record.

        MR. QUIGLEY:  Good morning, your Honor.  Brendan Quigley and Negar Tekeei for the United States.

        THE COURT:  Good morning.

        MS. TEKEEI:  Good morning, your Honor.

        MS. SHROFF:  Good morning, your Honor.  For Mr. el Gammal, Federal Defenders of New York by Sabrina Shroff.  Mr. Gammal is present and seated to my right.

        THE COURT:  Good morning, Ms. Shroff, and good morning to you, Mr. el Gammal.

        This matter is on for a status conference.  So, Mr. Quigley or Mr. Tekeei, tell me where we are.

        MR. QUIGLEY:  Judge, at the last conference the Court set a defense motion deadline.  That deadline passed and there are no other dates on the calendar, so we wrote to the Court requesting a status conference to discuss additional scheduling.

        In terms of we are, at this point there is no extant unclassified discovery to be produced.  We produced all the classified discovery that we were aware of at the time of the last conference.  Recently, in the last couple of weeks, we did learn about some additional potential classified discovery that we have been working with people in Washington, D.C. to get the

1   necessary approvals to do that, to produce that.  We anticipate
2   getting those soon.  And that's where we are.
3              THE COURT:  How much additional material?
4              MR. QUIGLEY:  Judge, I would say it's voluminous.
5   Maybe -- but I'm not sure I can say much more about it and that
6   is classified.
7              MS. SHROFF:  I'm sorry.  Did he say "voluminous"?
8              THE COURT:  He did.  Ms. Shroff.
9              MS. SHROFF:  I don't know where to go with "soon"
10  because I got some classified discovery two days ago, which I
11  haven't yet been able to pick up and view.  I suppose we could
12  set -- I think we should set a trial date, your Honor.  Is that
13  OK?
14             THE COURT:  Yes.  That is fine.
15             MS. SHROFF:  I know that all parties, in the hopes of
16  not dragging this out, we tried to figure out what a proper
17  trial date would be.  My concern is that -- well, two-fold.  I
18  can pick the trial date now.  If there is an inclination to set
19  a cutoff date for the classified/unclassified discovery, then I
20  would feel more comfortable saying that is a firm trial date.
21  My concern is if they are still producing voluminous discovery,
22  I'm not sure how I can pick a trial date that I can stick to.
23  That's my concern.
24             THE COURT:  OK.
25             MS. SHROFF:  Is that fair?

1                THE COURT:  No.  No.  That's perfectly fair.

2                Have the parties discussed trial dates?

3                MR. QUIGLEY:  We have, your Honor.  But we

4    discussed -- the government, we discussed -- we talked to the

5    Court's deputy about the Court's availability in late July,

6    August and September.  I think the late July and August dates

7    would work for the government.  The September 5th through

8    16th window does not work for the government.  Two of the three

9    government attorneys have prior commitments around that time or

10   immediately before that time, and Ms. Tekeei has a previously

11   scheduled trial before Judge Crotty on September 12th.

12               THE COURT:  OK.

13               MS. SHROFF:  OK.  So, look, here's my problem. We are

14   talking about a July trial date.  He still has discovery coming

15   my way.  I'm at the end of April.  OK?  So I don't know what

16   "soon" means.  Does it mean May 1st, June 1st or July 1st?  So

17   I need to know.  I have a trial date before Judge Preska and I

18   have a trial date before Judge Marrero.

19               THE COURT:  What are those dates?

20               MS. SHROFF:  June 25th is the trial date that I have,

21   and I can't remember my July trial date.  It is a trial that I

22   have with a co-counsel.  I can try and move those, but it seems

23   kind of pointless for me to try and move those if they are not

24   going to finish discovery.  So maybe what we can do today is --

25   or by end of week, have the government tell us what the word

1  "soon" means.  The parties can confer and then write back to
2  the Court about a trial date.
3            THE COURT:  Now, I take it, Ms. Shroff, that you are
4  not, at least based on what you've received and are aware of so
5  far, intending on making any motions concerning the classified
6  materials?
7            MS. SHROFF:  I haven't decided.  That's the honest
8  truth.  I have not -- it is not gamesmanship.  I just haven't
9  decided.
10            THE COURT:  Do the parties know whether those
11 materials have been placed in the courthouse SCIF?
12            MS. SHROFF:  They have been placed in the SCIF.
13            THE COURT:  OK.
14            MS. SHROFF:  At least a portion of those.  They have
15 done, I think all told, three classified productions.  Am I
16 correct?
17            MR. QUIGLEY:  That is correct.  Yes, your Honor.
18            THE COURT:  OK.  And all those materials are in the
19 SCIF?
20            MS. SHROFF:  They are.
21            THE COURT:  Well, look, I'm happy to accommodate the
22 parties as soon as everyone is available and prepared to
23 proceed.  I think that the defense makes a very valid argument
24 that, you know, they cannot be in a position in the absence of
25 seeing these materials, unless the government would be willing

1    to make some sort of a proffer -- and I don't know that they
2    are in a position to do that -- as to what those materials are
3    and how voluminous they would be.  But I think Ms. Shroff's
4    recommendation is a good one.  This is a gentleman who has
5    been, after all, indicted and he has received a good amount of
6    material.  We are prepared to set a trial date, and at some
7    point the government is going to have to say we're prepared to
8    go to trial with the information that we have.
9            So why don't I take you up on your offer, Ms. Shroff,
10   and direct that the parties discuss, and I guess by end of next
11   week, if that makes sense, the parties can jointly contact the
12   Court with what the status of the latest batch of -- or latest
13   wave of discovery is and when we can safely set a trial date
14   that will allow the defense sufficient time to absorb the
15   materials and prepare.
16            MR. QUIGLEY:  That is fine, your Honor.
17            THE COURT:  OK.  Ms. Shroff.
18            MS. SHROFF:  That's fine, your Honor.  So we would
19   agree to exclude time from now until what date would the Court
20   like?  The next date that we send a letter, by a week?
21            THE COURT:  Yes.
22            MS. SHROFF:  OK.  That is fine.
23            THE COURT:  So we will exclude time between now and
24   next Friday, which will be April 29, and I would be prepared to
25   meet with the parties immediately thereafter for another status

1   so we can start thinking about trial mechanics and in addition
2   to the dates.  Because if there is going to be any special jury
3   selection procedures that the parties want me to consider at
4   all, I will want to know that as soon as possible as well as
5   any in limine motions that may be required.  I will want to get
6   those.  My general practice is to have those one month prior to
7   the trial date, but if we can get that process started sooner,
8   I would prefer to do that.  OK?
9            Unless there is anything else, Mr. Quigley?
10           MR. QUIGLEY:  Not from the government, your Honor.
11           THE COURT:  Ms. Shroff?
12           MS. SHROFF:  No, your Honor.  Thank you.
13           THE COURT:  In that event, we are adjourned.  Again,
14  the time between now and next Friday is excluded under the
15  speedy trial clock.  I find that the defense's interest, Mr. el
16  Gammal's interest in having further discussions with the
17  government about this additional discovery outweighs the
18  interest of the public in a speedy and public trial.
19           We are adjourned.
20           MR. QUIGLEY:  Thank you, your Honor.
21           MS. TEKEEI:  Thank you, your Honor.
22           THE CLERK:  All rise.
23                              - - -
24
25