# EXHIBIT A

2006

1      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF NEW YORK
2
- - - - - - - - - - - - - X
3   UNITED STATES OF AMERICA,    :    10-CR-19 (JG)

4                                 :

5        -against-               :    United States Courthouse
                                  :    Brooklyn, New York
6                                 :

7                                 :
    ADIS MEDUNJANIN,              :    Monday, April 30, 2012
8                                 :    9:30 a.m.
         DEFENDANT.               :
9                                 :
- - - - - - - - - - - - - X
10
              TRANSCRIPT OF CRIMINAL CAUSE ON TRIAL
11              BEFORE THE HONORABLE JOHN GLEESON
              UNITED STATES DISTRICT COURT JUDGE
12
                    A P P E A R A N C E S:
13
    For the Government:    LORETTA E. LYNCH, ESQ.
14                         United States Attorney
                           Eastern District of New York
15                             271 Cadman Plaza East
                               Brooklyn, New York 11201
16                         BY: DAVID BITKOWER, ESQ.
                               JAMES P. LOONAM, ESQ.
17                             BERIT W. BERGER, ESQ.
                               Assistant United States Attorneys
18
                           Also Present:
19                         Special Agent Farbod Azad

20
    For the Defendant:    MITCHELL J. DINNERSTEIN, ESQ.
21                             350 Broadway, Suite 700
                               New York, New York 10013
22

23

24

25

                    Mary Agnes Drury, RPR
                    Official Court Reporter

2007

For the Defendant
Continued:                **LAW OFFICES OF ROBERT C. GOTTLIEB**
                              111 Broadway, Suite 701
                              New York, New York 10006
                         BY:   **ROBERT C. GOTTLIEB, ESQ.**
                              **JUSTIN F. HEINRICH, ESQ.**

                         **STEPHANIE M. CARVLIN, ESQ.**
                              111 Broadway, Suite 701
                              New York, New York 10006

Court Reporter:   Mary Agnes Drury, RPR
                  Official Court Reporter
                  Telephone: (718) 613-2615
                  Facsimile: (718) 613-2139
                  E-mail: Mad78910@yahoo.com

Proceedings recorded by computerized stenography. Transcript
produced by Computer-aided Transcription.

*Mary Agnes Drury, RPR*
*Official Court Reporter*

Jury Charge Instructions                    2010

1    Okay.  You've heard all the evidence in the case

2    and the arguments of counsel.  It's my job now to instruct

3    you on the applicable law.  You can't base your verdicts on

4    any other view of the law than the one that I give you in

5    these instructions.  If there appears to you to be any

6    difference between the law as stated by counsel in their

7    closing arguments or at any other time, and the law that I

8    give to you now, of course it's my instructions that you

9    must follow.

10   Don't single out any one of these instructions as

11   alone stating the law.  Rather, when you go back to the jury

12   room in a little while to begin your deliberations, I want

13   you to consider my instructions to you as a whole.

14   I'm going to give you instructions that --

15   generally, in three parts.  The first relates to general

16   rules about your role and the way in which you are to review

17   the evidence in the case.  The second part will address the

18   particular crimes charged in the case and the elements that

19   the government must prove beyond a reasonable doubt with

20   respect to each of the charged crimes.  And lastly, I'll

21   give you some brief instructions about the conduct of your

22   deliberations.

23   In charging you on the applicable law, let me be

24   clear that I am expressing no view about how you should

25   decide the facts of the case.  The facts of the case and the

*Mary Agnes Drury, RPR*
*Official Court Reporter*

Case 12-4724, Document 64, 11/21/2013, 993217, Page5 of 85

**A3656**

---

Jury Charge Instructions                                    2011

1   determination of the facts is left exclusively to the jury.

2   Nothing I've said or done in the course of this trial should

3   be taken by you as expressing any opinion on my part about

4   any aspect of the facts of the case, the credibility of the

5   witnesses, or the weight to be given by you to any of the

6   evidence.  You're the jury, you're the sole judges of the

7   facts in the case.

8           I'm the Judge of the law.  You must find the facts

9   in accordance with the law as I am now giving it to you.  In

10  determining the issues of fact presented in the case, it's

11  your duty as jurors to consider all the evidence before you

12  with complete impartiality and to render your verdicts

13  without bias, prejudice or sympathy as to either the

14  defendant or the government.  These parties, like all

15  parties, who bring their disputes into this Court are equal

16  before the law and you can assume that the case is important

17  to both the government and the defendant.

18          The Defendant Adis Medunjanin is before you today

19  because he's been charged with violations of federal law.

20  As I've told you before, the defendant has pleaded not

21  guilty to the charges.  That means the government must prove

22  him guilty beyond a reasonable doubt the government's burden

23  to prove a defendant guilty beyond raised never shifts to

24  the defendant.

25          A defendant in a criminal case need not call any

---

Jury Charge Instructions                    2012

1   witnesses, question any of the Government's witnesses or

2   produce any evidence.  The law presumes the defendant to be

3   innocent of all the charges and he must be presumed by you

4   to be innocent throughout your deliberations.  Only if you

5   as a jury is unanimous convinced that the defendant guilty

6   beyond a reasonable doubt will the presumption cease to

7   operate.  If the government fails to prove the defendant

8   guilty beyond a reasonable doubt, you must find him not

9   guilty.  The presumption of innocence alone is sufficient to

10  require that result.  Unless you, as jurors, are unanimously

11  convinced beyond a reasonable doubt of his guilt.

12          What is a reasonable doubt?  It's a doubt that's

13  based upon reason and common sense.  It's a doubt that a

14  reasonable person has after carefully weighing all the

15  evidence or lack of evidence.  It's a doubt that would cause

16  a reasonable person to hesitate to act in a matter of

17  importance in his or her own personal life.  Proof beyond a

18  reasonable doubt must therefore be proof of such a

19  convincing character that a reasonable person wouldn't

20  hesitate to rely and act upon it in the most important of

21  her own affairs.  A reasonable doubt is not a caprice or a

22  whim.  A reasonable doubt is not a speculation or suspicion.

23  Reasonable doubt is not an excuse to avoid the performance

24  of an unpleasant duty.  It is not sympathy.  The law doesn't

25  require that the government prove guilt beyond all possible

Case 12-4764, Document 66, 04/23/2013, 909211, Page 7 of 49

Jury Charge Instructions                    2013

1  doubt, proof beyond a reasonable doubt is sufficient to

2  convict.

3        If after a fair and impartial consideration of all

4  the evidence or lack of evidence concerning a particular

5  charge you have a reasonable doubt, it is your duty to

6  acquit the defendant of that charge.  On the other hand, if

7  after a fair and impartial consideration of all the evidence

8  you are satisfied of his guilt beyond a reasonable doubt,

9  you should vote to convict.

10        Your verdicts in the case must be based solely on

11  the evidence or lack of evidence.  The evidence in this case

12  consists of the testimony of the witnesses, both on direct

13  and cross-examination, both from this witness stand and via

14  deposition in one instance.  The evidence also consists of

15  the exhibits that have been received in evidenced and

16  stipulations by the parties that certain facts are to be

17  considered proven.  Some of the evidence was obtained

18  through the use of search warrants and wire taps.  This

19  evidence was lawfully obtained pursuant to court

20  authorization.

21        Generally speaking, the law recognizes two types

22  of evidence from which you can properly find the truth as to

23  the facts.  One is direct evidence, such as the testimony of

24  an eyewitness to an event.  The other is indirect or

25  circumstantial evidence.  Circumstantial evidence is the

| | Jury Charge Instructions | 2014 |

1   proof of a chain of circumstances that points to the

2   existence or nonexistence of some other fact or facts.

3          A simple example of circumstantial evidence that

4   we commonly use here in the courthouse is if you were to

5   suppose you came to court on a day like today; bright,

6   sunny, dry and then after several hours here in the

7   courtroom you were to see people coming through those rear

8   doors wearing wet raincoats and shaking wet umbrellas, and

9   then if you were to further suppose that Ilene closed the

10  blinds so you couldn't see outside, you wouldn't have any

11  direct evidence that the weather had changed and it had

12  begun to rain, however, you might infer that from the

13  circumstances you observed.  That's all there is to

14  circumstantial evidence.  Based on facts that you find to

15  have been proved, you draw such reasonable inferences or

16  conclusions that seem justified to you in light of your

17  experience and good judgment and common sense.

18          The law makes no distinction between direct and

19  circumstantial evidence.  You may consider both.  What the

20  law requires is that before a defendant is convicted of a

21  particular charge, that the jury be satisfied of the

22  defendant's guilt of that charge beyond a reasonable doubt

23  based on its assessment of all the evidence in the case.

24          You heard testimony that Mr. Medunjanin made

25  statements to members of law enforcement on September 14th

Case 12-4754, Document 69, 08/14/2013, 995211, Page90 of 184

A3660

```
             Jury Charge Instructions                2015

 1    and 17th of 2009, and January 7th and 8th of 2010.  There's
 2    also been evidence that the defendant retained an attorney
 3    before making some of these statements.  The legality, I've
 4    mentioned this to you during the trial, the legality of this
 5    questioning is not at issue.  The government may question
 6    someone who has agreed to answer questions, even if the
 7    person has retained an attorney.  However, in deciding what
 8    weight to give those statements, you must first examine with
 9    great care whether the statements were in fact made, and if
10    they were, whether they were made voluntarily.  I instruct
11    you that you are to give each statement such weight as you
12    feel that it deserves in light of all the evidence in the
13    case.
14          As jurors, you're the sole judges of the
15    credibility or the believability of the witnesses and of the
16    weight that the witness' testimony deserves.  You should
17    carefully scrutinize all of the testimony given, the
18    circumstances under which each witness testified, and every
19    matter in evidence that tends to show whether or not a
20    witness is worthy of your belief.  If you find that any
21    statement made by a witness from the witness stand was false
22    in whole or in part, you may disregard the particular part
23    you find to be false or you may disregard that witness'
24    entire testimony as unworthy of your belief.
25          Your decisions in this respect may depend on how
```

Jury Charge Instructions                    2016

1   the witness you're considering impressed you.  Was the

2   witness candid and forthright or on the other hand, did the

3   witness seem to be hiding something or seem to be evasive or

4   suspect in some way.  How did the witness' testimony on

5   direct examination compare with the witness' testimony on

6   cross.  Was the witness consistent in the testimony given or

7   were there contradictions.  Did the witness appear to know

8   what he or she was talking about and strike you as someone

9   who is trying to report his or her knowledge accurately.

10  How much you choose to believe any witness may be influenced

11  by any interest the witness may have in the outcome of the

12  case, or by any bias you may perceive the witness to have.

13          You heard testimony from law enforcement

14  witnesses.  The fact that a witness be employed as a law

15  enforcement officer doesn't make his or her testimony

16  deserving of more or less consideration or greater or lesser

17  weight than the testimony of a non-law enforcement witness.

18  Defense counsel may properly question the credibility of a

19  law enforcement witness.  It's your decision after reviewing

20  all the evidence whether to credit the testimony of law

21  enforcement witnesses and what weight, if any, to give such

22  testimony.

23          You heard testimony from expert witnesses; Evan

24  Kohlmann, David McCollum, Kirk Yeager.  Experts are

25  witnesses who by education or experience or training have

Case 1:17-cr-?????? Document ???? ??????? Page ?? of ???

A3662

---

Jury Charge Instructions                            2017

1    acquired learning or experience or knowledge in a science or

2    a specialized area of knowledge beyond the knowledge of the

3    average juror.  You should give the expert testimony that

4    was -- and the opinions that they rendered in this case as

5    much or as little weight as you think they deserve in light

6    of all the evidence in the case.

7              You heard the testimony of government witnesses

8    Zarein Ahmedzay and Najibullah Zazi, who pleaded guilty to

9    crimes pursuant cooperation agreements with the government.

10   These agreements are in evidence.  Now, the testimony of an

11   accomplice may be enough in itself for conviction, provided

12   the jury finds that the testimony establishes guilt beyond a

13   reasonable doubt.  On the other hand, it's also the case

14   that accomplice testimony is of such a nature that it must

15   be scrutinized with great care and viewed with particular

16   caution when you decide how much, if any, of the testimony

17   to believe.

18             I've given you some general instructions regarding

19   credibility, regarding credibility generally, and I'm not

20   going to repeat them here, but let me say a few things you

21   may want to consider during your deliberations on the

22   subject of these accomplice witnesses.

23             You should ask yourselves whether these witnesses

24   would benefit more by lying or by telling the truth.  Was

25   the particular witness' testimony made up in any way because

---

Case 15-4719, Document 66, 12/22/2016, 1935221, Page 199 of 265

Jury Charge Instructions                    2018

1    he believed or hoped that he would somehow receive favorable

2    treatment by testifying falsely.  Or did he believe that his

3    interests would best be served by testifying truthfully.

4              If you believe that the witness was motivated by

5    hopes of personal gain, such as a reduced sentence on the

6    charge or charges that the witness pled guilty to was the

7    motivation, one that would cause the witness to lie or was

8    it one that would cause him to tell the truth.  Did his

9    motivation color his testimony.  In sum, you should look at

10   all the evidence and decide what credence, what credibility

11   and what weight, if any, to give to the testimony of these

12   accomplice witnesses.

13             You heard the testimony from Zakir Khan.  The

14   Court granted this witness immunity in connection with his

15   testimony.  You may consider this grant of immunity when you

16   assess the witness' credibility, but you may not speculate

17   as to why the witness was granted immunity.  You should not

18   conclude that the witness had committed any crime just

19   because immunity had been conferred upon him.

20             The defendant didn't testify in this case.  Under

21   our Constitution a defendant has no obligation to testify or

22   present any other evidence for that matter.  As I told you

23   many times, it's the prosecution's burden to prove a

24   defendant guilty beyond a reasonable doubt.  That burden

25   remains with the prosecution at all times and never shifts

Jury Charge Instructions                    2019

1   to a defendant.  A defendant is never required to prove

2   anything let alone that he's innocent and of course he's not

3   required to testify.  You can't attach any significance to

4   the fact that the defendant chose not to testify.  He was

5   exercising one of our most fundamental constitutional

6   rights.  No adverse inference against him may be drawn by

7   you because he did not take the witness stand.  You may not

8   consider this against him in any way during your

9   deliberations.  In deed, I order you not to even discuss the

10  fact that he didn't testify during your deliberations.

11          There was testimony at trial that the attorneys

12  interviewed witnesses when preparing for and even during the

13  course of the trial.  You must not draw any unfavorable

14  inference from that.  To the contrary, attorneys are obliged

15  to prepare their cases as thoroughly and as possible.  And

16  in the discharge of that responsibility, they can properly

17  interview witnesses before the trial and as necessary

18  throughout the course of the trial.

19          You heard testimony and statements by counsel

20  about other participants in the events giving rise to the

21  charges in the case who are not defendants in the case.

22  Don't speculate about the reasons for that.  The only issue

23  in this case is whether the government has proven the

24  charges against this defendant beyond a reasonable doubt.

25          The question of the possible punishment of

Jury Charge Instructions                    2020

1   defendant should he be found guilty is of no concern to the

2   jury and it should not in any sense enter into or influence

3   your deliberations.  The duty of imposing sentence, should

4   that become necessary, rests exclusively with me, the Court.

5   Your function is to weigh the evidence in the case and to

6   determine whether or not the defendant has been proved

7   guilty beyond a reasonable doubt of the particular charge

8   you're considering solely on the basis of the evidence in

9   the case.  Under your oath as jurors you cannot allow a

10  consideration of the possible punishment to influence your

11  verdicts in any way or in any other way enter into your

12  deliberations.

13          As I told you before the first stipulation was

14  read, when the parties agree on the existence of a fact by

15  stipulating to it, you are to accept the facts that are

16  stipulated to as proven beyond a reasonable doubt.

17          All right.  Let me turn to the charges.  But

18  before I address particular charges, I want to address some

19  principles that apply throughout them or to multiple

20  charges.  One is what it means to act knowingly and

21  intentionally.  All of the charges in the case implicate

22  concepts of knowledge and intent, so let me address those up

23  front.

24          A person activities knowingly if he acts

25  intentionally and voluntarily, not because of ignorance,

Jury Charge Instructions                    2021

1   mistake, accident or carelessness.  Whether a defendant

2   acted knowingly may be proven by his or her conduct and all

3   of the facts and circumstances in the case.  A person acts

4   intentionally when he acts deliberately and purposefully.

5   That is, the defendant's acts must have been the product of

6   his subconscious objective rather than the product of

7   mistake or accident.

8          It is sufficient if the government proved that

9   defendant intentionally engaged in the conduct that the law

10  forbids.  The government is not required to prove that the

11  defendant was actually aware of the law that forbids the

12  conduct.

13         With respect to several of the counts, and I'll be

14  more particular about it later on in the charge, but with

15  respect to several of the counts, the defendant is charged

16  with aiding and abetting others to commit a crime.  With

17  respect to those charges, it's not necessary for the

18  government to show that the defendant himself physically

19  committed the crime with which he's charged in order for the

20  government to sustain its burden of proof.  The reason for

21  that is under the law a person who aids or abets another in

22  committing an offense is just as guilty of the offense as if

23  he committed it himself.

24         So with respect to certain counts; Counts 3, 7, 8

25  and 9, you may find the defendant guilty of the offense

Jury Charge Instructions                    2022

1    charged if you find beyond a reasonable doubt that the
2    government proved that another person actually committed the
3    crime that the defendant is charged with and that the
4    defendant aided and abetted that person in its commission.
5           As you can see with respect to aiding and abetting
6    liability, the government must first prove beyond a
7    reasonable doubt that another person actually committed the
8    crime charged.  Obviously, a defendant can't be convicted of
9    aiding or abetting in criminal acts of another if the
10   government has failed to prove that the crime was committed
11   by the other person in the first place.
12          But if you do find that the crime in question was
13   committed, then you must consider whether the defendant
14   aided or abetted the commission of the crime.  In order for
15   you to find that the defendant aided or abetted another in
16   committing a particular crime, the government must prove
17   beyond a reasonable doubt first, that the defendant
18   knowingly associated himself in some way with the crime and
19   second, that he participated in the crime by doing some act
20   to help make the crime succeed.  To establish that the
21   defendant knowingly associated himself with the crime, the
22   government must prove that the defendant acted knowingly and
23   intentionally.  To establish that the defendant participated
24   in the commission of the crime, the government must prove
25   that the defendant engaged in some affirmative conduct or

Jury Charge Instructions                    2023

1    overt act for the specific purpose of bringing about the

2    crime.

                    (Continued on the next page.)

                            *****

2024

CHARGE

1  THE COURT:  It is important to understand that the mere

2  presence of a defendant where a crime is being committed,

3  even coupled with knowledge by the defendant that the crime

4  is underway, or mere association with others who are

5  committing a crime, is not sufficient to establish aiding and

6  abetting.  A person who has no knowledge that a crime is

7  being committed or about to be committed would inadvertently

8  do something that aids in the commission of a crime, is not

9  an aider and abettor.  An aider and abettor must know that

10  the crime is being committed and act in some way that is

11  intended to bring about the success of the criminal venture.

12  In determining with respect to a particular charge that you

13  are considering whether the defendant aided or abetted the

14  commission of a crime charged, ask yourselves these

15  questions:  Did he participate in the crime charged is

16  something that he wanted to bring about?  Did he knowingly

17  associate himself with the criminal venture?  Did he seek by

18  his actions to make the criminal venture succeed?  If he did

19  all of those things, then the defendant is an aider and

20  abettor and therefore guilty of the offense.  On the other

21  hand, if your answer to any of those questions is "no," then

22  the defendant is not an aider and abettor and you must find

23  him not guilty

24  So I described for you the mental state of acting knowingly

25  and acting intentionally, and given you instructions

2025

CHARGE

1    regarding what it means to aid and abet an offense.

2    Let me turn now to the specific charges.  I emphasize that

3    you must consider the evidence separately with respect to

4    each count.  You will be asked to render a separate verdict

5    on each count, and I will provide you with a verdict sheet

6    that will assist you in doing so.

7    By way of overview, the defendant is charged with nine

8    crimes:  conspiracy to use weapons of mass destruction, Count

9    One; conspiracy to commit murder in a foreign country, Count

10   Two; providing material support to a foreign terrorist

11   organization is Count Three; conspiring to provide material

12   support to a foreign terrorist organization is Count Four; -

13   and again I will give you a verdict sheet that has these

14   denominators, which charge is associated with which count -

15   receiving military-type training from a foreign terrorist

16   organization is Count Five; conspiracy to commit an act of

17   terrorism transcending national boundaries is Count Six;

18   attempt to commit an act of terrorism transcending boundaries

19   is Count Seven; then there are two charges of using a firearm

20   and/or destructive device during and in relation to a crime

21   of violence, those are Counts Eight and Nine.

22   As I mentioned, you will render separate verdicts on each

23   count

24   Now, as you consider each count, the only question for you to

25   answer will be whether the government has carried its burden

E. Guerina, CSR

                                                          2026
                              CHARGE

1   of proving the elements, or ingredients, of that count beyond

2   a reasonable doubt.  I want to emphasize at the outset of

3   these instructions to you about the elements of the charged

4   crimes, that there's never any permissible substitute for

5   guilt beyond a reasonable doubt of the elements of the charge

6   you are considering.  This defendant is not on trial for

7   harboring extremist views, religious or political, and if you

8   find that he harbored such views, you cannot allow that to

9   act as a substitute for proof beyond a reasonable doubt of

10  the elements of any of the charges.  Similarly, he's not on

11  trial for associating with or being friends with people who

12  have admitted to acts of terrorism.  That his associates pled

13  guilty to some of the offenses with which this defendant is

14  charged says nothing about whether the defendant is himself

15  guilty of the crimes charged.  Guilt is personal, and you

16  cannot consider the witnesses' pleas of guilty as evidence

17  against this defendant.

18  I will instruct you first on Count Two which charges

19  Conspiracy to Commit Murder in a Foreign Country

20  Specifically, it charges that between January 2008 -- and, by

21  the way, when I give you dates, they are just approximate.

22  The government doesn't need to prove dates with precision.

23  Approximate dates will due.  Count Two charges that between

24  January of 2008 and September of 2008, the defendant,

25  together with others, knowingly and intentionally conspired

2027

CHARGE

1  to commit murder and maiming outside the United States.

2  You can't find the defendant guilty of this count unless the

3  government proves the following elements beyond a reasonable

4  doubt:

5  First, that during that time period, there was a conspiracy

6  to commit murder in a foreign country;

7

8  Second, the government must prove beyond a reasonable that

9  the defendant, Adis Medunjanin, at that time was a member of

10  that conspiracy, knowing what its goal was and intending by

11  his actions to help the conspiracy achieve that goal;

12          Third element is that the defendant knowingly joined

13  the conspiracy while he was in the United States; and

14          Fourth, the government must prove beyond a

15  reasonable doubt that at least one conspirator, not

16  necessarily the defendant, committed at least one overt act

17  in furtherance of the conspiracy.

18  Let me elaborate a little on these four elements of the Count

19  Two.

20  The first two, what it means to prove a conspiracy and what

21  it means to prove that the defendant became a member of the

22  charged conspiracy, those are the first two elements

23  respectively of this Count Two, these principles apply to

24  each of the conspiracy counts.  So I will instruct you in

25  full on them now with respect to this first charge that I'm

2028

CHARGE

1  charging you about this Count Two, and later on when I

2  discuss with you the elements of other conspiracies with

3  which the defendant is charged, I'm just going to tell you to

4  remember these instructions and follow in connection with

5  those charges as well.  Okay?  I will not repeat them each

6  time a conspiracy charge is discussed with you.

7  So the first element of this Count Two is that the government

8  must prove beyond a reasonable doubt that two or more people

9  entered into the unlawful agreement charged in Count Two; it

10  is an agreement to commit murder in a foreign country.  One

11  person can't commit the crime of conspiracy alone.  Rather,

12  the proof must convince you that at least two people joined

13  together in a common criminal scheme.  Now, the government

14  doesn't need to prove an express or formal agreement.  It

15  need not prove that the alleged conspirators got together and

16  stated in words or in writing what the scheme was, its object

17  or purpose, or the means by which it was to be accomplished.

18  It is sufficient if the proof establishes that the

19  conspirator tacitly came to a mutual understanding to

20  accomplish an unlawful act by means of a joint plan or a

21  common design

22  Since a conspiracy is, by its very nature, characterized by

23  secrecy, direct proof may not be available.  You may,

24  therefore, infer the existence of a conspiracy from the

25  circumstances of the case and from the conduct of the parties

2029

CHARGE

1   involved.  In a very real sense, in the context of a

2   conspiracy charge, actions often speak louder than words.

3   You may, in determining whether an agreement existed here,

4   consider the actions and statements of all of those you find

5   to be participants as proof that a common design existed to

6   act together for the accomplishment of the unlawful purpose

7   stated in the indictment, in the charge you are considering.

8   Now, the second element that the government has to prove

9   beyond a reasonable doubt with respect to Count Two is that

10  the defendant became a member of the charged conspiracy with

11  knowledge of its criminal goal or goals and intending by his

12  actions to help it succeed.  I have already explained to you

13  what it means to act knowingly and intentionally.  However,

14  in the context of the conspiracy charges that you will

15  consider in this case, I want to stress that merely being

16  present at a place where criminal conduct is underway does

17  not make a person a member of a conspiracy to engage in that

18  criminal conduct.  This is true even if the person knows that

19  a crime is being committed.  Similarly, the fact that a

20  person, without knowledge that a crime is being committed,

21  merely happens to act in a way that furthers the purposes or

22  objectives of the conspiracy, does not make that person a

23  conspirator.  More is required under law.  What is required

24  is that a defendant must have participated with knowledge of

25  at least some of the purposes or objectives of the conspiracy

                                                              2030
                            CHARGE

1    and with the intention of aiding in the accomplishment of
2    those unlawful acts.
3    In sum, a defendant, with an understanding of the unlawful
4    character of the conspiracy, must be proved beyond a
5    reasonable doubt have intentionally engaged, advised or
6    assisted in it for the purpose of furthering the illegal
7    undertaking.
8              Now, the extent of a defendant's participation in
9    a conspiracy doesn't have any bearing on the issue of guilt.
10   Each member of the conspiracy may perform separate and
11   distinct acts and may even perform them at different times.
12   Some play major roles, while others play minor roles in the
13   scheme.  A defendant need not have known the identity of each
14   and every member of the scheme.  He need not have been fully
15   informed as to all of the details or the scope of the
16   conspiracy.  He need not have been a member of the conspiracy
17   for the entire time of its existence.  The key inquiry is
18   simply whether the defendant joined the conspiracy charged
19   with an awareness of at least some of the basic aims and
20   purposes of the unlawful agreement and with the intent to
21   help it succeed.
22             The third element the government has to prove beyond
23   a reasonable doubt with regard to Count Two is that the
24   defendant joined the conspiracy while he was within the
25   United States.

2031

CHARGE

1      Finally, the fourth element has to be proved beyond

2  a reasonable doubt with regard to charge two, Count Two, is

3  that the defendant or a coconspirator committed at least one

4  overt act in furtherance of the conspiracy.  The indictment

5  charges the following overt acts as ones that were committed

6  within the United States and in furtherance of the object of

7  the conspiracy.  They are:

8      First, in July or August of 2008, in Queens, New

9  York, the defendant Adis Medunjanin, together with Najibullah

10  Zazi and Zarein Ahmedzay, attempted to recruit Zakir Khan to

11  travel overseas with them to wage violent jihad.

12      The second charged overt act is on or about August

13  28, 2008, the defendant, Najibullah Zazi and Zarein Ahmedzay

14  traveled from Queens, New York to Newark Liberty

15  International Airport in Newark, New Jersey.

16      The third overt act alleges that on or about August

17  28, 2008, the defendant, Najibullah Zazi and Zarein Ahmedzay

18  boarded a flight at Newark Liberty International Airport to

19  fly from Newark, New Jersey to Doha, Qatar and Peshawar,

20  Pakistan.

21      An overt act, standing alone, may itself be

22  innocent, may be itself a lawful act, and it does not have to

23  itself constitute an objective of the conspiracy.  But an

24  apparently innocent act can shed its harmless character if it

25  is a step in carrying out a conspiracy.  You are therefore

**A3677**

CHARGE

1    instructed that all the government is required to prove in

2    this regard is the overt act, not that the overt act was

3    itself criminal.

4         Those are the elements of Count Two.

5         Let me turn to Count Three, which charges the

6    defendant with Providing Material Support to a Foreign

7    Terrorist Organization.

8         Specifically, it alleges that between September of

9    2008 and January 2010, the defendant and others knowingly and

10   intentionally provided material support and resources to a

11   foreign terrorist organization, specifically al-Qaeda.

12        You may not find the defendant guilty of Count

13   Three, unless the government has proven beyond a reasonable

14   doubt the following elements:

15        First, that the defendant provided material support

16   or resources;

17        Second, that the defendant provided such support or

18   resources to a foreign terrorist organization, specifically

19   al-Qaeda;

20        The third element the government must prove beyond a

21   reasonable that the defendant acted knowingly and

22   intentionally; and

23        Fourth, the government must prove beyond a

24   reasonable doubt that the defendant is a national of the

25   United States.

2033

CHARGE

1      With respect to the first element, the government
2  has to prove beyond a reasonable doubt that the defendant
3  provided material support or resources.  This law does not
4  prohibit being a member of a designated group.  Nor does it
5  prohibit advocating the political goals of a designated
6  group.  What is prohibited is an act of giving material
7  support.  Material support or resources can take the form of
8  money or personnel, and personnel can include offering one's
9  personal services, that is, agreeing to work under the
10 direction and control of al-Qaeda.
11      The second element the government has to prove
12 beyond a reasonable doubt with respect to Count Three is that
13 the defendant provided these resources to al-Qaeda, and that
14 al-Qaeda had at the time been designated a foreign terrorist
15 organization by the United States Secretary of State.  I
16 instruct you that al-Qaeda was designated a foreign terrorist
17 organization by the United States Secretary of State on
18 October 8, 1999.
19      The third element that must be proved beyond a
20 reasonable doubt is that in providing material support or
21 resources to al-Qaeda, the defendant did so knowingly and
22 intentionally.  I explained to you the definitions of these
23 mental states, and you will follow those instructions here.
24 For this element to be satisfied, the government must prove
25 beyond a reasonable doubt that the defendant knew that

2034

CHARGE

 1   al-Qaeda had been designated by the Secretary of State as a

 2   foreign terrorist organization, or that he knew that al-Qaeda

 3   engaged in terrorist activity, or that he knew that al-Qaeda

 4   was engaged in terrorism.

 5          Let me briefly define those phrases for you and the

 6   terms.

 7          "Terrorist activity" includes hijacking or sabotage

 8   of an aircraft, vessel, vehicle, train or other conveyance;

 9   seizing, detaining or threatening to kill, injure or further

10   detain another person to compel or coerce some third party,

11   including a government, to do something or not do something;

12   a violent attack upon an internationally protected person,

13   including employees and officials of governments or

14   international organizations; assassination; and the use of

15   any explosive, firearm, or other weapon or dangerous device,

16   other than for monetary gain and with the intent to endanger

17   the safety of one or more individuals or to cause substantial

18   damage to property.  The term "terrorism" means premeditated,

19   politically motivated violence against noncombatant targets

20   by sub-national groups or clandestine agents.

21          As for the fourth element, the government has to

22   prove beyond a reasonable doubt that the defendant is a

23   national, meaning a citizen of the United States.

24          Now, one of the crimes which the defendant is

25   charged with is aiding and abetting others.  So if you find

A3680

```
                                                              2035
                              CHARGE
 1   that the government has proven beyond a reasonable doubt both

 2   that someone else committed this crime and that the defendant

 3   aided and abetted that some other person in doing so, you may

 4   find the defendant guilty on that basis.  And you will

 5   consider the instructions I have already given you regarding

 6   what constitutes aiding and abetting liability.

 7           Count Four charges Conspiracy to Provide Material

 8   Support to a Foreign Terrorist Organization by Adis

 9   Medunjanin and others between 2008 and January 2010.  In

10   plain English, Count Four alleges that the defendant

11   conspired with others to commit the crime charged in Count

12   Three on which I just instructed you.

13           You can't find the defendant guilty of Count Four,

14   unless you find that the government has proven beyond a

15   reasonable doubt the following three elements:

16           First, the government has to prove beyond a

17   reasonable doubt the charged conspiracy - in this instance an

18   agreement to provide material support or resources to

19   al-Qaeda.

20           Second, the government has to prove beyond a

21   reasonable doubt that the defendant knowingly and

22   intentionally became a member of that charged conspiracy,

23   knowing that its goal was to provide material support or

24   resources to al-Qaeda and intending by his actions to help it

25   achieve that goal.
```

Case 1:15-cr-00588-ER Document 75-1 Filed 10/03/16 Page 30 of 49
Case 15-4724, Document 69, 12/12/2016, 1932217, Page198 of 185

A3681

2036

CHARGE

1        The third element with regard to this Count Four is

2   that the government has to prove beyond a reasonable doubt

3   that the defendant was a national of the United States.

4        Now, I told you this was coming.  With regard to the

5   first two elements of this charge, I have already instructed

6   you on the attributes of a conspiracy, and what it means for

7   a defendant to become a member of the conspiracy.  Those two

8   elements need to be proved with regard to the conspiracy

9   charged in this count beyond a reasonable doubt.  You will

10  follow the instructions I have already given you with regard

11  to those elements.  I remind you that the government must

12  prove the charged conspiracy and that the defendant became a

13  member of the charged conspiracy beyond a reasonable doubt.

14  As I mentioned to you earlier, mere association with others

15  who are committing the crime, even with knowledge that they

16  are committing it, is not sufficient to establish membership

17  in a conspiracy to commit that crime.

18       As for the last element of this charge, the third

19  element, the government must prove beyond a reasonable doubt

20  that the defendant is a national, meaning a citizen, of the

21  United States.

22       Count Five charges the defendant with receiving

23  military-type training from a foreign terrorist organization,

24  between September 2008 and October 2008, within the

25  extraterritorial jurisdiction of the United States.  You

2037

CHARGE

1    can't find the defendant guilty of this charge, unless you

2    find that the government has proved the following elements

3    beyond a reasonable doubt:

4            First, that the defendant received military-type

5    training from a designated foreign terrorist organization,

6    specifically in this case al-Qaeda.  Military-type training

7    includes training in means or methods that can cause death or

8    serious bodily injury or damaged property or training on the

9    use, production or assembly of an explosive firearm or other

10   weapon.

11           The second element of this Count Five, there must be

12   proof beyond a reasonable is that the defendant received this

13   military-type training knowingly and intentionally, that is,

14   he knew that al-Qaeda has been designated ago a foreign

15   terrorist organization or that al-Qaeda engaged in terrorist

16   activity or that al-Qaeda engaged in terrorism.  I already

17   defined all of those terms for you

18           The third element of Count Five that must be proved

19   beyond a reasonable doubt is the defendant a national of the

20   United States, meaning a citizen of the United States.

21           Count One charges the defendant and others with

22   during the periods between September 2008 and September 2009,

23   conspiring to use one or more weapons of mass destruction,

24   specifically explosives against persons and property within

25   the United States.  And with using e-mail and the Internet in

Case 1:15-cr-00588-ER   Document 75-1   Filed 10/03/16   Page 32 of 49
Case 15-4724, Document 69, 12/05/2016, 1932217, Page 198 of 185

A3685

2038

CHARGE

1   furtherance of the offense, traveling in interstate and

2   foreign commerce in furtherance of the offense, and agreeing

3   to commit an offense that would have affected interstate or

4   foreign commerce.

5         You may not find the defendant guilty of this charge

6   unless you find the government has proved the following

7   elements beyond a reasonable doubt:

8         First, that the charged conspiracy in this setting

9   an agreement to use weapons of mass destruction against

10  persons and property within the United States in fact existed

11        I already told you what a con and is a and what the

12  government must prove to establish a conspiracy and you will

13  follow those instructions here as well.  I should also tell

14  you that the term weapon of mass destruction has its ordinary

15  mean ago destructive device, including any explosive bomb or

16  similar device.

17        The second element the government must prove beyond

18  a reasonable doubt to this Count One charges conspiracy to

19  use weapons of mass destruction is that the defendant became

20  a member of that charged conspiracy with knowledge of its

21  criminal goal and intending by his actions to help it

22  succeed.

23        (Continued on the next page.)

24

25

Jury Charge Instructions                              2039

1          THE COURT:  I've already instructed you on this as

2     well and what it means to become a member of a conspiracy.

3     You'll follow those instructions in this setting as well.

4          The third element the government must prove beyond

5     a reasonable doubt is at least one of the following three

6     jurisdictional elements we call them.  One, that the mail or

7     any facility of interstate of foreign commerce was used to

8     further the offense or second, that any of the conspirators

9     traveled in or caused another to travel in interstate or

10    foreign commerce to further the offense or third, that the

11    offense, if committed, would have affected interstate or

12    foreign commerce.

13         The term interstate commerce includes any movement

14    or transportation of people or goods or merchandise or money

15    from one state to another state; the District of Columbia or

16    any commonwealth territory or possession of the United

17    States.  The term facility of interstate commerce includes

18    means of transportation and communication, such as

19    interstate telephone or interstate communications.  Foreign

20    commerce includes commerce between the United States and any

21    foreign country.

22         Count six charges another conspiracy, the

23    conspiracy to commit an act of terrorism transcending

24    national boundaries between September of 2008 and January of

25    2010.

Jury Charge Instructions                    2040

1        The defendant and others are charged with agreeing

2   or conspiring to kill, maim, commit an assault resulting in

3   serious bodily injury to, an assault with a dangerous weapon

4   to one or more persons within the United States, and that

5   e-mail and the internet were used in furtherance of the

6   offense, and that the offense, if committed would have

7   affected interstate and foreign commerce.

8        In order to find the defendant guilty of

9   count six, you must find the government has proved beyond a

10  reasonable doubt the following five elements.  First, that

11  the charged conspiracy in this setting, a conspiracy to

12  kill, maim, commit an assault resulting in serious bodily

13  injury or assault with a dangerous weapon, one or more

14  persons within the United States existed.  So the government

15  has to prove with respect to all conspiracy charges, must

16  prove in the first -- as the first element, that the charge

17  conspiracy in fact existed.

18       The second element the government must prove

19  beyond a reasonable doubt with regard to all these

20  conspiracy charges is that the defendant knowingly and

21  intentionally became a member of the charged conspiracy,

22  knowing its goals, and intending by his actions to help

23  achieve that goal.  I've already instructed you with regard

24  to these elements, you'll follow those instructions in this

25  setting as well.

Jury Charge Instructions                                    2041

1          Third, with regard to this charge in count six,

2     the government must prove beyond a reasonable doubt that the

3     offense involved conduct both inside and outside the United

4     States.   Fourth, the government has to prove beyond a

5     reasonable doubt that e-mail or the internet was used in

6     furtherance of the offense or that the offense if committed

7     would have affected interstate or foreign commerce.  I've

8     already defined those terms for you and you'll follow those

9     instructions in this setting as well.

10         Fifth, the government must prove beyond a

11    reasonable doubt that at least one conspirator, not

12    necessarily the defendant, committed at least one overt act

13    in the United States in furtherance of the charge of

14    conspiracy. The indictment charges the following overt acts.

15         Can I see counsel at sidebar?

16         (Continued on the next page.)

17

18

19

20

21

22

23

24

25

```
                              Sidebar                           2042

 1              (Sidebar bench conference begins.)

 2              THE COURT:  Why don't we say at least one overt

 3    act in the United States and then other overt acts are not

 4    in the United States.

 5              MR. BITKOWER:  The statute requires conduct in

 6    both the United States and outside the United States, it

 7    doesn't specifically say where the overt acts need to take

 8    place.  I think you already said, your Honor, that it

 9    requires conduct both inside and outside the United States,

10    so I think that element is expressed, and the other elements

11    is overt act.  I don't think that's necessary here in the

12    United States, these four words, unless counsel disagrees.

13              MS. CARVLIN:  No, we don't disagree that you have

14    to commit conduct both in the United States and outside the

15    United States, I'm wondering if it's clear to the jury

16    without the overt acts you're not suggesting not stating

17    overt act.

18              MR. BITKOWER:  I'm suggesting take out the four

19    words in used on page 23.

20              MS. CARVLIN:  That's correct.

21              THE COURT:  All right.

22              MR. BITKOWER:  Thank you, your Honor.

23              (End of sidebar bench conference.)

24              (Continued on the next page.)

25
```

Jury Charge Instructions                    2043

1           THE COURT:  Sorry.  You thought the sidebars were

2    over, right?  You thought wrong.

3           Let me restate this fifth element of count six.

4    Conspiracy to commit an act of terrorism transcending

5    national boundaries.  The fifth element that must be proved

6    beyond a reasonable doubt is that at least one conspirator,

7    not necessarily the defendant, committed at least one overt

8    act in furtherance of the conspiracy.

9           The indictment charges the following overt acts.

10   First, in or about September 2008 a person known as Ahmad

11   and Zahid transported the defendant, Najibullah Zazi and

12   Zarein Ahmedzay to Waziristan so they could receive military

13   training from al-Qaeda.

14          Second, in or about and between September and

15   December of 2008 Adnan el Shukrijumah, together with others,

16   including a person known as Abdul Hafeez, Abdul Hafidh and

17   Saleh al-Somati recruited and directed the defendant, Zazi

18   and Ahmedzay to conduct a terrorist attack in the US.

19          Third, on or about December 25th, the defendant

20   Adis Medunjanin boarded a flight and Peshawar, Pakistan and

21   ultimate destination of Newark Liberty International Airport

22   in Newark, New Jersey.

23          Fourth, in or about November of 2008 a person

24   known as Ahmad and Zahid transported Zazi to Waziristan so

25   that he could receive explosive training from al-Qaeda.

Jury Charge Instructions                    2044

1        Fifth, on or about January 15, 2009, Zazi boarded

2    a flight in Peshawar, Pakistan with a ultimate destination

3    of Newark, New Jersey.

4        Sixth, on or about January 22nd, 2009 Ahmedzay

5    boarded a flight in Pakistan with an ultimate destination of

6    Newark, New Jersey.

7        Seven, on or about January 7th, 2010, the

8    defendant, while located Queens, telephoned 911 from a

9    cellar telephone and stated to the operator, we love death.

10       And eight, on or about January 7th, 2010 the

11   defendant intentionally crashed his car on the Whitestone

12   Expressway in Queens with the intent of killing himself and

13   one or more others.

14       Count seven charges an attempt to commit an act of

15   terrorism transcending national boundaries.  So count seven

16   charges an attempt to commit the same crime that count six

17   charges the defendant with conspiring to commit, all right.

18       Specifically, it charges that between September of

19   2008 and January of 2010 the defendant attempted to kill,

20   maim, commit an assault resulting in serious bodily injury

21   and assault with a dangerous weapon, one or more persons

22   within the United States, and that the e-mail and internet

23   were used in furtherance of the offence.  And the offense,

24   if committed, would have affected interstate and foreign

25   commerce. You can't find the defendant guilty of this

Jury Charge Instructions                          2045

1   charge, this count seven, unless you find the government has

2   proved the following elements beyond a reasonable doubt.

3          First, that the defendant attempted to kill, maim,

4   commit an assault resulting in serious bodily injury to or

5   assault with a dangerous weapon one or more persons within

6   the United States.

7          Second, the government -- that the government must

8   prove beyond a reasonable doubt that the offense involved

9   conduct both inside and outside the United States.

10         Third, the government must prove beyond a

11  reasonable doubt that e-mail or the internet was used to

12  further the offense or that the offense, if committed, would

13  have affected interstate or foreign commerce.

14         With respect to the first element, I instruct you

15  that in order to prove an attempt, the government must prove

16  beyond a reasonable doubt that the defendant intended to

17  commit the underlying crime.  And second, he thereafter took

18  a substantial step towards its commission.  A substantial

19  step is one that strongly corroborates a defendant's intent

20  to commit a crime.  A mere intention to commit a crime

21  doesn't amount to an attempt to commit one, nor is it a

22  variable agreement without more sufficient to establish

23  intent.

24         Rather, what the law calls a substantial step must

25  be taken, and a substantial step is something more than mere

Jury Charge Instructions                    2046

1    preparation; yet, it may be less than the last act necessary

2    before the actual commission of the crime.  It's essential

3    that the government prove beyond a reasonable doubt that the

4    defendant, with the intent of committing the particular

5    criminal act, do some outward objective action, which in the

6    ordinary course of things will result in the commission of

7    the crime charged.

8           With respect to the second and third elements,

9    which are the -- the second element is that the offense

10   involved conduct both inside and outside the United States.

11   And the third element is that the government must prove

12   beyond a reasonable doubt that e-mail or internet was used

13   in furtherance of the offense or that the offense would have

14   committed -- excuse me, the offense, if committed, would

15   have affected interstate or foreign commerce.  I already

16   instructed you on that, you'll follow those instructions

17   here as well.

18          This is one of the offenses with which the

19   defendant is charged with aiding and abetting.  So if you

20   find that the government has proven beyond a reasonable

21   doubt that someone else attempted to commit an act of

22   terrorism transcending national boundaries and applying the

23   instructions I've already given you that the defendant aided

24   and abetted that offense, you may find him guilty provided

25   you conclude the government has established those things

Case 1:15-cr-00588-ER Document 75-4 Filed 10/03/16 Page 41 of 49
Case 1:15-cr-00588-ER Document 75-4 Filed 10/03/16 Page 41 of 49
A3692

```
                    Jury Charge Instructions                2047
```

1  beyond a reasonable doubt.

2         Count eight and nine charge use of a firearm

3  and/or destructive device.  Count eight charges that between

4  September of 2008 and January 2010 the Defendant Adis

5  Medunjanin knowingly and intentionally used and carried one

6  or more firearms during and in relation to one or more

7  crimes of violence; specifically, counts two and count five.

8  You'll see on the verdict sheet with respect to counts eight

9  and nine, that you're only to consider them.  Both of these

10 counts allege the use of a firearm or destructive device or

11 both during and in relation to a crime of violence.

12        So you'll see on the verdict sheet an instruction

13 that you're only to consider the count if the underlying

14 crime of violence or crimes of violence are ones that the

15 government has proven beyond a reasonable doubt.  So you'll

16 only consider count eight, for example, if you find the

17 government has -- you found the defendant guilty of count

18 two or count five, okay, or both, and you'll see these

19 instructions on the verdict sheet.

20        Count eight charges that the government used and

21 carried one or more firearms during and in relation to count

22 two, which is conspiracy to commit murder in a foreign

23 country.  And count five, which is receipt of military type

24 training from a foreign terrorist organization and that he

25 knowingly and intentionally possessed such firearm or

Jury Charge Instructions                    2048

1   firearms in furtherance of those crimes.  And the government

2   further alleges that the defendant discharged one or more

3   such firearms and that one or more of the firearms

4   discharged was a destructive device.

5        You can't find the defendant guilty of count eight

6   unless you find that government has proved beyond a

7   reasonable doubt the following elements.

8        First, the government must prove beyond a

9   reasonable doubt that during and in relation to the

10  commission of the crime charged in count two and/or the

11  crime charged in count five, the defendant used or carried a

12  firearm or possessed a firearm in furtherance of one of the

13  crimes.

14       Second, the government must prove beyond a

15  reasonable doubt that the defendant acted knowingly and

16  intentionally.  I've already instructed you on what it means

17  to act knowingly and intentionally, you'll apply those

18  instructions here as well.

19       If you find that the government has proven both of

20  those elements beyond a reasonable doubt, you should find

21  the defendant guilty of count eight.  Of course, if you

22  conclude with respect to any count that the government has

23  failed to prove the elements beyond a reasonable doubt, you

24  must find the defendant not guilty.

25       If you do find guilt on count eight, you must

Jury Charge Instructions                                   2049

1   further determine whether the government -- and you'll see

2   this on the verdict sheet as well -- you must further

3   determine whether the government has proven beyond a

4   reasonable doubt that one or more of the firearms involved

5   in the offense was discharged.

6           And then a second question on the verdict sheet is

7   -- asks you whether the government has proved beyond a

8   reasonable doubt that one or more of the firearms involved

9   in the offense was a destructive device.  A destructive

10  device is defined as any exclusive bomb or grenade or

11  similar device.

12          Here as well the defendant is charged with aiding

13  and abetting liability.  That is, with aiding and abetting

14  others in the commission of the offense.  So if you find the

15  government has proven beyond a reasonable doubt that someone

16  else committed this offense and that the defendant aided and

17  abetted that person, you may find the defendant guilty on

18  that basis.

19          Count nine charges that between November 2008 and

20  September 2009 the defendant knowingly and intentionally

21  used and carried one or more firearms during and in relation

22  to one or more crimes of violence; specifically, count one,

23  count three, count four, count six, and count seven.

24          I've already instructed you on the elements what

25  it means to use and carry a firearm or destructive device

Jury Charge Instructions                    2050

1    during and in relation to the crime of violence, it's the

2    same elements with regard to count eight.  The only

3    difference between this count and count eight is that this

4    count relates to different underlying crimes.  Because

5    count nine charges the use of possession of a destructive

6    device in connection with the five prior counts that I

7    mentioned, you'll consider count nine only if you found the

8    defendant guilty of one or more of those five counts.

9    Again, you'll see this on the verdict sheet as well.

10           You can't find the defendant guilty unless you

11   find that the government has proven beyond a reasonable

12   doubt that the defendant during and in relation to at least

13   one of those enumerated crimes of violence used or carried a

14   destructive device or possessed a destructive device in

15   furtherance of one of the crimes.

16           Here again, the government's charge is aiding and

17   abetting liability.  So if you find that the government has

18   proved that someone else committed the offense and also

19   proved beyond a reasonable doubt that the defendant aided

20   and abetted that other person in the commission of the

21   offense, you may find the defendant guilty.

22           Also, and only with respect to this count nine,

23   you may consider another form of -- another theory of

24   liability.  Specifically, even if you conclude that the

25   defendant did not himself personally commit the crime or did

```
              Jury Charge Instructions              2051
```

1   not aid and abet the offense is another method by which you

2   may -- another method you may consider in determining

3   whether the government has proved him guilty beyond a

4   reasonable doubt.

5           Specifically, if you find beyond a reasonable

6   doubt that the defendant was a member of one or more of the

7   charged conspiracies in count one or four or six, then you

8   may also, but you're not required to, find him guilty of

9   count nine provided that you find beyond a reasonable doubt

10  each of the follow elements.

11          First, that someone else specifically Zazi or

12  Ahmedzay committed the crime charged in count nine.

13          Second, that the person or persons who actually

14  committed the crime charged in count nine were members of

15  the conspiracy or the conspiracies that you found to have

16  existed.

17          Third, that the crime charged in count nine was

18  committed pursuant to a common plan and understanding you

19  found to exist among the conspirators.

20          Fourth, that the defendant was a member of the

21  conspiracy or conspiracies at the time the issue count nine

22  was committed, the crime charged in count nine was

23  committed.

24          And fifth, that the defendant could have

25  reasonably foreseen that the crime charged in count nine

Jury Charge Instructions                                    2052

1   might be committed by his coconspirators.  This is known as

2   Pinkerton Liability.

3          If you find that all five of these elements are

4   proved beyond a reasonable doubt, you can find the defendant

5   guilty of count nine, even if he did not personally

6   participate or aid and abet in the acts constituting the

7   crime, and even if he did not have actual knowledge of it.

8          You'll be happy to hear that I'm done charging you

9   on the elements of the offenses.  And I want to turn briefly

10  to what you'll commence in a few minutes, which is your

11  deliberations.

12         You need a foreperson.  Typically, the default

13  rule is juror number one acts as foreperson, but that's not

14  binding on you, you're free to chose another juror to act as

15  foreperson, but you need a foreperson in order for your

16  deliberations to proceed in an orderly way.  Obviously, your

17  foreperson's vote is entitled to no greater weight than the

18  vote of any other juror.

19         I remind you that your function is to reach a fair

20  conclusion based on the evidence in the case within the

21  framework of the law as I've given it to you.  It's

22  obviously a very important function.  Your verdicts in the

23  case must be unanimous.  After the verdicts are announced,

24  I'm going ask each of you individually whether the verdicts

25  announced are your verdicts.  From now on when you return to

Jury Charge Instructions                    2053

1   the jury room, I'm not going to say don't discuss the case.

2   Now, it's your job to discuss the case.  It's your duty, as

3   jurors to consult with one another, to listen to your fellow

4   jurors, to deliberate with a view towards reaching agreement

5   on your verdicts, provided you can do so without violating

6   your individual judgment and conscience.

7        In the course of your deliberations no one should

8   surrender a conscientious belief as to what the truth is and

9   what the weight and the effect of the evidence is, and each

10  of you has to decide the case for yourselves, not simply

11  acquiesce in the conclusions of your fellow jurors.  On the

12  other hand, I do ask you to examine the issues in the case

13  and the evidence before you with candor, with an open mind,

14  with frankness, with the appropriate degree of deference to

15  the views of each other.  Listen to each other.  Discuss the

16  evidence in the case.  Don't hesitate to change your

17  opinions during deliberations if you are convinced they are

18  wrong.  Remember that the parties and the Court are relying

19  upon you to give a full and conscientious deliberation and

20  consideration to the issues in evidence before you.  Only by

21  doing so will you carry out to the fullest your oath as

22  jurors, which is to well and truly try the issues in the

23  case and to render true verdicts.

24       If you need to communicate with me during your

25  deliberations, send me a note signed by your foreperson or

Jury Charge Instructions                    2054

1   by one or more members of the jury.  Nobody should attempt

2   to communicate with me or any member of my staff except in

3   such a signed writing.  And I won't communicate with you on

4   any subject touching on the merits of case other than in

5   writing after consulting with counsel or orally here in open

6   court again, after consulting with counsel.

7           If you want to have any of the testimony re-read,

8   just say so in a note.  If that happens, be as specific as

9   you can in those notes.  Tell us which witness or witness'

10  testimony you want to hear; and if you only want to hear

11  part of it, tell us which part.  Most important in this

12  regard be patient while we find what you ask for in the

13  record.  It always takes longer to find the testimony a jury

14  wants read back than a jury thinks it should, so be patient,

15  don't think we've ignored your request for a read back of

16  testimony if we haven't either called you back in to hear

17  the testimony or sent a transcript of the testimony into the

18  jury room.

19          If you need me to repeat any of these legal

20  instructions, just say so.  If you need clarification of any

21  of them, just say so in a note.  I'll consult with counsel

22  and do the very best I can to provide you with the

23  clarification you seek.

24          If you want to see any of the exhibits that were

25  received in evidence, just say so in a note and we'll send

Jury Charge Instructions                    2055

1   them into the jury room for your inspection.  If you want to

2   hear any of the recorded conversations, just say so, we'll

3   bring you back in here and play the for you.

4          When you've reached your verdicts send me a note

5   signed by your foreperson that says simply, "The jury has

6   reached its verdicts."  Don't tell us what the verdicts are

7   and during the course of -- in that note, and during the

8   course of your deliberations, be careful not to indicate to

9   us in any way how you stand in your deliberations.  That's

10  your business.  Don't share it with us.  Don't give us a

11  numerical count as to where you are at any point or in any

12  way indicate to us how you stand in your deliberations.

13         Let me see counsel at sidebar and see if there is

14  anything else I need to tell you.

15         (Continued on the next page.)

16

17

18

19

20

21

22

23

24

25