# EXHIBIT C

F3PKGAR1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                       12 CR 839 (JSR)

RAFAEL GARAVITO-GARCIA,

           Defendant.

------------------------------x

                              New York, N.Y.
                              March 25, 2015
                              9:45 a.m.

Before:

                HON. JED S. RAKOFF,

                              District Judge

                     APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
SHANE STANSBURY
ILAN GRAFF
    Assistant United States Attorney

ROBERT RAY
    Attorney for Defendant

ALSO PRESENT:

MIRTA HESS, Spanish Interpreter
JORDAN FOX, Spanish Interpreter
JASON STAAB-PETERS, DEA Special Agent
JOSEPH ROSENBERG, USAO Paralegal

Case 1:15-cr-00588-JSR   Document 75-3   Filed 04/03/16   Page 3 of 27
Case 1:15-cr-00588-JSR   Document 69   Filed 04/24/15   Page 93 of 140          877
F3PKGAR3B                    rebuttal - Mr. Stansbury

1    federal case is a serious case.  But not every case is close,

2    and this case isn't close.

3          Three years ago, the defendant made his choice, made a

4    choice to fly halfway across the world and help a terrorist

5    organization transport 4,000 kilograms of cocaine and receive

6    deadly weapons in the process.  He didn't blink, he didn't

7    hesitate, and he didn't think he was going to get caught.  He

8    didn't think that three years later, he would have to appear

9    here in this courtroom before you.

10         Focus on the evidence.  Don't listen to the noise.

11   Use your common sense.  Listen carefully to Judge Rakoff's

12   instructions on the law.  If you do those things, there is only

13   one conclusion that you can reach that is consistent with the

14   evidence that you have seen throughout this trial – that the

15   defendant is guilty of every charge in the indictment.

16         Thank you.

17         THE COURT:  Thank you very much.  I'll now ask my law

18   clerk and courtroom deputies to hand out to each member of the

19   jury a copy of my charge, we will read it together, and then

20   you'll have it to take with you into the jury room.

21         Okay.  Ladies and gentlemen, if you look in the table

22   of contents, you'll see that my instructions are divided into

23   three parts.  The first part are general instructions that

24   would apply to, in fact, every criminal case.  And then there

25   are, in the middle section, the instructions that apply to the

F3PKGAR3B                    Charge

1      particular four charges here.  And then there are some

2      concluding instructions about how you fill out your verdict

3      form and things like that.

4              So let's turn to page 1 and begin with the general

5      instructions.

6              We are now approaching the most important part of this

7      case, your deliberations.  You have heard all the evidence in

8      the case, as well as the final arguments of the lawyers for the

9      parties.  Before you retire to deliberate, it is my duty to

10     instruct you as to the law that will govern your deliberations.

11     As I told you at the start of this case, and as you agreed, it

12     is your duty to accept my instructions of law and apply them to

13     the facts as you determine them.

14             Regardless of any opinion that you may have as to what

15     the law may be or ought to be, it is your sworn duty to follow

16     the law as I give it to you.  Also, if any attorney or other

17     person has stated a legal principle different from any that I

18     state to you in my instructions, it is my instructions that you

19     must follow.

20             Because my instructions cover many points, I have

21     provided each of you with a copy of them, not only so that you

22     can follow them as I read them to you now, but also so that you

23     can have them with you for reference throughout your

24     deliberations.  In listening to them now and reviewing them

25     later, you should not single out any particular instruction as

Case 1:15-cr-00588-ER   Document 75-3   Filed 04/24/16   Page 5 of 27   879
Case 1:12-cv-00839-JSR   Document 89-3   Filed 04/24/16   Page 5 of 140
F3PKGAR3B                      Charge

1    alone stating the law, but you should instead consider my

2    instructions as a whole.

3            Your duty is to decide the fact issues in the case and

4    arrive, if you can, at a verdict.  You, the members of the

5    jury, are the sole and exclusive judges of the facts.  You pass

6    upon the weight of the evidence, you determine the credibility

7    of the witnesses, you resolve such conflicts as there may be in

8    the testimony, and you draw whatever reasonable inferences you

9    decide to draw from the facts as you determine them.

10           In determining the facts, you must rely upon your own

11   recollection of the evidence.  To aid your recollection, we

12   will send you all the exhibits at the start of your

13   deliberations, and if you need to review particular items of

14   testimony, we can also arrange to provide them to you in

15   transcript or readback form.

16           Let me interrupt for one second to say:  You will take

17   your transcripts into the jury room as well.  We will not send

18   in the actual recordings, but if you want any particular

19   recording played, then you send us a note, and we'll have you

20   come out, and we will play the recording, but we don't have

21   recording machines in the jury room itself.  So for that

22   purpose, if you want to hear a recording, you'll have to send

23   us a note, and we will bring you out for that purpose.

24           So back to the instructions:

25           Please remember that none of what the lawyers have

F3PKGAR3B                    Charge

1    said in their opening statements, in their closing arguments,

2    in their objections or in their questions, is evidence.  Nor is

3    anything I may have said evidence.  The evidence before you

4    consists of just three things:  The testimony given by

5    witnesses that was received in evidence, the exhibits that were

6    received in evidence, and the stipulations of the parties that

7    were received in evidence.

8         Testimony consists of the answers that were given by

9    the witnesses to the questions that were permitted.  Please

10   remember that questions, although they may provide the context

11   for answers, are not themselves evidence.  Only answers are

12   evidence, and you should, therefore, disregard any question to

13   which I sustained an objection.  Also, you may not consider any

14   answer that I directed you to disregard or that I directed be

15   stricken from the record.  Likewise, you may not consider

16   anything you heard about the contents of any exhibit that was

17   not received in evidence.

18        Furthermore, you should be careful not to speculate

19   about matters not in evidence.  For example, there is no legal

20   requirement that the government prove its case through a

21   particular witness or by use of a particular law enforcement

22   technique.  Nor should you speculate about why one or another

23   person whose name may have figured in the evidence is not part

24   of this trial or what his or her situation may be.  Your focus

25   should be entirely on assessing the evidence that was presented

1     here for your consideration.

2            It is the duty of the attorney for each side of a case

3     to object when the other side offers testimony or other

4     evidence that the attorney believes is not properly admissible.

5     Counsel also have the right and duty to ask the Court to make

6     rulings of law and to request conferences at the sidebar out of

7     the hearing of the jury.  All such questions of law must be

8     decided by me.  You should not show any prejudice against any

9     attorney or party because the attorney objected to the

10    admissibility of evidence, asked for a conference out of the

11    hearing of the jury, or asked me for a ruling on the law.

12           I also ask you to draw no inference from my rulings or

13    from the fact that on occasion I asked questions of certain

14    witnesses.  My rulings were no more than applications of the

15    law, and my questions were only intended for clarification or

16    to expedite matters.  You are expressly to understand that I

17    have no opinion as to the verdict you should render in this

18    case.

19           You are to perform your duty of finding the facts

20    without bias or prejudice as to any party.  You are to perform

21    your final duty in an attitude of complete fairness and

22    impartiality.  You are not to be swayed by rhetoric or

23    emotional appeals.  The fact that the prosecution is brought in

24    the name of the United States of America entitles the

25    government to no greater consideration than that accorded any

Case 1:12-cr-00839-JSR   Document 85-3   Filed 04/24/15   Page 8 of 140

F3PKGAR3B                    Charge

1    other party.  By the same token, it is entitled to no less

2    consideration.  All parties, whether the government or

3    individuals, stand as equals at the bar of justice.

4          Please also be aware that the question of possible

5    punishment is the province of the judge, not the jury, and it

6    should, therefore, not enter into or influence your

7    deliberations in any way.  Your duty is to weigh the evidence

8    and not be affected by extraneous considerations.

9          It must be clear to you that if you were to let bias,

10   or prejudice, or fear, or sympathy, or any other irrelevant

11   consideration interfere with your thinking, there would be a

12   risk that you would not arrive at a true and just verdict.  So

13   do not be guided by anything except clear thinking and calm

14   analysis of the evidence.

15         The defendant here, Rafael Antonio Garavito-Garcia, is

16   charged with four federal crimes about which I will instruct

17   you shortly.  Please bear in mind, however, that the charges,

18   or counts, as they are called, are not themselves evidence of

19   anything.

20         The defendant has pleaded not guilty.  To prevail

21   against the defendant on a given charge, the government must

22   prove every essential element of that charge beyond a

23   reasonable doubt.  If the government succeeds in meeting this

24   burden, your verdict should be guilty on that charge.  If it

25   fails, your verdict must be not guilty on that charge.  This

Case 1:15-cr-00588-ER  Document 75-3  Filed 04/20/16  Page 9 of 27
Case 1:12-cr-00859-JSR  Document 89-3  Filed 04/24/15  Page 104 of 140          883
F3PKGAR3B                    Charge

burden never shifts to the defendant for the simple reason that
the law presumes a defendant be innocent and never imposes upon
a defendant in a criminal case the burden or duty of calling
any witness or producing any evidence.

In other words, as to each charge, a defendant starts
with a clean slate and is presumed innocent until such time, if
ever, that you as a jury are satisfied that the government has
proved that the defendant is guilty of that charge beyond a
reasonable doubt.

Since in order to convict a defendant of a given
charge, the government is required to prove that charge beyond
a reasonable doubt, the question then is:  What is a reasonable
doubt?  The words almost define themselves.  It is a doubt
based upon reason.  It is a doubt that a reasonable person has
after carefully weighing all the evidence.  It is a doubt that
would cause a reasonable person to hesitate to act in a matter
of importance in his or her personal life.  Proof beyond a
reasonable doubt must, therefore, be proof of a convincing
character that a reasonable person would not hesitate to rely
on in making an important decision.

A reasonable doubt is not caprice or whim.  It is not
speculation or suspicion.  It is not an excuse to avoid the
performance of an unpleasant duty.  The law does not require
that the government prove guilt beyond all possible or
imaginable doubt.  Proof beyond a reasonable doubt is

Case 1:15-cr-00588-JSR   Document 69-3   Filed 04/24/15   Page 105 of 140

F3PKGAR3B                        Charge

1    sufficient to convict.

2             If, after a fair and impartial consideration of the

3    evidence, you have a reasonable doubt as to the defendant's

4    guilt with respect to a particular charge against him, you must

5    find the defendant not guilty of that charge.  On the other

6    hand, if, after fair and impartial consideration of all the

7    evidence, you are satisfied beyond a reasonable doubt of the

8    defendant's guilt with respect to a particular charge against

9    him, you should not hesitate to find the defendant guilty of

10   that charge.

11            In deciding whether the government has met its burden

12   of proof, you may consider both direct evidence and

13   circumstantial evidence.

14            Direct evidence is evidence that proves a fact

15   directly.  For example, where a witness testifies as to what he

16   or she saw, or heard or observed, that is called direct

17   evidence.

18            Circumstantial evidence is evidence that tends to

19   prove a fact by proof of other facts.  To give a simple

20   example, suppose that when you came into the courthouse today,

21   the sun was shining, and it was a nice day, but the courtroom

22   blinds were drawn, and you could not look outside.  Later, as

23   you were sitting here, someone walked in with a dripping wet

24   umbrella, and soon after, somebody else walked in with a

25   dripping wet raincoat.  Now, on our assumed facts, you cannot

F3PKGAR3B                        Charge

```
1    look outside the courtroom, and you cannot see whether it is
2    raining, so you have no direct evidence of that fact.  But, on
3    the combination of the facts about the umbrella and the
4    raincoat, it would be reasonable for you to infer that it had
5    begun raining.
6         That is all there is to circumstantial evidence.
7    Using your reason and experience, you infer from established
8    facts the existence or the nonexistence of some other fact.
9    Please note, however, that it is not a matter of speculation or
10   guess, it is a matter of logical inference.
11        The law makes no distinction between direct and
12   circumstantial evidence.  Circumstantial evidence is of no less
13   value than direct evidence, and you may consider either or both
14   and may give them such weight as you conclude is warranted.
15        It must be clear to you by now that counsel for the
16   government and counsel for the defendant are asking you to draw
17   very different conclusions about various factual issues in the
18   case.  Deciding these issues will involve making judgments
19   about the testimony of the witnesses you have listened to and
20   observed.  In making these judgments, you should carefully
21   scrutinize all of the testimony of each witness, the
22   circumstances under which each witness testified, and any other
23   matter in evidence that may help you to decide the truth and
24   the importance of each witness' testimony.
25        Your decision to believe or to not believe a witness
```

F3PKGAR3B                    Charge

1    may depend on how that witness impressed you.  How did the

2    witness appear?  Was the witness candid, frank and forthright?

3    Or did the witness seem to be evasive or suspect in some way?

4    How did the way the witness testified on cross-examination

5    compare with how the witness testified -- I'm sorry, how did

6    the way the witness testified on direct examination compare

7    with how the witness testified on cross-examination?  Was the

8    witness consistent or contradictory?  Did the witness appear to

9    know what the witness was talking about?  Did the witness

10   strike you as someone who was trying to report the witness'

11   knowledge accurately?  These are examples of the kinds of

12   common sense questions you should ask yourselves in deciding

13   whether a witness is or is not truthful.

14          How much you choose to believe a witness may also be

15   influenced by the witness' bias.  Does the witness have a

16   relationship with the government or the defendant that may

17   affect how the witness testified?  Does the witness have some

18   incentive, loyalty or motive that might cause the witness to

19   shade the truth?  Does the witness have some bias, prejudice or

20   hostility that may cause the witness to give you something

21   other than a completely accurate account of the facts that the

22   witness testified to?

23          In this regard, you have heard testimony from

24   cooperating witnesses who testified that they have entered into

25   agreements to cooperate with the government, either in an

F3PKGAR3B                    Charge

1    effort to secure a reduced sentence or to avoid prosecution

2    altogether for crimes they previously committed.  The law

3    permits the use of testimony from such witnesses.  Indeed, such

4    testimony, if found truthful by you, may be sufficient in

5    itself to warrant conviction if it convinces you of the

6    defendant's guilt beyond a reasonable doubt.  However, the law

7    requires that the testimony and motives of a cooperating

8    witness be scrutinized with particular care and caution.  After

9    carefully scrutinizing the testimony of a cooperating witness

10   and taking account of its special features, you may give it as

11   little or as much weight as you deem appropriate.

12        As to all witnesses, you should also consider whether

13   a witness had an opportunity to observe the facts the witness

14   testified about and whether the witness' recollection of the

15   facts stands up in light of the other evidence in the case.  In

16   other words, what you must try to do in deciding credibility is

17   to size up a person just as you would in any important matter

18   where you are trying to decide if a person is truthful,

19   straightforward and accurate in his or her recollection.

20        The defendant did not testify in this case.  Under our

21   Constitution, a defendant has no obligation to testify or to

22   present any evidence because it is the government's burden to

23   prove a defendant guilty beyond a reasonable doubt.  A

24   defendant is never required to prove that the defendant is

25   innocent.

F3PKGAR3B                    Charge

1          Accordingly, you must not attach any significance to

2     the fact that the defendant did not testify.  No adverse

3     inference against the defendant may be drawn by you because the

4     defendant did not take the witness stand, and you may not

5     consider it against the defendant in any way in your

6     deliberations in the jury room.

7          With these preliminary instructions in mind, let us

8     now turn to the four charges against Mr. Garavito-Garcia.  Each

9     count of the indictment charges the defendant with conspiring

10    with one or more other people to violate the law.

11    Specifically, Count One charges Mr. Garavito-Garcia with

12    conspiring to distribute five kilograms or more of cocaine with

13    intent to provide something of value to a terrorist

14    organization, specifically the FARC.

15         Count Two charges Mr. Garavito-Garcia with conspiring

16    to distribute five kilograms or more of cocaine, intending that

17    the substance would be imported into the United States.

18         Count Three charges Mr. Garavito-Garcia with

19    conspiring to provide material support or resources to a

20    foreign terrorist organization, again, the FARC.

21         Finally, Count Four charges Mr. Garavito-Garcia with

22    conspiring to acquire and transfer antiaircraft missiles to the

23    FARC for the purpose of attacking U.S. helicopters.

24         As you will notice, each of these counts charges that

25    the defendant participated in a conspiracy, which is an

Case 1:15-cr-00588-JSR   Document 75-3   Filed 10/03/16   Page 15 of 27
Case 1:15-cr-00588-JSR   Document 69   Filed 04/24/15   Page 15 of 140          889
F3PKGAR3B                    Charge

 1  agreement between two or more persons to break the law.  But

 2  each of the charged conspiracies is different and must be

 3  considered on its own terms.  For example, while Count Two

 4  requires that the conspiracy intended an importation of cocaine

 5  into the United States, and Count Four requires that the

 6  conspiracy intended the attacking of U.S. helicopters, Counts

 7  One and Three do not require any connection to the U.S. at all,

 8  but simply conspiracies to aid a terrorist organization, the

 9  FARC.

10          Let us, therefore, discuss each of the counts

11  separately.

12          Count One charges the defendant with conspiring to

13  distribute five kilograms or more of cocaine with intent to

14  provide something of pecuniary value to the FARC.

15          In order to sustain its burden of proof with respect

16  to this charge, the government must prove beyond a reasonable

17  doubt each of the following two elements:  First, that the

18  charged conspiracy existed; and, second, that the defendant

19  unlawfully, intentionally and knowingly joined and participated

20  in the conspiracy at some point during the applicable time

21  period.

22          Starting with the first element, what is a conspiracy?

23  A conspiracy is an agreement or an understanding of two or more

24  persons to accomplish by concerted action one or more unlawful

25  objectives.

Case 1:15-cr-00588-JSR   Document 75-3   Filed 10/03/16   Page 16 of 27
Case 1:15-cr-00588-JSR   Document 69   Filed 04/24/15   Page 16 of 27          890
F3PKGAR3B                    Charge

1          Please note that an undercover agent cannot be a
2     coconspirator.  Specifically, because Ricardo Jardinero and the
3     person referred to as Juancho were secretly acting on behalf of
4     the government, they could not have actually agreed to or been
5     a member of an unlawful conspiracy even though they were
6     pretending to be.  Accordingly, in determining whether this or
7     any other conspiracy here charged existed, you cannot for that
8     purpose consider Mr. Jardinero or Juancho a member of any
9     conspiracy, but you can consider any other person as a
10    potential member of the alleged conspiracy if that person
11    enters into the conspiratorial agreement for the purpose of
12    furthering its unlawful objective.

13         For this count, the unlawful objective alleged to be
14    the object of the conspiracy is not simply the distribution of
15    cocaine, but the distribution of five kilograms or more of
16    cocaine with the knowledge and intent that such distribution
17    would provide something of pecuniary value to a terrorist
18    organization, specifically the FARC.  "Distribution" includes
19    delivering, passing or handing over cocaine to another person
20    or causing it to be delivered, passed on or handed over to
21    another person.  Distribution does not require a sale.
22    "Something of pecuniary value" means something of monetary or
23    economic value, such as money or cocaine.

24         Please note that the conspiracy charged in Count One
25    does not have to intend distribution of cocaine to the United

F3PKGAR3B                    Charge

1    States, but it does have to intend that the distribution would

2    provide something of pecuniary value to the FARC.

3              Please also bear in mind that the actual commission of

4    the objective of the conspiracy is not an element of the crime

5    of conspiracy.  Thus, you need not find that the conspirators

6    actually distributed cocaine and provided something of

7    pecuniary value to the FARC, but only that they agreed to

8    distribute at least five kilograms or more of cocaine,

9    intending to thereby provide something of pecuniary value to

10   the FARC.

11             As for the time frame of the alleged conspiracy,

12   although it is charged that the conspiracy began in or about

13   May 2012 and continued through January 2013, it is not

14   essential that the government prove that the conspiracy started

15   and ended on specific dates or that it existed throughout that

16   period.  Rather, it is sufficient to satisfy the first element,

17   that you find that in fact a conspiracy was formed, and that it

18   existed for any time within the charged period.

19             If you conclude that the government has proven beyond

20   a reasonable doubt that the charged conspiracy existed, you

21   must then consider the second essential element, which is that

22   the defendant, Mr. Garavito-Garcia, was a member of the

23   conspiracy.  To prove this second element, the government must

24   prove beyond a reasonable doubt that the defendant participated

25   in the charged conspiracy and that he did so unlawfully,

Case 1:15-cr-00588-JSR  Document 75-3  Filed 10/03/16  Page 18 of 27     892
Case 1:15-cr-00588-JSR  Document 69  Filed 04/24/15  Page 13 of 140
F3PKGAR3B                    Charge

1   intentionally and knowingly.

2          "Unlawfully" means obviously contrary to law, but in

3   terms of its application to the defendant's state of mind, the

4   government is not required to show that the defendant knew that

5   he was breaking any particular law.  The government must prove,

6   however, that the defendant was aware of the generally unlawful

7   nature of his acts.

8          "Intention" means to act deliberately and with a bad

9   purpose rather than innocently.

10         "Knowingly" means to act consciously and voluntarily

11  rather than by mistake, or accident or mere inadvertence.

12         Here, the parties have stipulated that the FARC has

13  been designated a terrorist organization by the Department of

14  State, but the government must still prove beyond a reasonable

15  doubt that the defendant, in joining a conspiracy to distribute

16  cocaine for the purpose of providing something of pecuniary

17  value to the FARC, knew or believed that the FARC was engaged

18  in terrorist activity.

19         "Terrorist activity" includes the use of explosive,

20  firearms or other dangerous weapons with the intent to endanger

21  the safety of one or more persons or to cause substantial

22  damage to property.

23         If you find beyond a reasonable doubt that the

24  defendant participated in the charged conspiracy and did so

25  unlawfully, intentionally and knowingly, then the second

Case 1:15-cr-00588-ER Document 75-3 Filed 10/03/16 Page 19 of 27
Case 1:15-cr-00588-JSR Document 69 Filed 04/24/15 Page 19 of 140          893
F3PKGAR3B                           Charge

1    element is satisfied.

2              In this regard, it is not necessary that the defendant

3    be fully informed of all the details of the conspiracy in order

4    to justify an inference of membership on his part.  Nor does

5    the defendant need to know the full extent of the conspiracy or

6    all of its participants.  Indeed, it is not necessary that the

7    defendant know more than one other member of the conspiracy.

8    Nor is it necessary that the defendant receive any monetary

9    benefit from participating in the conspiracy.  All that is

10   necessary is proof beyond a reasonable doubt that the defendant

11   intentionally joined in the conspiracy for the purpose of

12   furthering its unlawful objective.

13             The defendant also need not have joined the conspiracy

14   at the outset.  The defendant may have joined it at any time in

15   its progress, and he will still be held responsible for all

16   that was done before he joined, as well as all that was done

17   during the conspiracy's existence while the defendant was a

18   member.

19             The law does not require that each conspirator have an

20   equal role in the conspiracy.  Even a single act may be

21   sufficient to draw the defendant within the ambit of a

22   conspiracy if it meets the essential requirements I have

23   described.

24             However, I wanted to caution you that the mere

25   association by the defendant with a conspirator does not make

F3PKGAR3B                    Charge

1    the defendant a member of the conspiracy even when coupled with

2    knowledge that a conspiracy is taking place.  In other words,

3    knowledge without participation is not sufficient.  What is

4    necessary is that the defendant has participated in the

5    conspiracy with knowledge of its unlawful purpose and with an

6    intent to aid in the accomplishment of its unlawful objective.

7            Please also note that the fact that two of the

8    witnesses here, Manuel Mane and Mamadu Serifo Biai, have

9    pleaded guilty to conspiracy charges brought against them,

10   please note that that fact is not in any respect proof of the

11   defendant's guilt, and the fact that they pled guilty cannot be

12   considered against Mr. Garavito-Garcia in any way.

13           In short, in order to satisfy the second essential

14   element of the charged offense, you must find beyond a

15   reasonable doubt that Mr. Garavito-Garcia, with an

16   understanding of the unlawful character of the conspiracy

17   charged in Count One, intentionally joined the conspiracy for

18   the purpose of furthering the unlawful object of distributing

19   cocaine, knowing and intending that doing so would provide

20   something of pecuniary value to FARC, and that he did so

21   knowing or believing that the FARC was engaged in terrorist

22   activities.

23           Finally, as to Count One and every other charge, the

24   government must establish what is called venue.  This means

25   that you must determine that the point of entry where the

F3PKGAR3B                      Charge

```
 1    defendant was first brought into the United States was in the
 2    Southern District of New York.  The Southern District of New
 3    York includes Manhattan, the Bronx, Westchester County, and
 4    Orange County, as well as other areas not here relevant.
 5    Unlike all the other elements of the offense, which must be
 6    proved beyond a reasonable doubt, the government is only
 7    required to prove venue by a preponderance of the evidence;
 8    that is, that it is more probable than not.
 9              Count Two charges the defendant with conspiring to
10    distribute five kilograms or more of cocaine, knowing and
11    intending that the substance would be imported into the United
12    States.  In order to sustain its burden of proof with respect
13    to this charge, the government must prove beyond a reasonable
14    doubt each two elements:  First, the existence of the charged
15    conspiracy as further described below; and, second, that the
16    defendant unlawfully, intentionally and knowingly joined and
17    participated in the conspiracy at some point during the
18    applicable time period.
19              You should apply to these elements the same general
20    instructions about the nature of a conspiracy and of membership
21    in a conspiracy that I gave you in connection with Count One,
22    with this difference:  The conspiracy charged in this count is
23    an agreement to distribute five kilograms or more of cocaine,
24    knowing and intending that some portion of the cocaine would be
25    imported into the United States.
```

F3PKGAR3B                     Charge

1          You must also find that the conspiracy was formed, and
2    that it existed for some time within the charged period of
3    May 2012 to January 2013.
4          Count Three charges the defendant with conspiring to
5    provide material support or resources to what the defendant
6    knew to be a foreign terrorist organization.  In order to
7    sustain its burden of proof with respect to this charge, the
8    government must prove beyond a reasonable doubt each of the
9    same two essential elements discussed in Counts One and Two:
10   First, the existence of the charged conspiracy as further
11   described below; and, second, that the defendant unlawfully,
12   intentionally and knowingly joined and participated in the
13   conspiracy at some point during the applicable time period.
14         Again, I have already instructed you about these two
15   elements in general, and you should apply those instructions to
16   the conspiracy here charged.
17         In this count, the alleged objective of the conspiracy
18   was to provide material support or resources to a foreign
19   terrorist organization, here, the FARC.  Specifically, the
20   government charges that the conspirators intended to supply the
21   FARC with weapons, and with transportation, and equipment for
22   the distribution of cocaine.  The government need not prove
23   that the conspiracy had both of these objects.  It is enough
24   for you to find that it had at least one of these objects; that
25   is, supplying the FARC with weapons or supplying the FARC with

F3PKGAR3B                         Charge

1    transportation and equipment for the distribution of cocaine.

2    However, it is not sufficient for some of you to find that one

3    object has been proved and others of you to find that the other

4    object has been proved.  Rather, your finding that a given

5    object has been proved must be unanimous.

6            As was the case with Count One, the conspiracy does

7    not have to contemplate any contact with the United States, but

8    must instead contemplate providing material support or

9    resources for a terrorist organization.  The parties have

10   stipulated that the FARC is a designated foreign terrorist

11   organization, but the government must prove beyond a reasonable

12   doubt that the defendant, in joining the conspiracy charged in

13   Count Three, knew or believed that the FARC had engaged or was

14   engaging in terrorist activity.  As I previously defined it,

15   terrorist activities includes the use of explosive, firearms or

16   other dangerous weapons with the intent to endanger the safety

17   of one or more persons or to cause substantial damage to

18   property.

19           Also, you must find the conspiracy was formed, and

20   that it existed for some time within the charged period of

21   May 2012 to January 2013.

22           Count Four charges the defendant with conspiring to

23   acquire and transfer antiaircraft missiles for the purpose of

24   attacking U.S. helicopters.  In order to sustain its burden of

25   proof with respect to this charge, the government must prove

1   beyond a reasonable doubt each of the two elements, which by

2   this point should be familiar:  First, the existence of the

3   charged conspiracy as further described below; and, second,

4   that the defendant unlawfully, intentionally and knowingly

5   joined and participated in the conspiracy at some point during

6   the applicable time period.

7        You should apply my general instructions as previously

8   given as to both of these elements with this difference:  The

9   object of the conspiracy alleged in Count Four is to acquire

10  and transfer antiaircraft missiles for the purpose of enabling

11  the FARC to attack United States helicopters in Colombia.

12  Antiaircraft missiles are explosive or incendiary rockets or

13  missiles guided by a system enabling the rockets or missiles to

14  seek aircraft.

15       The time frame for this conspiracy is May 2012 to

16  January 2013, and you must also find beyond a reasonable doubt

17  that the charged conspiracy was formed and that it existed for

18  some time within that period.

19       You will shortly retire to the jury room to begin your

20  deliberations.  As soon as you get to the jury room, please

21  select one of your numbers as the foreperson to preside over

22  your deliberations and to serve as your spokesperson if you

23  need to communicate with the Court.

24       You will be bringing with you into the jury room a

25  copy of my instructions of law and a verdict form on which to

F3PKGAR3B                    Charge

 1   record your verdict.

 2          Let me pause there for a moment.  So, ladies and

 3   gentlemen, this is the verdict form, it's just two pages,

 4   there's the cover page, and then there are four questions, and

 5   the four questions correspond to the four counts, and with

 6   reach count, you either say guilty or not guilty, you check the

 7   appropriate box.

 8          After you've reached your verdict, your foreperson

 9   will sign this form, will date it, will fold it up nicely, and

10   place it and seal it in this envelope very cleverly marked

11   "Verdict," and that will then be brought out to me, but I will

12   not open it and will not read it until you're all back here in

13   the courtroom, and then we will read the verdict, and we will

14   ask each of you individually whether that is your verdict.  The

15   reason we go through all those little steps is to be absolutely

16   sure that we have your verdict as you have decided.

17          Back to the instructions:

18          In addition, we will send into the jury room all of

19   the exhibits that were admitted into evidence.  If you want any

20   of the testimony provided, that can also be done in either

21   transcript or readback form, but please remember that it is not

22   always easy to locate what you might want, so be as specific as

23   you possibly can be in requesting portions of the testimony.

24          Any of your requests, in fact any communication with

25   the Court, should be made to me in writing, signed by your

F3PKGAR3B                    Charge

1    foreperson and given to the marshal, who will be available and

2    outside the jury room throughout your deliberations.  After

3    consulting with counsel, I will respond to any question or

4    request you have as promptly as possible either in writing or

5    by having you return to the courtroom so that I can speak with

6    you in person.

7           You should not, however, tell me or anyone else how

8    the jury stands on any issue until you have reached your

9    verdict and recorded it on your verdict form.  As I have

10   already explained, the government, to prevail on a particular

11   charge against the defendant, must prove each essential element

12   of that charge beyond a reasonable doubt.  If the government

13   carries this burden, you should find the defendant guilty of

14   that charge, otherwise you must find the defendant not guilty

15   of that charge.

16          Each of you must decide the case for yourself, after

17   consideration, with your fellow jurors, of the evidence in the

18   case, and your verdict must be unanimous.  In deliberating,

19   bear in mind that each juror is entitled to his or her opinion.

20   In deliberating, bear in mind that while each juror is entitled

21   to his or her opinion, you should exchange views with your

22   fellow jurors.  That is the very purpose of jury deliberation –

23   to discuss and consider the evidence; to listen to the

24   arguments of fellow jurors; to present your individual views;

25   to consult with one another; and to reach a verdict based

Case 1:15-cr-00588-ER   Document 75-3   Filed 10/03/16   Page 27 of 27          901
Case 1:15-cr-00588-JSR   Document 69   Filed 04/24/15   Page 27 of 140
F3PKGAR3B                        Charge

1    solely and wholly on the evidence.

2            If, after carefully considering all the evidence and

3    the arguments of your fellow jurors, you entertain a

4    conscientious view that differs from the views of the others,

5    you are not to yield your view simply because you are

6    outnumbered.  On the other hand, you should not hesitate to

7    change an opinion that, after discussion with your fellow

8    jurors, now appears to be erroneous.  In short, your verdict

9    must reflect your individual views and must also be unanimous.

10           This completes my instructions of law.

11           Now, all objections to the charge previously made are

12   deemed to have been made again at this time, and the Court's

13   rulings stand as previously given.

14           Is there any other reason why any counsel needs to

15   approach the bench?

16           MR. GRAFF:  No, your Honor.

17           MR. RAY:  Just one brief one, your Honor.

18           THE COURT:  Okay.  Come to the bench.

19           (Continued on next page)

20

21

22

23

24

25