# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 17, 2016

BY ELECTRONIC FILING
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   United States v. El Gammal
      15 Cr. 588 (ER)

Hon. Judge Ramos:

We represent defendant Ahmed M. El Gammal, and hereby
object to the government's purported expert notice. See
Exhibit A, October 3, 2016 and October 17, 2016 Letters
from the United States Attorney's Office (hereinafter
"Ltr.").

For the reasons set forth below, the notice provided
in the Ltr. is insufficient as to each of the government's
purported experts.  To remedy this failure, the Court
should preclude the testimony or order the government to
supplement its disclosure, so that it properly complies
with Fed. R. Crim. P. 16(a)(1)(G).  Further, to avoid
prejudice, the Court should grant the defense additional
time, so it may provide its expert notice follows the
government's supplementation.

## DISCUSSION

I.   **RELEVANT RULES GOVERNING EXPERT TESTIMONY AND
     DISCLOSURE**

Fed. R. Evid. 702 provides that

> [a] witness who is qualified as an
> expert by knowledge, skill, experience,
> training, or education may testify in
> the form of an opinion or otherwise if:

Hon. Edgardo Ramos                    October 17, 2016
United States District Judge          Page 2
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)

           (a) the expert's scientific, technical,
           or other specialized knowledge will
           help the trier of fact to understand
           the evidence or to determine a fact in
           issue; (b) the testimony is based on
           sufficient facts or data; (c) the
           testimony is the product of reliable
           principles and methods; and (d) the
           expert has reliably applied the
           principles and methods to the facts of
           the case.

Fed. R. Evid. 702.

To help ensure the requirements of Rule 702 are met,
Fed. R. Fed. R. Crim. P. 16(a)(1)(G) provides that "the
government must at the defendant's request, give to the
defendant a written summary of testimony that the
government intends to use . . . as evidence at trial." Fed.
R. Crim. Proc. 16(a)(1)(G). "The summary provided under
this subparagraph must describe the witness's opinions, the
bases and reasons for those opinions, and the witness's
qualifications." Id.

Merely identifying the general topics about which the
expert will testify is insufficient; rather, the summary
must reveal the expert's actual opinions. See, e.g.,
United States v. Duvall, 272 F.3d 825, 828 (7th Cir. 2001)
("The Rule requires a summary of the expected testimony,
not a list of topics."); United States v. Mahaffy, No. 05-
CR613(S-3)(ILG), 2007 WL 1213738, *3 (E.D.N.Y. Apr. 24,
2007) (same).

"As the Advisory Committee notes to Rule 16 explain,
the disclosure requirement "is intended to minimize
surprise that often results from unexpected expert
testimony, reduce the need for continuances, and to provide
the opponent with a fair opportunity to test the merit of
the expert's testimony through focused cross-examination."
United States v. Ferguson, 06CR137 (CFD), 2007 WL 4539646,

Hon. Edgardo Ramos                    October 17, 2016
United States District Judge          Page 3
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)


*1 (D. Conn. Dec. 14, 2007) (citation omitted). Full and
proper disclosure is so important that the failure to
provide proper disclosure justifies exclusion of the
expert's testimony at trial. *See Mahaffy*, 2007 WL 1213738,
at *2.

## II.  THE GOVERNMENT'S EXPERT NOTICES ARE DEFICIENT AND SHOULD BE SUPPLEMENTED

### Aaron Y. Zelin

     According to the government, it "intends to call Aaron
Y. Zelin as an expert witness in militant jihadist groups,
including the Islamic State of Iraq and the Levant
('ISIL')." Ltr. at 1.  The government's Rule 16 notice for
Mr. Zelin is inadequate because it does not provide the
actual opinions to be offered by Mr. Zelin, or the scope,
data, or bases of those opinions. *Cf.* Fed. R. Evid. 702;
Fed. R. Crim. Proc. 16(a)(1)(G).[1]

     To begin, the government merely provides a laundry
list of general topics as to which Mr. Zelin will purport
to opine, without disclosing what Mr. Zelin's opinions are
regarding any of the list, or what data or means Mr. Zelin
used to arrive at those undisclosed opinions.  Ltr. at 2.
This is not sufficient. *See, e.g., Duvall*, 272 F.3d at 828
(stating that Rule 16 "requires a summary of the expected
testimony, not a list of topics."); *Mahaffy*, 2007 WL

------

[1] In an effort to resolve these disputes without judicial
intervention, we contacted the government and requested a
Rule 16/702 compliant disclosure. The government declined
to supplement, and instead referred us to Mr. Yelin's
testimony in Pugh; the only case in which Mr. Yelin has
testified. The reference does not get the government's
expert notice any closer to compliance with the Federal
Rules of Evidence, unless it agrees to stipulate that Mr.
Yelin's testimony will go no farther than that given in
Pugh, and will remain static regardless of the very
different facts in this case.

Hon. Edgardo Ramos                    October 17, 2016
United States District Judge          Page 4
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)


1213738, at *3 (same). Despite today's deadline, the
government has not provided the defense with Mr. Perry's
report relating to cell cite evidence.

     Then, the notice states that Mr. Zelin will further
opine regarding "certain jargon," without providing either
a full listing of that "jargon," or any disclosure of Mr.
Zelin's purported opinions regarding what that jargon
supposedly means, or how and why he reached his supposed
conclusions.  *Id.* at 2.

     Finally, the government's so-called notice states that
"Mr. Zelin may be asked to testify about certain physical
evidence the Government will offer at trial, including
videos from the defendant's laptop, and to explain the
significance of those materials and the phrases, images,
and symbols contained therein."  *Id.* at 2.  This notice,
however, fails to identify the "certain physical evidence"
to be opined upon, the specific "phrases, images and
symbols" as to which Mr. Zelin will purport to opine, Mr.
Zelin's actual opinion as to the "significance" of these
things, and the base(s) for any such opinion by him. In the
absence of this information there is no way that defense
counsel can prepare a fair and focused cross-examination,
which is the very purpose of Rule 16's disclosure
requirement.  *See Ferguson, supra,* 2007 WL 4539646, at *1.
Indeed, absent this information neither defense counsel nor
the Court can test the government's foundational claim that
Mr. Zelin's testimony is proper because these undisclosed
materials and undisclosed opinions supposedly encompass
"words, concepts, individuals, and places that are well-
known to students of global jihad and terrorism but are
unfamiliar to ordinary people."  Ltr. at 2.  *See, e.g.,*
*United States v. DiDomenico,* 985 F.2d 1159, 1163 (2d Cir.
1993) (excluding proposed expert testimony as unnecessary
and unhelpful to the jury where substance of proposed
testimony "was not hard to assimilate and ... addressed a
subject matter within the experience of the jury").

Hon. Edgardo Ramos                    October 17, 2016
United States District Judge          Page 5
Southern District of New York


Re:  United States v. El Gammal
     15 Cr. 588 (ER)


     For all these reasons, the purported disclosure is
inadequate on its face.  To remedy this failure, the Court
should, at the very least, order the government to
supplement its expert notice.[2]

     In *United States v. Valle*, 1:12-cr-00847-PGG,
Memorandum Opinion and Order filed 02/02/13 ("Valle Op."),
for example, defense counsel provided a purported expert
notice stating that a "Dr. Herriot will testify to cues
that indicate whether internet communications are
consistent with the participants engaging in fantasy role
play," and then proceeded to list those supposed cues.
Valle Op. at 4.  This Court found the notice to be
inadequate, and ordered that it be supplemented forthwith:

     As to several of the "cues" cited by Dr. Herriot,
     however, the Court agrees that it is not clear
     from Defendant's summary what the nature of these
     "cues" is. Defendant will provide additional
     disclosure concerning the significance of (1)
     screen names; (2) public profiles; (3) the
     websites on which chats occur; and (4) "the
     manner by which the chats conclude" to the
     opinions that Dr. Herriot will render.

     Defendant will also supplement his disclosure as
     to the basis for Dr. Herriot's opinions. The
     statement that Dr. Herriot has conducted "a large
     number of interviews and studied internet
     communications initiated in websites devoted to
     various sexual interests, including sexual
     deviancies and fetishes" (see id. at 1) is not
     sufficient to demonstrate that Dr. Herriot's
     opinions are based on "sufficient facts or data"
     or that his testimony is "the product of reliable
     principles and methods." See Fed. R. Evid. 702.

_____
[2] Although the government agreed to give the defense an
additional week in which to provide its expert notice, it
refused to supplement. Hence, this letter motion.

Hon. Edgardo Ramos                    October 17, 2016
United States District Judge          Page 6
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)


Valle Op. at 10.  The same conclusion, and requirement that
the notice be supplemented (or that Mr. Zelin be excluded
instead), is required here.  The government's Ltr. simply
fails to provide the information required by Fed. R. Ev.
702 and Fed. R. Crim. Proc. 16.

**Craig Roth and Mary Horvath**

     The government's notice regarding purported "forensic
experts" Craig Roth and Mary Horvath is even more
inadequate.  That notice comprises a single sentence: "We
also expect to elicit testimony from the witnesses listed
below regarding forensic analysis of electronic devices,
including computers, cellphones, and hard drives, that were
searched in connection with this investigation." Ltr. at 2.

     This so-called "notice" effectively says nothing.  It
does not identify the opinions to be provided by the so-
called forensic experts.  It does not even identify the
specific devices for which testimony will be elicited.  At
most it provides the general topic of the proposed
testimony –forensic analysis – which is patently
inadequate.  *Duvall, supra; Mahaffy, supra*. Certainly, with
no disclosure of the opinions, or of the devices covered by
the undisclosed opinions, there is no way in which defense
counsel can prepare an adequate cross-examination.  *See
Ferguson, supra*, 2007 WL 4539646, at *1.  Demonstrably,
this (non-) disclosure must be supplemented.

**Special Agent Perry**

     According to the government, "Special Agent Perry will
be asked to testify concerning, among other things,
cellular location data obtained for the time period in
October 2014 when the defendant is alleged to have traveled
to New York to meet with an individual identified in the
Indictment as co-conspirator ("CC-1"). Special Agent Perry
will be asked to testify concerning data and demonstratives
reflecting the locations and call activity of cellular

Hon. Edgardo Ramos                    October 17, 2016
United States District Judge          Page 7
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)


phones used by the defendant and CC-1 during this time
period." Ltr. at 3.

     This purported notice fails to identify or disclose
(i) the expert opinions to be expressed, (ii) the data
underlying the purported opinion; (iii) the expert's
purported method(s), and/or (iv) the demonstratives to be
introduced via Mr. Perry, or data or facts underlying those
purported demonstratives.  This is plainly improper.  Cf.
Rule 702 (requiring all of the above before admission of
expert testimony).  As troubling and improper is the
government's use of the term "among other things" in its
disclosure, which suggests the government may attempt to
cover other undisclosed topics via this witness.

     Without any disclosure of the underlying data and
methods, or the actual subjects and opinions to be rendered
by this purported expert, there is no way defense counsel
can prepare a fair and focused cross-examination.  See
Ferguson, supra, 2007 WL 4539646, at *1.  Demonstrably,
this (non)disclosure must be supplemented to provide real
and adequate disclosure.

**Laila Sabara**

     Finally, the government states that it will call Laila
Sabara to testify regarding "English translations of
certain Arabic-language materials, including electronic
communications, social media content, documents, e-mails,
and recordings, as well as certain aspects of Arabic
vernacular, slang terminology, and idioms used in those
materials." Ltr. at 3.

     Here too, the government improperly plays "hide the
ball," rather than complying with its discovery
obligations.  If Ms. Sabara is to testify regarding her
interpretation of certain vernacular, slang, and idioms,
then the specific vernacular, slang, and idioms as to which
she intends to opine (i.e., the underlying data), and her
interpretation of same (i.e., her "expert opinions"), must

Hon. Edgardo Ramos                          October 17, 2016
United States District Judge                 Page 8
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)


be disclosed. Otherwise, the defense can't plan. It is
equally true that the government must actually identify
under Rule 16 the "certain Arabic language material" Ms.
Sabara apparently has translated and will testify about on
the witness stand, and disclose her translations of that
material, so defense counsel has an opportunity to review
both the material and purported translations, and properly
challenge Ms. Sabara regarding same. It is impossible for
the defendant to proceed on such scant information which is
precisely why Rule 16 requires more.

## CONCLUSION

     We thank the Court for its consideration of the
foregoing objections.  For all the foregoing reasons, the
Court should grant defendant El Gammal's request for
preclusion or supplementation and concomitant extension of
time.


                              Respectfully submitted,



                              /s/_____
                              Sabrina P. Shroff
                              Daniel Habib
                              Annalisa Mirón
                              Assistant Federal Defenders


cc:  AUSAs Tekeei, Quigley & DeFillipis (ecf)
     Mr. Ahmed M. El Gammal, (via mail)