# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 17, 2016

BY ELECTRONIC FILING
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. El Gammal
    15 Cr. 588 (ER)

Hon. Judge Ramos:

We represent defendant Ahmed M. El Gammal, and hereby object to the government's purported expert notice. See Exhibit A, October 3, 2016 and October 17, 2016 Letters from the United States Attorney's Office (hereinafter "Ltr.").

For the reasons set forth below, the notice provided in the Ltr. is insufficient as to each of the government's purported experts. To remedy this failure, the Court should preclude the testimony or order the government to supplement its disclosure, so that it properly complies with Fed. R. Crim. P. 16(a)(1)(G). Further, to avoid prejudice, the Court should grant the defense additional time, so it may provide its expert notice follows the government's supplementation.

## DISCUSSION

**I. RELEVANT RULES GOVERNING EXPERT TESTIMONY AND DISCLOSURE**

Fed. R. Evid. 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

Hon. Edgardo Ramos  
United States District Judge  
Southern District of New York  

October 17, 2016  
Page 2  

Re: <u>United States v. El Gammal</u>  
    15 Cr. 588 (ER)  

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

To help ensure the requirements of Rule 702 are met, Fed. R. Fed. R. Crim. P. 16(a)(1)(G) provides that "the government must at the defendant's request, give to the defendant a written summary of testimony that the government intends to use . . . as evidence at trial." Fed. R. Crim. Proc. 16(a)(1)(G). "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.*

Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions. *See, e.g.*, *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) ("The Rule requires a summary of the expected testimony, not a list of topics."); *United States v. Mahaffy*, No. 05-CR613(S-3)(ILG), 2007 WL 1213738, *3 (E.D.N.Y. Apr. 24, 2007) (same).

"As the Advisory Committee notes to Rule 16 explain, the disclosure requirement "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Ferguson*, 06CR137 (CFD), 2007 WL 4539646,

Hon. Edgardo Ramos                                October 17, 2016
United States District Judge                      Page 3
Southern District of New York


Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)


*1 (D. Conn. Dec. 14, 2007) (citation omitted). Full and proper disclosure is so important that the failure to provide proper disclosure justifies exclusion of the expert's testimony at trial. *See Mahaffy*, 2007 WL 1213738, at *2.

## II.  THE GOVERNMENT'S EXPERT NOTICES ARE DEFICIENT AND SHOULD BE SUPPLEMENTED

<u>Aaron Y. Zelin</u>

According to the government, it "intends to call Aaron Y. Zelin as an expert witness in militant jihadist groups, including the Islamic State of Iraq and the Levant ('ISIL')." Ltr. at 1. The government's Rule 16 notice for Mr. Zelin is inadequate because it does not provide the actual opinions to be offered by Mr. Zelin, or the scope, data, or bases of those opinions. *Cf*. Fed. R. Evid. 702; Fed. R. Crim. Proc. 16(a)(1)(G).[1]

To begin, the government merely provides a laundry list of general topics as to which Mr. Zelin will purport to opine, without disclosing what Mr. Zelin's opinions are regarding any of the list, or what data or means Mr. Zelin used to arrive at those undisclosed opinions. Ltr. at 2. This is not sufficient. *See, e.g., Duvall*, 272 F.3d at 828 (stating that Rule 16 "requires a summary of the expected testimony, not a list of topics."); *Mahaffy*, 2007 WL

---

[1] In an effort to resolve these disputes without judicial intervention, we contacted the government and requested a Rule 16/702 compliant disclosure. The government declined to supplement, and instead referred us to Mr. Yelin's testimony in <u>Pugh</u>; the only case in which Mr. Yelin has testified. The reference does not get the government's expert notice any closer to compliance with the Federal Rules of Evidence, unless it agrees to stipulate that Mr. Yelin's testimony will go no farther than that given in <u>Pugh</u>, and will remain static regardless of the very different facts in this case.

Hon. Edgardo Ramos                          October 17, 2016
United States District Judge                Page 4
Southern District of New York


Re:  United States v. El Gammal
     15 Cr. 588 (ER)


1213738, at *3 (same). Despite today's deadline, the government has not provided the defense with Mr. Perry's report relating to cell cite evidence.

Then, the notice states that Mr. Zelin will further opine regarding "certain jargon," without providing either a full listing of that "jargon," or any disclosure of Mr. Zelin's purported opinions regarding what that jargon supposedly means, or how and why he reached his supposed conclusions. *Id.* at 2.

Finally, the government's so-called notice states that "Mr. Zelin may be asked to testify about certain physical evidence the Government will offer at trial, including videos from the defendant's laptop, and to explain the significance of those materials and the phrases, images, and symbols contained therein." *Id.* at 2. This notice, however, fails to identify the "certain physical evidence" to be opined upon, the specific "phrases, images and symbols" as to which Mr. Zelin will purport to opine, Mr. Zelin's actual opinion as to the "significance" of these things, and the base(s) for any such opinion by him. In the absence of this information there is no way that defense counsel can prepare a fair and focused cross-examination, which is the very purpose of Rule 16's disclosure requirement. *See Ferguson*, *supra*, 2007 WL 4539646, at *1. Indeed, absent this information neither defense counsel nor the Court can test the government's foundational claim that Mr. Zelin's testimony is proper because these undisclosed materials and undisclosed opinions supposedly encompass "words, concepts, individuals, and places that are well-known to students of global jihad and terrorism but are unfamiliar to ordinary people." Ltr. at 2. *See, e.g., United States v. DiDomenico*, 985 F.2d 1159, 1163 (2d Cir. 1993) (excluding proposed expert testimony as unnecessary and unhelpful to the jury where substance of proposed testimony "was not hard to assimilate and ... addressed a subject matter within the experience of the jury").

Hon. Edgardo Ramos                           October 17, 2016
United States District Judge                 Page 5
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)

For all these reasons, the purported disclosure is inadequate on its face. To remedy this failure, the Court should, at the very least, order the government to supplement its expert notice.[2]

In *United States v. Valle*, 1:12-cr-00847-PGG, Memorandum Opinion and Order filed 02/02/13 ("Valle Op."), for example, defense counsel provided a purported expert notice stating that a "Dr. Herriot will testify to cues that indicate whether internet communications are consistent with the participants engaging in fantasy role play," and then proceeded to list those supposed cues. Valle Op. at 4. This Court found the notice to be inadequate, and ordered that it be supplemented forthwith:

> As to several of the "cues" cited by Dr. Herriot, however, the Court agrees that it is not clear from Defendant's summary what the nature of these "cues" is. Defendant will provide additional disclosure concerning the significance of (1) screen names; (2) public profiles; (3) the websites on which chats occur; and (4) "the manner by which the chats conclude" to the opinions that Dr. Herriot will render.
>
> Defendant will also supplement his disclosure as to the basis for Dr. Herriot's opinions. The statement that Dr. Herriot has conducted "a large number of interviews and studied internet communications initiated in websites devoted to various sexual interests, including sexual deviancies and fetishes" (see id. at 1) is not sufficient to demonstrate that Dr. Herriot's opinions are based on "sufficient facts or data" or that his testimony is "the product of reliable principles and methods." See Fed. R. Evid. 702.

---

[2] Although the government agreed to give the defense an additional week in which to provide its expert notice, it refused to supplement. Hence, this letter motion.

Hon. Edgardo Ramos  
United States District Judge  
Southern District of New York

October 17, 2016  
Page 6

Re: United States v. El Gammal  
     15 Cr. 588 (ER)

Valle Op. at 10. The same conclusion, and requirement that the notice be supplemented (or that Mr. Zelin be excluded instead), is required here. The government's Ltr. simply fails to provide the information required by Fed. R. Ev. 702 and Fed. R. Crim. Proc. 16.

### Craig Roth and Mary Horvath

The government's notice regarding purported "forensic experts" Craig Roth and Mary Horvath is even more inadequate. That notice comprises a single sentence: "We also expect to elicit testimony from the witnesses listed below regarding forensic analysis of electronic devices, including computers, cellphones, and hard drives, that were searched in connection with this investigation." Ltr. at 2.

This so-called "notice" effectively says nothing. It does not identify the opinions to be provided by the so-called forensic experts. It does not even identify the specific devices for which testimony will be elicited. At most it provides the general topic of the proposed testimony –forensic analysis – which is patently inadequate. *Duvall, supra; Mahaffy, supra.* Certainly, with no disclosure of the opinions, or of the devices covered by the undisclosed opinions, there is no way in which defense counsel can prepare an adequate cross-examination. *See Ferguson, supra*, 2007 WL 4539646, at *1. Demonstrably, this (non-) disclosure must be supplemented.

### Special Agent Perry

According to the government, "Special Agent Perry will be asked to testify concerning, among other things, cellular location data obtained for the time period in October 2014 when the defendant is alleged to have traveled to New York to meet with an individual identified in the Indictment as co-conspirator ("CC-1"). Special Agent Perry will be asked to testify concerning data and demonstratives reflecting the locations and call activity of cellular

phones used by the defendant and CC-1 during this time period." Ltr. at 3.

This purported notice fails to identify or disclose (i) the expert opinions to be expressed, (ii) the data underlying the purported opinion; (iii) the expert's purported method(s), and/or (iv) the demonstratives to be introduced via Mr. Perry, or data or facts underlying those purported demonstratives. This is plainly improper. Cf. Rule 702 (requiring all of the above before admission of expert testimony). As troubling and improper is the government's use of the term "among other things" in its disclosure, which suggests the government may attempt to cover other undisclosed topics via this witness.

Without any disclosure of the underlying data and methods, or the actual subjects and opinions to be rendered by this purported expert, there is no way defense counsel can prepare a fair and focused cross-examination. See *Ferguson*, *supra*, 2007 WL 4539646, at *1. Demonstrably, this (non)disclosure must be supplemented to provide real and adequate disclosure.

### Laila Sabara

Finally, the government states that it will call Laila Sabara to testify regarding "English translations of certain Arabic-language materials, including electronic communications, social media content, documents, e-mails, and recordings, as well as certain aspects of Arabic vernacular, slang terminology, and idioms used in those materials." Ltr. at 3.

Here too, the government improperly plays "hide the ball," rather than complying with its discovery obligations. If Ms. Sabara is to testify regarding her interpretation of certain vernacular, slang, and idioms, then the specific vernacular, slang, and idioms as to which she intends to opine (*i.e.*, the underlying data), and her interpretation of same (*i.e.*, her "expert opinions"), must

Hon. Edgardo Ramos  
United States District Judge  
Southern District of New York

October 17, 2016  
Page 8

Re: <u>United States v. El Gammal</u>  
    15 Cr. 588 (ER)

be disclosed. Otherwise, the defense can't plan. It is equally true that the government must actually identify under Rule 16 the "certain Arabic language material" Ms. Sabara apparently has translated and will testify about on the witness stand, and disclose her translations of that material, so defense counsel has an opportunity to review both the material and purported translations, and properly challenge Ms. Sabara regarding same. It is impossible for the defendant to proceed on such scant information which is precisely why Rule 16 requires more.

## CONCLUSION

We thank the Court for its consideration of the foregoing objections. For all the foregoing reasons, the Court should grant defendant El Gammal's request for preclusion or supplementation and concomitant extension of time.

Respectfully submitted,

/s/_____  
Sabrina P. Shroff  
Daniel Habib  
Annalisa Mirón  
Assistant Federal Defenders

cc: AUSAs Tekeei, Quigley & DeFillipis (ecf)  
    Mr. Ahmed M. El Gammal, (via mail)