# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 18, 2016

BY ELECTRONIC FILING

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  United States v. El Gammal
15 Cr. 588 (ER)

Dear Judge Ramos,

On October 17, 2016, Defendant Ahmed El Gammal filed a letter motion objecting to the government's insufficient expert disclosure. He now writes to correct what the government informs is an obscure footnote. The facts are now clarified. The government's disclosure remains insufficient and the Court should order the relief sought-preclude the government's experts or order them to comport with the Federal Rules of Evidence. Thank you.

Respectfully submitted,

/s/
Sabrina P. Shroff & Annalisa Miron
Assistant Federal Defenders

cc:  AUSAs Tekeei, Quigley & DeFillipis (via ecf)
     Mr. Ahmed M. El Gammal, (via mail)

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 18, 2016

(Corrected: footnote 1)

BY ELECTRONIC FILING
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)

Hon. Judge Ramos:

        We represent defendant Ahmed M. El Gammal, and hereby
object to the government's purported expert notice. <u>See</u>
Exhibit A, October 3, 2016 and October 17, 2016 Letters
from the United States Attorney's Office (hereinafter
"Ltr.").

        For the reasons set forth below, the notice provided
in the Ltr. is insufficient as to each of the government's
purported experts.  To remedy this failure, the Court
should preclude the testimony or order the government to
supplement its disclosure, so that it properly complies
with Fed. R. Crim. P. 16(a)(1)(G).  Further, to avoid
prejudice, the Court should grant the defense additional
time, so it may provide its expert notice follows the
government's supplementation.

<u>DISCUSSION</u>

I.   RELEVANT RULES GOVERNING EXPERT TESTIMONY AND
     DISCLOSURE

        Fed. R. Evid. 702 provides that

            [a] witness who is qualified as an
            expert by knowledge, skill, experience,

Hon. Edgardo Ramos                    October 18, 2016
United States District Judge          Page 2
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)

> training, or education may testify in
> the form of an opinion or otherwise if:
> (a) the expert's scientific, technical,
> or other specialized knowledge will
> help the trier of fact to understand
> the evidence or to determine a fact in
> issue; (b) the testimony is based on
> sufficient facts or data; (c) the
> testimony is the product of reliable
> principles and methods; and (d) the
> expert has reliably applied the
> principles and methods to the facts of
> the case.

Fed. R. Evid. 702.

To help ensure the requirements of Rule 702 are met,
Fed. R. Fed. R. Crim. P. 16(a)(1)(G) provides that "the
government must at the defendant's request, give to the
defendant a written summary of testimony that the
government intends to use . . . as evidence at trial." Fed.
R. Crim. Proc. 16(a)(1)(G). "The summary provided under
this subparagraph must describe the witness's opinions, the
bases and reasons for those opinions, and the witness's
qualifications." *Id.*

Merely identifying the general topics about which the
expert will testify is insufficient; rather, the summary
must reveal the expert's actual opinions. *See, e.g.,*
United *States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001)
("The Rule requires a summary of the expected testimony,
not a list of topics."); *United States v. Mahaffy*, No. 05-
CR613(S-3)(ILG), 2007 WL 1213738, *3 (E.D.N.Y. Apr. 24,
2007) (same).

"As the Advisory Committee notes to Rule 16 explain,
the disclosure requirement "is intended to minimize
surprise that often results from unexpected expert
testimony, reduce the need for continuances, and to provide
the opponent with a fair opportunity to test the merit of

Hon. Edgardo Ramos                    October 18, 2016
United States District Judge          Page 3
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)

the expert's testimony through focused cross-examination."
*United States v. Ferguson*, 06CR137 (CFD), 2007 WL 4539646,
*1 (D. Conn. Dec. 14, 2007) (citation omitted). Full and
proper disclosure is so important that the failure to
provide proper disclosure justifies exclusion of the
expert's testimony at trial. *See Mahaffy*, 2007 WL 1213738,
at *2.

## II.  THE GOVERNMENT'S EXPERT NOTICES ARE DEFICIENT AND SHOULD BE SUPPLEMENTED

### <u>Aaron Y. Zelin</u>

According to the government, it "intends to call Aaron
Y. Zelin as an expert witness in militant jihadist groups,
including the Islamic State of Iraq and the Levant
('ISIL')." Ltr. at 1.  The government's Rule 16 notice for
Mr. Zelin is inadequate because it does not provide the
actual opinions to be offered by Mr. Zelin, or the scope,
data, or bases of those opinions. *Cf.* Fed. R. Evid. 702;
Fed. R. Crim. Proc. 16(a)(1)(G).[1]

To begin, the government merely provides a laundry
list of general topics as to which Mr. Zelin will purport
to opine, without disclosing what Mr. Zelin's opinions are
regarding any of the list, or what data or means Mr. Zelin
used to arrive at those undisclosed opinions.  Ltr. at 2.

---

[1] In an effort to resolve these disputes without judicial
intervention, we contacted the government and requested a
Rule 16/702 compliant disclosure. The government declined
to supplement, and instead informed that Mr. Yelin's
testimony in <u>Pugh</u> a transcript of which they had produced,
made their "expert disclosure" sufficient. The government
is wrong. Providing a transcript of testimony in another
case does not get the government's expert notice any closer
to compliance with the Federal Rules of Evidence, unless
the government stipulates that Mr. Yelin's testimony will
duplicated, limited to that in <u>Pugh</u>, and will remain static
regardless of the very different facts in this case.

Hon. Edgardo Ramos                    October 18, 2016
United States District Judge          Page 4
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)


This is not sufficient. *See, e.g., Duvall*, 272 F.3d at 828
(stating that Rule 16 "requires a summary of the expected
testimony, not a list of topics."); *Mahaffy*, 2007 WL
1213738, at *3 (same). Despite today's deadline, the
government has not provided the defense with Mr. Perry's
report relating to cell cite evidence.

     Then, the notice states that Mr. Zelin will further
opine regarding "certain jargon," without providing either
a full listing of that "jargon," or any disclosure of Mr.
Zelin's purported opinions regarding what that jargon
supposedly means, or how and why he reached his supposed
conclusions. *Id.* at 2.

     Finally, the government's so-called notice states that
"Mr. Zelin may be asked to testify about certain physical
evidence the Government will offer at trial, including
videos from the defendant's laptop, and to explain the
significance of those materials and the phrases, images,
and symbols contained therein." *Id.* at 2.  This notice,
however, fails to identify the "certain physical evidence"
to be opined upon, the specific "phrases, images and
symbols" as to which Mr. Zelin will purport to opine, Mr.
Zelin's actual opinion as to the "significance" of these
things, and the base(s) for any such opinion by him. In the
absence of this information there is no way that defense
counsel can prepare a fair and focused cross-examination,
which is the very purpose of Rule 16's disclosure
requirement. *See Ferguson, supra*, 2007 WL 4539646, at *1.
Indeed, absent this information neither defense counsel nor
the Court can test the government's foundational claim that
Mr. Zelin's testimony is proper because these undisclosed
materials and undisclosed opinions supposedly encompass
"words, concepts, individuals, and places that are well-
known to students of global jihad and terrorism but are
unfamiliar to ordinary people." Ltr. at 2. *See, e.g.,
United States v. DiDomenico*, 985 F.2d 1159, 1163 (2d Cir.
1993) (excluding proposed expert testimony as unnecessary
and unhelpful to the jury where substance of proposed
testimony "was not hard to assimilate and ... addressed a

Hon. Edgardo Ramos                    October 18, 2016
United States District Judge          Page 5
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)


subject matter within the experience of the jury").


     For all these reasons, the purported disclosure is
inadequate on its face.  To remedy this failure, the Court
should, at the very least, order the government to
supplement its expert notice.[2]

     In *United States v. Valle*, 1:12-cr-00847-PGG,
Memorandum Opinion and Order filed 02/02/13 ("Valle Op."),
for example, defense counsel provided a purported expert
notice stating that a "Dr. Herriot will testify to cues
that indicate whether internet communications are
consistent with the participants engaging in fantasy role
play," and then proceeded to list those supposed cues.
Valle Op. at 4.  This Court found the notice to be
inadequate, and ordered that it be supplemented forthwith:

          As to several of the "cues" cited by Dr. Herriot,
          however, the Court agrees that it is not clear
          from Defendant's summary what the nature of these
          "cues" is. Defendant will provide additional
          disclosure concerning the significance of (1)
          screen names; (2) public profiles; (3) the
          websites on which chats occur; and (4) "the
          manner by which the chats conclude" to the
          opinions that Dr. Herriot will render.

          Defendant will also supplement his disclosure as
          to the basis for Dr. Herriot's opinions. The
          statement that Dr. Herriot has conducted "a large
          number of interviews and studied internet
          communications initiated in websites devoted to
          various sexual interests, including sexual
          deviancies and fetishes" (see id. at 1) is not
          sufficient to demonstrate that Dr. Herriot's

---

[2] Although the government agreed to give the defense an
additional week in which to provide its expert notice, it
refused to supplement. Hence, this letter motion.

Hon. Edgardo Ramos                    October 18, 2016
United States District Judge          Page 6
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)


     opinions are based on "sufficient facts or data"
     or that his testimony is "the product of reliable
     principles and methods." See Fed. R. Evid. 702.

Valle Op. at 10.  The same conclusion, and requirement that
the notice be supplemented (or that Mr. Zelin be excluded
instead), is required here.  The government's Ltr. simply
fails to provide the information required by Fed. R. Ev.
702 and Fed. R. Crim. Proc. 16.

**Craig Roth and Mary Horvath**

     The government's notice regarding purported "forensic
experts" Craig Roth and Mary Horvath is even more
inadequate.  That notice comprises a single sentence: "We
also expect to elicit testimony from the witnesses listed
below regarding forensic analysis of electronic devices,
including computers, cellphones, and hard drives, that were
searched in connection with this investigation." Ltr. at 2.

     This so-called "notice" effectively says nothing.  It
does not identify the opinions to be provided by the so-
called forensic experts. It does not even identify the
specific devices for which testimony will be elicited.  At
most it provides the general topic of the proposed
testimony –forensic analysis – which is patently
inadequate.  *Duvall, supra; Mahaffy, supra.* Certainly, with
no disclosure of the opinions, or of the devices covered by
the undisclosed opinions, there is no way in which defense
counsel can prepare an adequate cross-examination.  *See
Ferguson, supra,* 2007 WL 4539646, at *1.  Demonstrably,
this (non-) disclosure must be supplemented.

**Special Agent Perry**

     According to the government, "Special Agent Perry will
be asked to testify concerning, among other things,
cellular location data obtained for the time period in
October 2014 when the defendant is alleged to have traveled
to New York to meet with an individual identified in the

Hon. Edgardo Ramos                     October 18, 2016
United States District Judge           Page 7
Southern District of New York

Re:  <u>United States v. El Gammal</u>
     15 Cr. 588 (ER)


Indictment as co-conspirator ("CC-1"). Special Agent Perry
will be asked to testify concerning data and demonstratives
reflecting the locations and call activity of cellular
phones used by the defendant and CC-1 during this time
period." Ltr. at 3.

     This purported notice fails to identify or disclose
(i) the expert opinions to be expressed, (ii) the data
underlying the purported opinion; (iii) the expert's
purported method(s), and/or (iv) the demonstratives to be
introduced via Mr. Perry, or data or facts underlying those
purported demonstratives. This is plainly improper. Cf.
Rule 702 (requiring all of the above before admission of
expert testimony). As troubling and improper is the
government's use of the term "among other things" in its
disclosure, which suggests the government may attempt to
cover other undisclosed topics via this witness.

     Without any disclosure of the underlying data and
methods, or the actual subjects and opinions to be rendered
by this purported expert, there is no way defense counsel
can prepare a fair and focused cross-examination. *See
Ferguson, supra*, 2007 WL 4539646, at *1. Demonstrably,
this (non)disclosure must be supplemented to provide real
and adequate disclosure.

**Laila Sabara**

     Finally, the government states that it will call Laila
Sabara to testify regarding "English translations of
certain Arabic-language materials, including electronic
communications, social media content, documents, e-mails,
and recordings, as well as certain aspects of Arabic
vernacular, slang terminology, and idioms used in those
materials." Ltr. at 3.

     Here too, the government improperly plays "hide the
ball," rather than complying with its discovery
obligations. If Ms. Sabara is to testify regarding her
interpretation of certain vernacular, slang, and idioms,

Hon. Edgardo Ramos                    October 18, 2016
United States District Judge          Page 8
Southern District of New York

Re:  United States v. El Gammal
     15 Cr. 588 (ER)


then the specific vernacular, slang, and idioms as to which
she intends to opine (*i.e.*, the underlying data), and her
interpretation of same (*i.e.*, her "expert opinions"), must
be disclosed. Otherwise, the defense can't plan. It is
equally true that the government must actually identify
under Rule 16 the "certain Arabic language material" Ms.
Sabara apparently has translated and will testify about on
the witness stand, and disclose her translations of that
material, so defense counsel has an opportunity to review
both the material and purported translations, and properly
challenge Ms. Sabara regarding same. It is impossible for
the defendant to proceed on such scant information which is
precisely why Rule 16 requires more.

<u>CONCLUSION</u>

    We thank the Court for its consideration of the
foregoing objections.  For all the foregoing reasons, the
Court should grant defendant El Gammal's request for
preclusion or supplementation and concomitant extension of
time.


                         Respectfully submitted,



                         /s/_____
                         Sabrina P. Shroff
                         Daniel Habib
                         Annalisa Mirón
                         Assistant Federal Defenders


cc:  AUSAs Tekeei, Quigley & DeFillipis (ecf)
     Mr. Ahmed M. El Gammal, (via mail)

# *Exhibit A*



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 3, 2016

By Email
Sabrina Shroff
Daniel Habib
Annalisa Miron
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

Re:   United States v. Ahmed Mohammed El Gammal, a/k/a "Jammie Gammal," 15 Cr. 588 (ER)

Dear Counsel:

This letter provides discovery, pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure and seeks reciprocal discovery. All of the information and materials enclosed with this letter are being produced to you pursuant to the Stipulated Protective Order governing discovery issued by the Court in this case on September 16, 2015.

### Disclosure by the Government

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the Government hereby provides the following information regarding anticipated expert witness testimony.

## I.   Militant Jihadist Groups

The Government intends to call Aaron Y. Zelin as an expert witness in militant jihadist groups, including the Islamic State of Iraq and the Levant ("ISIL"). Mr. Zelin was previously qualified as an expert on militant jihadist groups in *United States* v. *Pugh*, 15 Cr. 116 (NGG) (E.D.N.Y. 2016). We are attaching the transcript of Mr. Zelin's testimony from the *Pugh* case.

Mr. Zelin is the Richard Borow Fellow at the Washington Institute for Near East Policy, holds a Master's degree in Islamic and Middle Eastern Studies from Brandeis University, and is a Ph.D candidate at King's College of London and a fellow at its associated International Centre for the Study of Radicalisation and Political Violence. Mr. Zelin's research focuses on how jihadist groups are adjusting to the new political environment in the era of Arab uprisings and

Salafi politics in countries transitioning to democracy. The Government encloses a copy of Mr. Zelin's curriculum vitae.

Mr. Zelin will be called to testify as an expert in the global jihadist movement and the designated foreign terrorist organization, ISIL. In particular, he is expected to testify about ISIL's history, structure, strategic goals, geographic location, and methods and means, including current and historical sources and influences on ISIL's ideology; territories controlled by ISIL in 2014-15; key events in ISIL's history, particularly events occurring in 2014-15; recruitment of new ISIL members and facilitation of their travel; training and indoctrination that ISIL provides to new members; ISIL's use of the Internet as a recruitment tool; ISIL's methods for notifying next-of-kin that an ISIL member has been killed; and ISIL's use of the Turkish border with Syria as an entry point for foreign recruits.

In addition, Mr. Zelin will further opine about the meaning of certain jargon used by the defendant and his co-conspirators or jargon that appears in the materials on social media accounts used by the defendant and/or his co-conspirators, including the terms "daesh," "the State," "caliphate," "Sham," and "mujahedeen."

Finally, Mr. Zelin may be asked to testify about certain physical evidence the Government will offer at trial, including videos from the defendant's laptop, and to explain the significance of those materials and the phrases, images, and symbols contained therein. These materials reference words, concepts, individuals, and places that are well-known to students of global jihad and terrorism but are unfamiliar to ordinary people. Mr. Zelin's experience in this field and his academic writings on these subjects, as extensively detailed in his curriculum vitae, will serve as the bases for his testimony and opinions.

## II.   Analysis of Electronic Devices

We also expect to elicit testimony from the witnesses listed below regarding forensic analysis of electronic devices, including computers, cellphones, and hard drives, that were searched in connection with this investigation:

- FBI Computer Forensic Examiner Craig M. Roth

- FBI Senior Digital Forensic Examiner Mary F. Horvath

Resumes for these witnesses are attached.

## III.   Historical Cellsite

We also expect to call FBI Special Agent and Cellular Analysis Survey Team ("CAST") member Eric Perry as an expert witness on the collection, review, and analysis of historical cellsite data. Special Agent Perry is currently assigned to the FBI New York City Office's Violent Crime squad, which is responsible for investigating various crimes, including robberies, serial killings, kidnappings, and fugitive cases. In that capacity, Special Agent Perry conducts daily cellular phone-based analysis for federal, state, and local law enforcement jurisdictions around the United

States. Prior to his assignment in New York, Special Agent Perry was assigned to the FBI's Rocky Mountain Safe Streets Task Force in Denver, Colorado, where he investigated violent crimes and conducted similar analysis.

Special Agent Perry will be asked to testify concerning, among other things, cellular location data obtained for the time period in October 2014 when the defendant is alleged to have traveled to New York to meet with an individual identified in the Indictment as co-conspirator ("CC-1"). Special Agent Perry will be asked to testify concerning data and demonstratives reflecting the locations and call activity of cellular phones used by the defendant and CC-1 during this time period. Special Agent Perry's resume is attached.

## IV.   Arabic Language

In addition, we expect to elicit testimony from Laila Sabara regarding English translations of certain Arabic-language materials, including electronic communications, social media content, documents, e-mails, and recordings, as well as certain aspects of Arabic vernacular, slang terminology, and idioms used in those materials. A copy of Ms. Sabara's resume is attached.

### Disclosure by the Defendant

In light of your request for the foregoing discovery, the Government reiterates its prior requests for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure and for notice under Rules 12.1 and 12.2. Specifically, the Government requests that you

- Allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

- Disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

- Pursuant to Rule 16(b)(1)(C), the Government also requests notice regarding any expert witness that the defendant intends to rely upon, including a written summary of any testimony that the defendant intends to elicit under Rules 702, 703, or 705 of the Federal Rules of Evidence. Any such summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Federal Defenders of New York                                             Page 4
October 3, 2016

- Pursuant to Rules 12.1 and 12.2, provide notice of any alibi defense or insanity
  defense in this case.


                                        Sincerely,

                                        PREET BHARARA
                                        United States Attorney

                          By:    ____/S/_____
                                        Andrew J. DeFilippis
                                        Brendan F. Quigley
                                        Negar Tekeei
                                        Assistant United States Attorneys
                                        (212) 637-2231/2190/2482



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 17, 2016

<u>By Email</u>
Sabrina Shroff
Daniel Habib
Annalisa Miron
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

Re:    <u>United States v. Ahmed Mohammed El Gammal, a/k/a "Jammie</u>
       <u>Gammal," 15 Cr. 588 (ER)</u>

Dear Counsel:

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, we hereby
supplement our October 3, 2016 disclosure with respect to Aaron Y. Zelin. We anticipate that, in
addition to the topics and opinions disclosed previously, Mr. Zelin will testify about the
following:

- As a result of the protests that took place through the Middle East in the early
  2011, the sitting government in Egypt was overthrown.

- Later a new government was elected. The president in the new government was
  Mohammed Morsi, a member of the Muslim Brotherhood.

- In 2013, Morsi's government was overthrown. Supporters of the Muslim
  Brotherhood rallied in place in Cairo known as Rabba Square. On August 14,
  2013, the Egyptian military attacked the protestors, killing approximately 800
  people.

Sincerely,

PREET BHARARA
United States Attorney

By:    _____/S/_____
       Andrew J. DeFilippis
       Brendan F. Quigley
       Negar Tekeei
       Assistant United States Attorneys
       (212) 637-2231/2190/2482