UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

AHMED MOHAMMED EL GAMMAL,
a/k/a "Jammie Gammal,"

Defendant.

15 Cr. 588 (ER)

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* REGARDING EXHIBITS AND FINAL TRANSLATIONS

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
*Attorney for the United States of America*

Andrew J. DeFilippis
Brendan F. Quigley
Negar Tekeei
Assistant United States Attorneys
        *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

AHMED MOHAMMED EL GAMMAL,
a/k/a "Jammie Gammal,"

Defendant.

15  Cr. 588 (ER)

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* REGARDING EXHIBITS AND FINAL TRANSLATIONS

### PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in response to defendant Ahmed Mohammed El Gammal's motion *in limine* for an order requiring the Government to (1) "specify, from its draft exhibit list, the particular material that it intends to introduce at trial," and (2) "provide final English-language translations, both by October 31, 2016."  Def.'s Mot. at 2.[1]

The Court should deny the defendant's motion, which relies on incorrect assertions about the record.  The Government's draft exhibit list—which the defendant received more than two months before trial—provides the defendant with more than sufficient pretrial notice of the evidence the Government currently intends to offer at trial,[2] and the Government has provided

---

[1] The Government's response to the defendant's motions *in limine*, which include motions to preclude various categories of evidence, are due on October 31, 2016, the same day as the deadline the defendant has requested for the Government to provide additional specificity as to its exhibits and final English-language translations.  The Government therefore is filing its response to this motion in advance of the October 31 deadline and will respond to the defendant's remaining motions *in limine* and letter motion regarding expert testimony on October 31.

[2] The draft exhibit list contains substantially all the evidence that Government would have offered had this case proceeded to trial in September 2016, as originally scheduled.  As is common, the

the defendant with draft line-by-line translations of almost all of the Arabic-language material it intends to offer at trial.  For these reasons, and for the reasons stated below, the Court should deny this motion.

<div align="center"><u>**ARGUMENT**</u></div>

**I.    The Government's Draft Exhibit List Provides Ample Notice to the Defendant of What the Government Intends to Offer at Trial.**

<u>First</u>, the defendant's chief complaint that the Government has identified certain voluminous search warrant returns as exhibits (Def.'s Mot. at 4) is meritless.  On October 7, 2016, following the production of the exhibit list, and at the request of the defense, the Government went through the exhibit list line-by-line with defense counsel and orally provided additional, specific information about the items on the list.  With respect to exhibits that consist of the entirety of a search warrant return, for example, the Government explained that those items were on the exhibit list for authentication purposes, and that the Government did not anticipate offering any social media search warrant returns in wholesale fashion.[3]  Furthermore, where appropriate, the Government has identified excerpts of those returns as separate exhibits. *See* Ex. A at 3-8 (Government's Draft Exhibit List).  The defendant complains about the lengthiest of these excerpts as examples of a lack of specificity in the Government's Draft Exhibit List (Def.'s Mot. at 4), but those examples include the defendant's own communications with his co-conspirators, which are relevant and admissible at trial.  *United States* v. *Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (evidence relevant where "[I]t showed the development of the

Government may obtain or develop additional evidence as it begins meeting with witnesses in advance of trial, and the Government will promptly notify the defense of any such evidence.

[3] The Government also advised defense counsel that it would be open to alternative suggestions on how best to deal with authenticating these social media returns.  The defense did not provide any suggestions and instead elected to make the current motion.

relationship between [co-conspirators], 'provid[ing] background for the events alleged in the indictment' and 'enabl[ing] the jury to understand the complete story of the crimes charged, or how the illegal relationship between coconspirators developed.'" (quoting *United States* v. *Reifler,* 446 F.3d 65, 91–92 (2d Cir. 2006)).  Moreover, many of the other excerpts on the Government's exhibit list are far shorter in length.  *See, e.g.*, GX 4-C (4 pages); GX 100-I (7 pages); GX 100-Q (2 pages); GX 100-J (11 pages); GX 122-E (2 pages).

Second, the defendant has had many of these exhibits for more than a year.  Specifically, GX-100 (the results of a search warrant on the defendant's social media account), GX-110 (the results of a search warrant on the social media account of the defendant's co-conspirator ("CC-1")), and GX-120 (the results of a search warrant on the social media account of a second co-conspirator ("CC-2")) were produced to the defendant on September 28, 2015.[4]

Third, defense counsel's argument that it "cannot prepare for trial or make appropriate evidentiary objections under these conditions" (Def.'s Mot. at 5), particularly considered against points one and two above as well as against the backdrop of the case, is equally without merit.  The Government filed a detailed criminal complaint in this case which specifies the defendant's and his co-conspirators' conduct and communications during the course of the charged conspiracy, and the Government produced search warrant affidavits and other materials in the course of discovery that further describe the Government's theory and proof in this case.  Most recently, in its motions *in limine* briefing, the Government provided additional specificity regarding the categories of evidence it is seeking to introduce at trial and provided a detailed

---

[4] In addition to producing these materials to defense counsel, the Government has also produced these materials directly to the defendant.  The Government provided the defendant, who is currently housed at the MCC, with a discovery laptop and a copy of all of the discovery— including copies of his own social media and electronic communications, and reports of analyses conducted on his own electronic devices—so that the defendant would be able to more easily review the discovery and assist in the preparation of his defense.

factual background section describing the offense conduct and the Government's theories and proof.  The Government has also gone to great lengths to assist the defendant and defense counsel in their review and understanding of the discovery to date.  For example, in addition to providing the defendant with a laptop to review the discovery, the Government has provided charts to the defendant identifying where in the discovery he provided links to or otherwise shared certain videos with others, and charts identifying where in the discovery he could find the Arabic-language communications for which the Government has obtained draft translations. *See, e.g.*, Ex. B (August 11, 2016 Discovery Letter), Ex. C (September 22, 2016 Discovery Letter).  Demonstrating their facility with the discovery and knowledge of what the Government currently intends to offer at trial, the defendant has filed detailed motions to date, including, most recently, his motions *in limine*.

Fourth, the cases the defendant cites in support of his request for an October 31 deadline demonstrate that the Government, in providing a draft exhibit list more than two months before trial and identifying the portions of discovery where those exhibits were previously produced, has already provided more advance notice of its exhibit list than other Courts in this District have required.  *See United States* v. *Chalmers*, 474 F. Supp. 2d 555, 572 (S.D.N.Y. 2007) (Chin, J.) (directing the Government to provide a *preliminary* trial exhibit list and copies of the exhibits to defendants 30 days before trial, and a final list no later than 10 days before trial); *United States* v. *Giffen*, 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (Pauley, J.) (directing the Government to provide a preliminary trial exhibit list and copies of exhibits to the defendant 30 days before trial; allowing the Government to supplement its exhibit list at any time, including during trial, in good faith; and directing the defendant to provide a preliminary trial exhibit list and copies of exhibits to the Government at the start of trial or no later than 30 days prior to the start of the defendant's case, depending on the anticipated length of the Government's case-in-chief, and

allowing the defendant to supplement his exhibit list at any time, including during trial, in good

faith). *United States* v. *Giffen* illustrates the rule that the defendant, too, is subject to discovery

and notice obligations. *Giffen*, 379 F. Supp. 2d at 344. To date, despite the Government's

requests, the defendant has not provided the Government with reciprocal discovery or with his

draft exhibit list.[5]

Accordingly, the Government has made extensive efforts—well before trial—to direct

defense counsel to a much narrower universe of materials that it currently expects to feature most

prominently in its case-in-chief at trial. This is more than adequate—and indeed, more than

courts have required—to allow the defense to prepare for trial. As the Government continues to

meet with its witnesses and prepare for trial it will further specify or supplement the draft exhibit

list in accordance with the typical practice in this District.

## II.   The Government Has Produced Draft Line-by-Line Translations for Almost All of the Arabic-Language Material It Intends to Offer at Trial, and Is Working with Its Expert to Finalize Those Translations Well Before Trial.

The defendant also argues that the Government "has not yet produced even preliminary

translations of much of the Arabic source material here." (Def.'s Mot. at 4). That assertion is—

at best—incorrect. For more than a year, the Government has been providing summary and draft

line-by-line translations of the defendant's own Arabic-language communications and the

---

[5] The defendant also cites Federal Rule of Criminal Procedure 12(b)(4) in support of his motion. Rule 12(b)(4) "entitles defendants to notice of evidence that the government intends to use only insofar as that notice would 'provide the defendant with sufficient information to file the necessary suppression motions.'" *United States* v. *Ishak,* 277 F.R.D. 156, 158 (E.D. Va. 2011) (quoting *United States* v. *Lujan,* 530 F.Supp.2d 1224, 1246 (D.N.M. 2008)). It is not a vehicle for the defense to require the Government "to disclose its trial exhibit list and witness list." *See id.* (rejecting defense argument that "the Rule requires the government to identify specifically all evidence pertinent to those defendants that the government intends to offer in its case-in-chief"). Other than in the defendant's August 12, 2016 motion for notice and discovery of searches, seizures and surveillance techniques, there is no claim here that the Government's prior disclosures in the discovery phase of this case were insufficient notice vis-á-vis suppression motions.

Arabic-language communications of his co-conspirators to the defendant, whose native language is Arabic, and to defense counsel.  Indeed, with the exception of the videos listed as GX 1-B-N, the defense has, and had more than two months before trial, substantially all of the translations listed on the Government's draft exhibit list.  The Government's Arabic-language expert is currently in the process of certifying those draft transcripts by reviewing them and putting them into final form, and the Government anticipates that process will be complete well before trial.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully submits that the defendant's motion for additional specificity in the Government's draft exhibit list and for final English-language translations by October 31 should be denied.

Dated:  New York, New York
        October 23, 2016

<div style="margin-left:40%">

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     _/s/_____
        Andrew J. DeFilippis
        Brendan F. Quigley
        Negar Tekeei
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        Tel. No.: (212) 637-2231/2190/2482

</div>