# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 11, 2016

**BY E-mail & ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

**Re:    United States v. El Gammal, 15 Cr. 588 (ER)**

Hon. Judge Ramos:

  We represent defendant Ahmed Mohammed El Gammal. We respectfully request that the Court order the government to review the documents it has designated as "Protected Material" under the Stipulated Protective Order in this case, so as to ensure that only truly confidential documents remain subject to this classification. As demonstrated below, the government's overuse of that designation prejudices the defense. Trial is set for January 9, 2016.

  On September 16, 2015, to expedite the discovery process, Mr. El Gammal consented to the entry of a Stipulated Protective Order ("PO"). *See* PO at 1 (attached as **Exhibit A**). The PO narrowly defines "Protected Materials" as "materials that, if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations." *Id.* If defense counsel seeks to show the information and documents designated by the government as "Protected Materials" to fact witnesses, it must make a motion to the Court seeking pre-authorization from the Court to do so. *Id.*, ¶ 3(c)(iii).

  In exchange for the onerous restrictions placed upon "Protected Materials" under the PO, case law requires the government to ensure that each and every document it designates as "Protected Materials" actually fits within that narrow category – *i.e.*, documents containing sensitive information that, if revealed to any third party, threatens national security, the safety of others, or ongoing investigations.

  A year and a half later, the government has not reviewed its initial designation of

Hon. Edgardo Ramos                                                    December 11, 2016
Judge, Southern District of New York                                  Page 2

United States v. El Gammal, 15 Cr. 588 (ER)

the documents as confidential, and has refused to modify the protective order so as to allow the defense to use the discovery in speaking with fact witnesses. As of today almost every document except Mr. Gammal's prison calls and a handful of other information including the government's *Brady* disclosures remains subject to the protective order.[1] On Friday, December 9, 2016, we asked the government to agree to a modification of the protective order. They refused. We now write to seek relief from the Court.

The government has widely and improperly designated most of its Rule 16 production as "Protected Materials." Included in this "Protective Materials" category of are public Facebook posts (dating as far back as 2013) by Mr. El Gammal and Samy El-Goarany even though those posts remain readily available to others, and the contents of those posts have been widely quoted and disseminated *by the government* to the public as part of its complaint in this action, in its motion practice, and even in its press releases. The government has used information from the very documents it claims confidential to press their point in their publicly filed motion papers.

It is absurd to suggest that the government can publicly use and broadcast the contents of these readily available Facebook posts with no ill effect on "national security, the safety of others, or ongoing investigations," while defense counsel's sharing (not even providing a copy) of those same posts with potential defense witnesses will somehow harm others or impede ongoing investigations; investigations which according to the government are still ongoing a year and a half after Mr. El Gammal's arrest.

Equally untenable is the government's sharing of designated materials with its own witnesses in preparation for trial. Either the documents at issue are so sensitive they should be kept from third-party witnesses, or they are not. Any documents shown to government witnesses as part of trial prep, or that are to be publicly-filed government trial exhibits, should no longer be designated as "Protective Materials."

The government's wholesale and indiscriminate over-designation of documents is particularly inappropriate under the circumstances of this case. This case does not involve an ongoing investigation. Rather, the investigation is complete, and the alleged small-scale recruitment conspiracy at issue has been smashed. Mr. El Gammal has been

---

[1] The government has designated almost all discovery as confidential. The only exceptions are the following broad categories which are not subject to the Protective Order: information from Mr. Gammal's phones and i-pad; prison calls, emails between Atteia and Samy El-Goarany, YouTube videos, cell site records and the government's *Brady* disclosures.

in prison for some time. According to the government, Mr. El-Goarany is dead. Every witness to this conspiracy is now aware of the facts of this case; the government made sure of that when it publicly filed its motion papers. The government cannot point to anyone hurt by their disclosure, or put at risk, because of their deliberate use of the designated materials in its press releases, public filings, and trial preparation. Likewise, the government cannot, in good faith, point to anyone who could or will be hurt, or placed at risk, if the designated materials also are used by defense counsel in defending Mr. El Gammal.

To remedy this over-designation, and safeguard Mr. El Gammal's due process right to a fair trial and his Sixth Amendment right to prepare and present a complete defense, this Court should order the following relief.

*First*, the "Protective Materials" designation should be immediately lifted as to anything that is in a public filing, press release, Facebook or any other social media post.

*Second*, it is unclear whether the government took any real searching or careful review before designating materials under the PO. Certainly, it does not appear to have conducted any re-review since that initial designation. The Court should order the government to conduct that review now, and de-designate any materials that are (i) publicly available; (ii) will be a publicly filed government trial exhibit; (iii) have been shown to third-party fact witnesses by the government; or (iv) do not otherwise fall within the narrow definition of "Protected Materials."

In *United States v. Ricaurte Gomez*, 15 Cr. 109 (NRB), Judge Buchwald ordered the government to undertake a review of the documents it had designated as confidential, to ensure it had marked *only* those documents that were truly confidential, and had not unnecessarily impeded defendant's right to mount a defense by over-designating documents. Similarly, in *United States v. Ahmad Rahimi*, Docket No. 16 Cr. 760 (RMB), Judge Richard J. Berman ordered the government to ensure that the volume of confidential materials was truly confidential and then further ordered the government to conduct a review – "*at least* every four weeks" of those limited documents still designated confidential to protect the defendant's right to prepare a defense. Judge Berman ordered the government to undertake a "good faith review at least every 4 weeks of the documents marked confidential" and "advise defense counsel and the Court as to whether any [confidential] documents may be released from the Protective Order." Rahimi Protective Order at paragraph 6, **Exhibit B**. The government has undertaken no such review here. It should.

### Conclusion

As it stands, the protective order allows the government to show its witnesses any documents it need so to prepare its prosecution. Clearly the defense is at a disadvantage. As in the cases discussed above, and given the government's clear over-designation of materials, a review should be ordered and conducted by the government forthwith, so Mr. El Gammal can prepare and conduct an appropriate defense.

Given that trial is set for January 9, 2017, we ask the Court to Order the government to either modify the protective order, or undertake and immediate review of the documents and report back to the Court in 48 hours as to what national security interest or pending investigations justify the continued protected status of the discovery in his case.

Respectfully submitted,

/s/  
Daniel Habib  
Annalisa Miron  
Sabrina Shroff  
Assistant Federal Defenders

cc: AUSAs Tekeei, Quigley, DeFillipis (by ECF)  
Mr. Ahmed M. El Gammal (by mail)

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9\|16\|2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

AHMED MOHAMMED EL GAMMAL,
  a/k/a "Jammie Gammal,"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATED PROTECTIVE ORDER**

15 Cr. 588 (ER)

EDGARDO RAMOS, District Judge:

    WHEREAS, AHMED MOHAMMED EL GAMMAL, a/k/a "Jammie Gammal," the defendant, has sought from the Government access to certain materials that are discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16"), including certain materials that, if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations (the "Protected Materials");

    WHEREAS, the Government desires to protect the safety of others and ongoing investigations disclosed in the Protected Materials; and

    WHEREAS, in the interest of expediting the discovery process, AHMED MOHAMMED EL GAMMAL, the defendant, by his attorney, Sabrina Shroff, Esq., consents to the entry of this Order;

    NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.    The Protected Materials shall be used by the defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals, in this criminal action. To the extent the Protected Materials are shown to additional persons consistent with the terms set forth below, those additional persons

may use the Protected Materials only in connection with this criminal action.

    2.  The Government will mark all items subject to this protective order in a manner indicating their protected status.

    3.  The Protected Materials and the information and identities contained or disclosed therein:

    (a)  Shall be used by the defendants or his counsel only for purposes of this action;

    (b)  Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 3(c) below;

    (c)  May be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

      (i)  investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys;

      (ii)  independent expert witnesses, investigators or advisors retained by the defendant in connection with this action; and

      (iii)  such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

    (d)  Shall be returned to the Government [or destroyed] following the conclusion of this case.

    4.  The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom the Protected Materials are disclosed pursuant to paragraph 3(c)(i),

2

(ii) and (iii). Designated Persons shall be subject to the terms of this Order.

        5.        The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter.

AGREED AND CONSENTED TO:

_____    9/16/15
Sabrina Shroff, Esq./Anna Lisa Miron    Date
Attorney for AHMED MOHAMMED EL GAMMAL,
a/k/a "Jammie Gammal,"


SO ORDERED:

_____    9/16/15
HON. EDGARDO RAMOS    Date
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT B

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,
                                Government,                    16 Cr 760 (RMB)

        -against-                                        **ORDER**

AHMAD RAHIMI,
                                Defendant(s).
-------------------------------------------------------------X

**Richard M. Berman, U.S.D.J.:**

       Having reviewed the record herein including, without limitation, the Government submissions (publicly filed and filed *ex parte*) dated November 30, 2016 and December 6, 2016; the Defense submissions (publicly filed and filed *ex parte*) dated November 30, 2016, December 2, 2016, and December 7, 2016; having heard the parties in open court and *ex parte* on December 5, 2016; and having reviewed protective order jurisprudence in criminal cases, the Court hereby enters the Protective Order (attached hereto as Exhibit A) sought by the Government and opposed by the Defense, along with certain modifications set forth below:

       1- The Protective Order is the least restrictive mechanism which satisfies the security and investigatory concerns raised by the Government as well as the Defense requirement for full and prompt disclosure of discovery materials needed to prepare a thorough defense. It should be noted that the Protective Order pertains only to Government-designated unredacted "confidential" discovery materials. All other discovery falls outside of the Protective Order, including, without limitation, "reports of the defendant's statements, surveillance videos, materials that were produced in the New Jersey prosecution . . . grand jury materials and other documents that do not relate to the ongoing investigation . . ." (Transcript of proceedings held on December 5, 2016 ("Tr.") at 3:20-25.)

-1-

It should also be noted that even "confidential" materials are being provided to defense counsel of record as well as to other members of the defense team and the defendant, Ahmad Rahimi, co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff and expert witnesses.[1]

2- The parties have done a commendable job of narrowing the Protective Order/discovery issues concerning "confidential" materials. The issue they were unable to resolve consensually relates to the conditions under which materials marked "confidential" may be shown to fact witnesses.

3- The Government has met its burden of establishing good cause to support the Court's issuance of the Protective Order. See United States v. Smith, 985 F.Supp.2d 506, 531 (S.D.N.Y. 2013) (where there were "ongoing investigations into criminal conduct related to the discovery materials . . . and [] public disclosure of some of [those] materials plausibly could undermine [those] investigations."); United States v. Gangi, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998). Among other things, the Government is justifiably concerned about (i) securing the safety and well being of the community against physical harm; and (ii) the confidentiality and timing of ongoing related investigations. See Tr. at 4:22-25 (AUSA Bove: "[T]he government's position is that the measures that were proposed by the defense . . . are not sufficient to account for the concerns we have raised relating to the ongoing investigation . . ."); and Tr. at 11:23-25, 12:1-3 (AUSA Bove: "[T]he [confidential] discovery is going to include materials that . . . could be used by others to create other situations that compromise public safety and national security. . .")

---

[1] Protective orders have been entered in this District in the following cases, among others: United States v. Alimehmeti, 16 Cr. 398 (PAE); United States v. Flores et al., S2 15 Cr. 765 (PAC); United States v. Viafara-Mina, S6 11 Cr. 793 (ALC); United States v. Rivera-Mena, 15 Cr. 438 (LAP); United States v. El Gammal, 15 Cr. 588 (ER); and United States v. Zarrab, 15 Cr. 867 (RMB).

-2-

4- Protective orders are also routinely granted prior to the production of documents pursuant to 18 U.S.C. § 3500 where there are legitimate security concerns, see, e.g., United States v. Basciano, 2006 WL 2270432, at *2 (E.D.N.Y. June 30, 2006); United States v. Garcia, 406 F.Supp.2d 304, 306-307 (S.D.N.Y. 2005); United States v. Williams, 2005 WL 664933, at *1 (S.D.N.Y. Mar. 22, 2005). Protective orders are also granted pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III §§ 1- 16, and Federal Rule of Criminal Procedure 16(d)(1) when the disclosure adversely could affect national security. See United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008); United States v. Al Farekh, 2016 WL 4444778, *3 (E.D.N.Y. Aug. 23, 2016); and United States v. Abu-Jihaad, 2008 WL 346121, *1 (D. Conn. Feb. 4, 2008).

5- The Protective Order, as modified herein, is narrowly tailored to support Counsels' ability fully to prepare the defense of Mr. Rahimi. The Court has taken and will continue to take all appropriate steps to ensure that Mr. Rahimi receives a fair trial.

6- To meet concerns expressed by the Defense, the Court further directs that the Government shall undertake good faith reviews at least every 4 weeks of the documents marked "confidential" and shall advise Defense Counsel (copy to the Court) as to whether any such documents may be released from the Protective Order.

In addition, any Court determination as to the circumstances under which a "confidential" document may be reviewed by a fact witness will be based upon the record and the *ex parte* submission by the Defense. In reviewing such a request by the Defense, the Court foresees no circumstance under which it would seek additional information *ex parte* from the Government.

7- The Government is directed **forthwith** to make disclosure of discovery materials to the Defense, including pursuant to the Protective Order, and to apprise the Court of the status of discovery by letter by December 14, 2016.

Dated: New York, New York
December 8, 2016

RMB<br>Hon. Richard M. Berman, U.S.D.J.

Case 1:15-cr-00588-ER  Document 106  Filed 12/12/16  Page 14 of 17
Case 1:16-cr-00760-RMB  Document 27  Filed 12/08/16  Page 5 of 8
Case 1:16-cr-00760-RMB  Document 20-1  Filed 11/30/16  Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXHIBIT A

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

       - v. -                          :

AHMAD KHAN RAHIMI,                :
    a/k/a "Ahmad Rahami,"

            Defendant.         :

- - - - - - - - - - - - - - - - x

PROTECTIVE ORDER

16 Cr. 760 (RMB)

       WHEREAS defendant AHMAD KHAN RAHIMI, a/k/a "Ahmad Rahami," has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pretrial discovery;

       WHEREAS the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

       WHEREAS the volume of discovery materials that the Government intends to provide to the defendant contains certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and the national security and impede ongoing investigations;

       WHEREAS the Government has demonstrated good cause for the relief set forth herein;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d), that discovery materials designated confidential by the Government and provided to counsel of record (the "Confidential Discovery") shall not be further disseminated by the defendant or his counsel to any individuals, organizations, or other entities, other than: (1) members of the defense team (limited to the defendant, co-counsel, paralegals, investigators, translators, litigation support personnel, and secretarial staff); (2) defense experts; and (3) such other persons as hereafter may be authorized by the Court upon a motion by the defendant pursuant to the next paragraph;

IT IS FURTHER ORDERED that defense counsel may seek authorization of the Court to show (but not provide copies of) certain specified Confidential Discovery materials to persons whose access to Confidential Discovery materials is otherwise prohibited by this Order, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case. Each of the individuals to whom disclosure of Confidential Discovery materials is made shall be provided a copy of this Order by counsel of record and advised by counsel of record that he or she shall not further disseminate the Confidential Discovery materials except by the express direction of counsel of record;

2

IT IS FURTHER ORDERED that all Confidential Discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense to the charges in the Indictment, and that none of the Confidential Discovery materials produced by the Government to the defense shall be disseminated to any other third party not described in the preceding paragraphs;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the Government;

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding; and

FINALLY, IT IS ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Federal Rule of Criminal Procedure 16(d) as to particular items of discovery material.

Dated: New York, New York
December 8, 2016

*RMB*

THE HONORABLE RICHARD M. BERMAN
United States District Judge
Southern District of New York