

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 13, 2016

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

    The Government respectfully submits this letter in opposition to the defendant's December 12, 2016 motion, requesting that the Government undertake an "immediate" review of materials subject to the Stipulated Protective Order in this case or that the Court order the Government to modify the Protective Order ("Def.'s Mot."). As set forth below, the Court should deny the defendant's motion.

    The Protective Order, as stipulated, appropriately balances the interest in controlling the dissemination of materials produced in discovery with the defendant's interest in preparing for trial. Tellingly, the defense filed the instant motion almost 15 months after signing the Protective Order and nearly three months after trial originally had been scheduled to commence. During that time, the defense was presumably able to interview fact witnesses and otherwise prepare for trial within the framework of the existing Protective Order. And this is unsurprising. The Stipulated Protected Order, among other things, allows the defense to show the Protected Materials to individuals who are not on the defense team, with leave of the Court. *See* Stipulated Protective Order ¶ 3(c)(iii). The defense has invoked this provision in this case, and the Government has not objected to the defense doing so in an *ex parte* fashion. Further, the Protective Order does not limit the defense's use of the Protected Materials in court filings or at trial. *See* Stipulated Protective Order ¶ 5 ("The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial or sentencing proceeding held in this action, or to any judge or magistrate of this Court in connection with the above-captioned matter.").

    In addition, requiring, as the defense requests, the Government to undertake a wholesale re-review of hundreds of thousands of pages of discovery less than four weeks before trial would place a significant burden on the Government as it too prepares for trial. Indeed, "it would be virtually impossible, let alone unduly burdensome, for the Government to conduct a page-by-page, document-by-document review to single out those portions of the discovery materials that

Hon. Edgardo Ramos
December 13, 2016

must be shielded from the public and the media." *United States* v. *Smith*, 985 F. Supp. 2d 506, 545-46 (S.D.N.Y. 2013).

The Protected Materials also include numerous communications involving people who are not charged with, or suspected of, any crimes. The privacy interests of these individuals, in addition to the investigatory and safety concerns outlined above, provide a further reason to limit the dissemination of the Protected Materials. *See Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("The privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted" (emphasis added)).

Finally, the investigatory and safety concerns cited in the Protective Order remain valid today.[1] While CC-1 is now deceased, the Government has continued, since the Stipulated Protective Order was signed, to take investigative steps with respect to other individuals connected to the defendant. Further, allowing unchecked dissemination of the Protected Materials could result in those materials entering the public domain, providing ISIL supporters or other individuals with valuable insight into the means and methods by which the Government conducts counterterrorism investigations. *United States* v. *Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002) (granting protective order with respect to reports generated during interviews of al Qaeda detainees, citing the need "to prevent members of international terrorist organizations, including al Qaeda, from learning, from publicly available sources, the status of, the methods used in, and the information obtained from the ongoing investigation of the detainees").

To be sure, a (relatively small) portion of the Protected Materials are likely to become public as exhibits at the defendant's trial. In light of that, the Government has no objection to lifting the Protective Order with respect to the majority of the materials on its October 3, 2016 draft exhibit list, with certain exceptions.[2] But that is not a reason to grant the requested relief, in which the defendant appears to seek essentially a wholesale lifting of the Protective Order. *See* Def.'s Mot. at 3 (seeking to "lift" the Protective Order "as to anything that is in a . . . Facebook or . . . other social media post"). For the balance of the Protected Materials, the concerns outlined above will remain valid into the foreseeable future, and the defendant has not provided any basis for allowing wholesale, uncontrolled dissemination of those materials.

---

[1] While the defense argues that "case law requires the government to ensure that" the disclosure of "each and every document" subject to the Protective Order would "threaten national security, the safety of others, or ongoing investigations," it cites no such case law.

[2] The exceptions are GX 100, 101, 101-A, 102, 110, 111, 112, 113, 114, 120, 122, 123, 200, 300, and 300-A. The materials are the complete versions of various social media and e-mail search warrants returns, to which the confidentiality concerns outlined above are the most applicable; materials that the Government is, at this point, unlikely to offer in its case-in-chief; and/or materials that raise other specific law enforcement sensitivities.

Hon. Edgardo Ramos
December 13, 2016

      Accordingly, the Court should deny the defendant's motion.

                                   Respectfully submitted,

                                   PREET BHARARA
                                   United States Attorney

                by: _____/s/_____
                                   Andrew DeFilippis
                                   Brendan Quigley
                                   Negar Tekeei
                                   Assistant United States Attorneys
                                   (212) 637-2231/2190/2482

Enclosures

cc:  Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
      *Counsel for Ahmed Mohammed El Gammal*