# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 14, 2016

**By ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

Re:   **United States v. El Gammal, 15 Cr. 588 (ER)**

Hon. Judge Ramos:

      We represent defendant Ahmed Mohammed El Gammal, and hereby respectfully respond to the government's December 13, 2016 opposition letter ("Opp.").

      In our moving letter, we asked the Court to remedy the prejudice caused to Mr. El Gammal by the government's clear over-designation of materials. Specifically, we asked that the government be ordered to do what it was required to do under the Protective Order in the first place – carefully review its production and designate as "Protective Materials" only those "materials that, if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations." PO at 1. That is the government's burden to bear and not one to be shifted to the defense.

      The case law is clear and the government knows it: A party seeking a protective order over discovery material must demonstrate that "good cause" exists for the protection of that material. Fed. R. Crim. P. 16(d)(l); *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). In turn, "good cause" requires a "particularized, specific showing." *Bulger*, 382 F.R.D. at 52. Broad, generalized allegations of harm are not enough. *Id.* Further, in assessing whether "good cause" has been shown, courts must give deference to a defendant's constitutional "due process right to prepare and present a full defense at trial." *United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002). In this regard, courts routinely reject as overbroad pre-authorization requirements, such as the one proposed by the government here, even in cases in which a "national security" interest exists. *See, e.g., Lindh*, 198 F. Supp. 2d at 743 (declining to enter protective

order provision that would have required Lindh to notify government of intended disclosure of discovery materials to witnesses on basis that identities of defense witnesses constituted defense strategy; *ex parte* filing of acknowledgment of having read and understood protective order deemed to be sufficient).

The government has failed to meet that burden and this Court should grant us relief in one of two ways: either modify the protective order to allow for Mr. El Gammal to show discovery to fact witnesses or have the government undertake review to ensure that only confidential documents are designated in that manner.

Such relief was ordered by other Court's in this district. In *United States v. Jones*, 16-Cr.-019, Judge Gardephe recognized that the proposed prohibition on discussing certain factual evidence with any third party, absent prior court authorization, is an overly broad impairment of a defendant's ability to prepare his defense, and the protective order in *Jones* has language that we ask the Court here to adopt. Exhibit A. The specific language we ask be included in the Proposed Order is as follows:

> In addition, counsel of record for any defendant or any defense investigator may show (but not provide copies of) discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case.

If the government continues to object to the modification and continues to assert that all of the discovery including Facebook, Twitter and other social media posts from as far back as 2013, we ask the Court to hold the government to its burden: show that the documents are truly confidential. That is precisely what other Judges in this Court have done. In *United States v. Ricaurte Gomez*, 15 Cr. 109 (NRB) (ordering the government to undertake a review of the documents it had designated as confidential, to ensure it had marked *only* those documents that were truly confidential), and *United States v. Ahmad Rahimi*, 16 Cr. 760 (RMB) (ordering the government to undertake a "good faith review at least every 4 weeks of the documents marked confidential").

If anything, the government's Opp. confirms the propriety of the relief requested by Mr. Gammal.

In its Opp., the government nowhere contends that it made any effort to designate as "Protected Material" only those documents that deserve that designation. *See* Opp. at 1-3. Nor could the government properly claim to have conducted such a review, given that it broadly designated almost all of its discovery as "Protected Material," including

documents that are publicly available via Facebook or other social media; have been quoted or discussed by the government in its complaint, press releases, and motion practice; and/or have been shown to government fact witnesses in preparation for trial. By definition, documents and information in the public domain, including documents and information deliberately placed in the public domain by the government, are not confidential, and should not be restricted under the PO.

The PO is unambiguous. The government may, *for good cause shown*, only designate as "Protected Material" those documents that "if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations." PO at 1. If a document does not fall within that narrow category, the government cannot falsely designate it as such. Nor can the government use such false designations to restrict, and prejudice, Mr. El Gammal's trial preparation and defense. As the Court noted in *United States v. Smith*, 985 F. Supp.2d 506, 545 (S.D.N.Y. 2013), "[p]rotective orders vary in range and type." Having proposed, drafted, and championed the PO, the government cannot now persuasively contend (Opp. at 1) that its provisions are too onerous, and the government should be excused from designating only "Protected Material" as "Protected Material." Having failed to conduct a proper review in the first place, the government is now required to conduct that review.

Moreover, under the PO and fundamental considerations of Due Process, it is, and remains, the government's duty and burden to review its production and properly designate only "Protected Material" as "Protected Material." Thus, it is of no moment that Mr. El Gammal has not requested this relief previously. Recently, ■■■■

The government contends that, because the "Protective Order does not limit the defense's use of the Protected Material in court filings or at trial," Mr. El Gammal has not been prejudiced. Opp. at 1. The government is wrong. Fact witnesses must be interviewed and prepared prior to trial. Indeed, in its Opp., the government does not deny that it has shared "Protected Materials" with its own witnesses in preparation for trial. Surely, preparing for trial is not a right or privilege reserved for the United States Attorney's Office. The government's one-sided un-proscribed use of the discovery shows that it must be shown and discussed with fact witnesses pre-trial. By definition, any materials used or shown to government witnesses as part of trial preparation no longer properly falls within the definition of "Protective Materials" and should be de-designated.

In short, the government's opposition does not validate or excuse the

Hon. Edgardo Ramos  
Judge, Southern District of New York

December 14, 2016  
Page 4

United States v. El Gammal, 15 Cr. 588 (ER)

government's failure to adhere to the PO, and properly designate documents. This failure must be remedied. Accordingly, we continue to respectfully request that the Court either modify the protective order and incorporate the language used in Jones or Order the government to de-designate any materials that are (i) publicly available; (ii) will be a publicly filed government trial exhibit; (iii) have been shown to third-party fact witnesses by the government; or (iv) do not otherwise fall within the narrow definition of "Protected Materials."

Respectfully submitted,

/s/  
Daniel Habib  
Annalisa Miron  
Sabrina Shroff  
Assistant Federal Defenders

cc: AUSAs Tekeei, Quigley, DeFillipis (by ECF)  
Mr. Ahmed M. El Gammal (by mail)

# *Exhibit A*

Case 1:15-cr-00588-ER Document 109 Filed 12/14/16 Page 6 of 8
Case 1:16-cr-00019-PGG Document 18 Filed 03/28/16 Page 1 of 3
Case 1:16-cr-00019-PGG Document 17-1 Filed 03/25/16 Page 1 of 3

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

    - v. -                   :    16 Cr. 019 (PGG)

MAALIK ALIM JONES,               :

        Defendant.          :

- - - - - - - - - - - - - - - - x

## PROTECTIVE ORDER
## PERTAINING TO UNCLASSIFIED INFORMATION

UPON application of the Government, and with consent of the defense:

WHEREAS, the defendant has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pretrial discovery;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

WHEREAS, the discovery materials that the Government intends to provide to the defendant contain certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and implicate national security concerns, and impede ongoing investigations;

Case 1:15-cr-00588-ER Document 109 Filed 12/14/16 Page 7 of 8
Case 1:16-cr-00019-PGG Document 18 Filed 03/28/16 Page 2 of 3
Case 1:16-cr-00019-PGG Document 17-1 Filed 03/25/16 Page 2 of 3

IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d), that discovery materials provided by the Government to counsel of record[1] shall not be further disseminated[2] by the defendant or his counsel to any individuals, organizations or other entities, other than members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, defense experts, and secretarial staff). In addition, counsel of record for any defendant or any defense investigator may show (but not provide copies of) discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case. Each of the individuals to whom disclosure of discovery materials is made shall be provided a copy of this Protective Order by counsel of record and will be advised by counsel of record that he or she shall not further disseminate the materials except by the express direction of counsel of record;

IT IS FURTHER ORDERED that all such discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense to the

---

[1] Counsel of record means Sean Maher, Esq.

[2] "Disseminated," as used herein, means to provide a copy of the particular piece of discovery, provide quotations from a particular piece of discovery, summarize the contents of a particular piece of discovery, and/or show a particular piece of discovery to others.

charges in the Indictment, and that none of the discovery materials produced by the Government to the defense shall be disseminated to any other third party not described in the preceding paragraphs;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further Protective Order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the Government;

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding;

IT IS FURTHER ORDERED that at the conclusion of this case, defense counsel of record shall return to the Government all copies of the discovery material provided in this case; and

FINALLY, IT IS ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

Dated:     New York, New York
           March 26, 2016

                                          SO ORDERED:

                                          _____
                                          HONORABLE PAUL G. GARDEPHE
                                          United States District Judge
                                          Southern District of New York