**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

December 14, 2016

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

**Re:** <u>**United States v. El Gammal**</u>**, 15 Cr. 588 (ER)**

Hon. Judge Ramos:

The government has now written the Court twice, without ever responding to the three basic facts that conclusively support the relief requested by Mr. Gammal.

*One*: The Protective Order, prepared and drafted by the government, expressly and unambiguously requires the government to designate as "Protected Materials" only those "materials that, if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations." PO at 1. Only that narrow category of documents is to be subject to restriction under the PO. *Id.*

*Two*: Rather than meet its burden and duty, under the PO it wrote, to only designate "Protected Materials" as "Protected Materials," the government labeled nearly its entire discovery as "Protected Materials," including documents that are plainly not "Protected Materials" as specifically defined in the PO. These wrongly labeled materials include public posts on social media, materials deliberately disseminated to the press and public by the government, and materials used by the government to prepare its own case and witnesses.

*Three*: the government's decision to ignore the language of the PO, and resulting over-designation of materials, has prejudiced the preparation of Mr. Gammal's case.

The government's 12/14/16 Letter ("2d Opp."), provides no appropriate basis to deny the requested relief. In this regard, the government's attempt to distinguish the three cases, *Jones, Ricaurte-Gomez* and *Rahimi*, in which the government was required to review its confidentiality designations to ensure that they were appropriate, fails. It is of

Hon. Edgardo Ramos  December 14, 2016
Judge, Southern District of New York  Page 2

<u>United States v. El Gammal</u>, 15 Cr. 588 (ER)

no moment that the protective order in *Jones* was agreed upon by the government and then approved by the court; that *Ricaurte-Gomez* was in a drug case; or that *Rahimi* supposed involved different "sensitivities." 2d Opp. at 1.  What matters is that, in each of those cases, the Court ordered the government to conduct a review to ensure the government had designated only truly confidential material as "confidential."

The government does not, and cannot, cite to any case that permits it to do what it did (and seeks to continue to do) here: ignore the plain language of the PO.  Indeed, had the government proffered a protective order that designated all governmental discovery in this case as "protected," defense counsel would have objected to it, and, we believe, the Court would have refused to enter it.  Yet, this is functionally what the government has achieved, by improperly ignoring the narrow definition of "Protected Material" in the PO, and deliberately over-designating materials as protected.

Not once does the government explain why these patently non-confidential documents – including Facebook and other social media posts publicly available from as far back as 2013 – should remain "Protected Materials."  Not once do they inform the Court what investigation is still afoot that would be compromised by a proper re-designation of the Rule 16 discovery in this case.  Not once does the government show how it has met its burden of showing these documents should remain confidential.

Nor does it matter that "*most if not all* of the Government's fact witnesses will be law enforcement officers, records custodians whose employers provided the documents to the Government in the first place, or individuals who were parties to the communication they will be testifying about." 2d Opp. at 2 (emphasis added).  Records custodians and individuals, regardless of if they were or were not parties to the communication, remain "third parties" under the PO, and any "protected" documents or information provided to them by the government must be de-designated.  The same is true for any other "third party" trial witness the government has not yet identified.

Further, the PO covers more than trial witnesses.  Indeed, this is part of the problem Mr. El Gammal faces.  He may not discuss the improperly designated "Protective Material" with any fact witness. ███████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

Hon. Edgardo Ramos  December 14, 2016
Judge, Southern District of New York  Page 3

United States v. El Gammal, 15 Cr. 588 (ER)

██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████  Accordingly, no justification exists for the government's continuing refusal to de-designate those materials, so the defense may freely use these same materials and information in the preparation of its case.

      For all these reasons, and those in its prior submissions on the issue, the Court should modify the PO in this case to include the language in the *Jones* protective order and allow Mr. Gammal to prepare for trial.  In the alternative, the Court should order the government to de-designate any materials that (i) are publicly available; (ii) will be a publicly filed government trial exhibit; (iii) have been shown to third-party fact witnesses by the government; or (iv) do not otherwise fall within the narrow definition of "Protected Materials."

                                                   Respectfully submitted,

                                                   /s/
                                                 Daniel Habib
                                                 Annalisa Miron
                                                 Sabrina Shroff
                                                 Assistant Federal Defenders

cc:  Mr. Ahmed M. El Gammal (by mail)

---

[1] The bolded portion of this paragraph will be redacted from the filing provided to the government and filed on ECF, as it reveals defense investigation and work product.