

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 30, 2016

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

    Over the last several days, the defense has purported to provide notice of three expert witnesses at the upcoming trial. Although, as discussed below, the defense's expert notices are woefully insufficient, it appears that the defense seeks to elicit testimony from each of the three experts on issues that have been front and center in this case for months. Given the lateness and insufficiency of the defense disclosures, the Court should preclude testimony from these witnesses.[1]

    **I.**    <u>**Background**</u>

    On December 27, 2016, the defense notified the Government that intended to call Mr. Andrew March to "testify as an expert in the global jihadist movements and the designated foreign terrorist organization, ISIL as well as the Muslim Brotherhood." See Ex. A at 1. In the same letter, the defense told the Government that it intended to elicit testimony from Marwan Abdel Rahman "regarding English translations of certain Arabic-language materials, including electronic communications, social media content, documents, e-mails, and recordings, as well as certain aspects of Arabic vernacular, slang terminology, and idioms used in those materials." *Id.* at 2. The defense attached Mr. March's resume to the letter, but the Government has not received Mr. Abdel Rahman's.

    Two days later, the defense notified the Government via e-mail that "we may also call Mr. Aymenn Jawad Al-Tamimi to testify. His CV is attached." To date, that represents that totality of the disclosures the Government has received for Mr. Al-Tamini.

---

[1] In addition, the Government has a pending motion to preclude expert testimony from Mr. Ashkan Soltani. *See* ECF No. 122.

Hon. Edgardo Ramos
December 30, 2016

## II.  Applicable Law

Rule 16(b)(1)(C) requires the defendant to "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial."  Fed. R. Crim. P. 16(b)(1)(C).  "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  *Id.*  Rule 16(b)(1)(C) is designed "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  Fed. R. Crim. P. 16 advisory committee's note.

Moreover, pre-trial expert disclosures are necessary to determine whether potential expert testimony would comply with Federal Rules of Evidence 401, 403, and 702.  Under Rules 401 and 702, the trial court must find that proposed expert testimony is both relevant and reliable prior to admitting it into evidence.  *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *see also Kumho Tire Company, Inc.* v. *Carmichael*, 526 U.S. 137 (1999).  Further, Federal Rule of Evidence 403 applies with special force to expert testimony: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses."  *Daubert*, 509 U.S. at 595 (internal citations omitted).

## III.  Discussion

### A.  The Defense's Disclosures Are Untimely

*First*, the defendant's disclosures for all three witnesses are untimely.  On August 3, 2016, the Court so-ordered a pre-trial schedule in which defense expert notice was due October 17, 2016.  *See* ECF No. 54.  The defendant did not purport to file any expert notice until over two months past that deadline, despite the Government's repeated requests for reciprocal discovery and expert disclosures.

There is no excuse for these late disclosures.  The issues on which the purported experts apparently intend to testify—the Islamic State of Iraq and the Levant, militant jihadism more generally, and Arabic translations—have been at the forefront of this case since the defendant's arrest and the unsealing of the complaint in August 2015.  Moreover, the defense apparently retained Mr. Abdel Rahman as a potential expert several months ago.  *See* Letter from Defense Counsel to Court, Dec. 27, 2016, ECF No. 123 at 2 ("Marwan Abdul [sic] Rahman, an SDNY court certified translator[,] has been working with us for months . . . .").

In short, the Court should preclude testimony from these witnesses on the basis of the untimeliness of the disclosures alone.  *See, e.g.*, *United States* v. *Mahaffy*, No. 05-CR-613(S-3) (ILG), 2007 WL 1213738, at *3 (Apr. 24, 2007) (precluding expert testimony for untimely disclosure and noting that the defendant's "late submission is particularly egregious because he has been in possession of the Superseding Indictment for over a year, ample time to determine the topics upon which his expert would testify"); *United States* v. *Wilson*, 493 F. Supp. 2d 484, 488 (E.D.N.Y. 2006) (finding untimeliness of defense expert disclosure a "a separate and

Hon. Edgardo Ramos
December 30, 2016

independent basis for precluding" expert testimony); *see United States* v. *Petrie*, 302 F.3d 1280, 1288 (11th Cir. 2002) (affirming district court's preclusion of expert testimony for untimely disclosure).

### B. The Disclosures Are Insufficient with Respect to Mr. March and Mr. Al-Tamini

*Second*, the disclosures are insufficient with respect to Mr. March and Mr. Al Tamini, because the disclosures do not provide the "witness's opinions" or the "bases and reasons for those opinions." Fed. R. Crim. P. 16(b)(1)(C).[2]

The defense asserts that Mr. March:

> Is expected to testify about the principals and customs of Islam, The history, structure, strategic goals, geographic location, and methods and means, including current and historical sources and influences on ISIL's ideology as well the ideology of the Muslim Brotherhood. In addition, Mr. March will testify about the meaning of certain jargon used by [CC-1] including the terms "daesh," "the State," "caliphate," "Sham," and "mujahedeen."

> Mr. March may be asked to testify about certain physical evidence the Government will offer at trial, including videos from [CC-1's] Facebook page as well as Mr. El Gammal's Facebook so as to explain the significance of those materials and the phrases, images, and symbols contained therein.

Ex. A at 2. This disclosure merely identifies broad topics that the defendant intends to ask Mr. March about, and fails to explain what his anticipated opinions will be or the bases for those opinions, as required by Rule 16(b)(1)(C).

The defense disclosure with respect to Mr. Al-Tamini simply provides his resume, without any specifics about the subjects of his testimony, much less his "opinions [and] the bases and reasons for those opinions." Fed. R. Crim. P. 16(b)(1)(C).

As such, because the defendant's disclosures for both Mr. March and Mr. Al-Tamini fail to provide any information about their "opinions [and] the bases and reasons for those opinions," the disclosures fail to comply with Rule 16. *See, e.g.*, *United States* v. *Ulbricht*, No. 14 Cr. 68 (KBF), 2015 WL 413318, at *6 (S.D.N.Y. Feb. 1, 2015) ("The lack of any opinions in defense counsel's initial disclosures is a flagrant failure to comply with Rule 16."); *United States* v. *Ferguson*, No. CRIM 3:06CR137 CFD, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) (explaining that defense disclosure was insufficient because

---

[2] Given that the defense has already produced draft translations that were (apparently) produced by Mr. Abdel Rahman, the Government is not challenging the sufficiency of the disclosures with respect to Mr. Abdel Rahman at this time but reserves the right do so should the defense seek to introduce additional testimony from Mr. Abdel Rahman.

Hon. Edgardo Ramos
December 30, 2016

it "merely identifies topics about which [the proposed expert] will testify, not his opinions on these subjects."); *Wilson*, 493 F. Supp. 2d at 487 (finding expert disclosure inadequate where the defendant "made no attempt at all to describe 'the bases and reasons for [the expert's] opinions"); *see also United States* v. *Concessi*, 38 Fed. Appx. 866, 868, 2002 WL 1162339, at *1 (4th Cir. June 3, 2002) (finding no abuse of discretion in district court's preclusion of expert testimony where the disclosures "included only general topics concerning which each proposed expert would testimony" and "failed to describe the witnesses['] opinions or provide the basis and reasons for the witnesses' opinions").

In contrast, the Government's disclosures for its expert on militant jihadist groups, Aaron Zelin, contained extensive information about Mr. Zelin's opinions on ISIL, the Muslim Brotherhood, and other issues relating to the Middle East and militant jihadism. That detailed information was contained in the Government's October 27, 2016 letter, *see* Ex. B, as well as in the transcript of Mr. Zelin's testimony in *United States* v. *Pugh*, No. 15 Cr. 116 (E.D.N.Y. 2016), which the Government provided to the defense on October 3, 2016. The defense's disclosures provide no insight into Mr. March's or Mr. Al Tamini's opinions, the bases for those opinions, or how those opinions differ, if at all, from Mr. Zelin's, thus undermining one of the main purposes of Rule 16. *See Ulbricht*, 2015 WL 413318, at *6 ("Rule 16 requires that an expert's opinions and the bases for those opinions be set forth in the disclosures. Again, the rules do not allow trial by ambush.").

Accordingly, the Court should additionally preclude the testimony of Mr. March and Mr. Al Tamini because of the insufficiency of the defense's disclosures.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

by: _____/s/_____
                Andrew DeFilippis
                Brendan Quigley
                Negar Tekeei
                Assistant United States Attorneys
                (212) 637-2231/2190/2482

Enclosures

cc: Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
    *Counsel for Ahmed Mohammed El Gammal*