

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 1, 2017

**By ECF and Email**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

    The Government writes in response to the defendant's December 31, 2016 letter seeking preclusion of the Government's Arabic language expert ("Def's Mot.").

    I.    **Background**

    As the Court is aware, in early October, the Government noticed Ms. Laila Sabara as an Arabic-language expert in this case. Ms. Sabara was retained through an independent translation agency. In anticipation of the December 5 trial date, Ms. Sabara completed translations of Arabic-language materials in early November, one month before the scheduled trial date. Trial was then adjourned until January 9.

    When the Government met with Ms. Sabara in early December to begin preparations for her testimony, she expressed serious reservations about testifying in a public proceeding. The Government immediately notified the translation agency that this was unacceptable, and the translation agency identified a new Arabic-language expert, Ahmed Abdel Motaleb, who the Government promptly noticed and who promptly began reviewing the translations in this case for accuracy.[1]

    The Government produced the Mr. Motaleb's versions of the previously produced translations to the defense on December 23, 2016, over two weeks before trial (the "Revised Translations").

---

[1] In addition to reviewing Ms. Sabara's translations, the Government asked Mr. Motaleb to review a limited number of materials, including certain videos and GX 4-B (which is a largely English language document, *see* Def.'s Mot., Ex. A, at 3), in the first instance.

Hon. Edgardo Ramos
January 1, 2017

## II.     **Discussion**

There is no reason to preclude Mr. Motaleb's testimony.

*First*, a large number of the revisions in the Revised Translations consist of typographical, formatting, or other non-substantive changes, such as capitalizing the first letter of English-language sentences.

*Second*, to the extent there are substantive changes, Mr. Motaleb, was, of course, obligated to translate the materials fairly and accurately based on his training and experience as an interpreter and translator.  Moreover, the Revised Translations were still produced to the defense more than two weeks before trial, and to the extent the Government had made any modifications to the translations since then, those modifications consisted almost entirely of accepting many of the revisions that the defense had proposed to the translations.  In short, even with the need for the Government to change translators, the timeline in this case has been reasonable and consistent with the practices in other cases in this District.  *See, e.g.*, Ex. A, Transcript, *United States* v. *Flores*, 15 Cr. 765 (PAC) (S.D.N.Y. Oct. 13, 2016) (in case involving voluminous Spanish-language documents and recordings, exhibits due five days before the start of jury selection and ten days before opening statements).

*Third*, as the defense is aware from having received the Government's exhibits on December 30, the Government has significantly narrowed the scope of the Arabic-language materials it intends to introduce at trial, in light of this Court's rulings and as part of a general streamlining of its case.  Indeed, the Government is not seeking to offer the communication regarding "bombing" cited on page one of defendant's December 31, 2016 letter, because the Court expressly ruled that conversation inadmissible in ruling on the motions *in limine*.

*Fourth*, with respect to the defense's complaint that it is "left to individually examine each of the new translator's changes," Def's Mot. at 2, the Government has endeavored to facilitate the defense's review of the Revised Translations.  In particular, on December 23, the Government provided the defense with both "clean" versions and "track changes" versions of the documents, which "track changes" showed the modifications that Mr. Motaleb had made to the translations previously produced in November 2016.[2]

---

[2] Exhibit A to the defense motion appears to consist mainly of the track-changes documents produced by the Government on December 23.

Hon. Edgardo Ramos
January 1, 2017

*Finally*, although the defense has now acknowledged that it incorrectly stated that the Government had not produced summary translations of CC-2's Facebook records, it bears noting that the Government produced those summaries on September 28, 2015, over 15 months ago.

Accordingly, the Court should deny the defendant's motion.

                                  Respectfully submitted,

                                  PREET BHARARA
                                  United States Attorney

by: _____/s/_____
      Andrew DeFilippis
      Brendan Quigley
      Negar Tekeei
      Assistant United States Attorneys
      (212) 637-2231/2190/2482

Enclosures

cc:  Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
     *Counsel for Ahmed Mohammed El Gammal*