

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2017

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States</u> v. <u>Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

      The Government writes to inform the Court of an issue that it intends to raise at the start of tomorrow's trial day.  Counsel informed the Government this evening that they will seek to offer into evidence the following specific items:

- 16 GB Silver USB Thumbdrive
- iPhone 5s
- Sony Cybershot Camera
- GoPro Camera
- Avondale Smoke Shop card
- Arizona Voter Identification card

      To ensure that the trial is conducted in a manner such that "inadmissible evidence is not suggested to the jury by any means," Fed. R. Evid. 103(d), the Government intends to request that the Court exercise its discretion pursuant to Federal Rule of Evidence 104(a) to "decide [a] preliminary question about whether" the items the defense seeks to introduce "[are] admissible." The Government respectfully submits that the proffered evidence is irrelevant and inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403, as well as barred by the rules against hearsay.

      Initially, the defense has articulated no specific theory of relevance for these items other than presumably the contention in today's proceedings that "Gammal lived as an average American in an average American suburb in an average American state in the United States of America." (Trial Tr. at 343-44).  As the proponents of the proffered evidence, the defendant bears the burden of demonstrating the evidence's admissibility.  *See, e.g.*, *United States* v. *Rajaratnam*, No. 13 Cr. 211 (NRB), 2014 WL 2696568, at *3 (S.D.N.Y. June 10, 2014); *United States* v. *Camacho*, 353 F. Supp. 2d 524, 535 (S.D.N.Y. 2005).  As the Government will argue at tomorrow's proceedings, this purported fact has no bearing whatsoever on the defendant's guilt

Hon. Edgardo Ramos
December 30, 2016

*vel non* with regard to the charged conduct, and it is well-settled—in cases previously cited by the Government in prior pretrial submissions (Dkt. Nos. 105, 140)—that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." *United States* v. *Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990).

Moreover, not only has the defense has failed to articulate a legitimate theory of relevance for the proffered evidence, the defense has not identified the substance of its contents that it intends to seek to offer.  Given the nature of these materials, even to the extent these materials bore any arguable probative value with respect to the matters at issue in this trial, it is almost certainly the case that the contents nevertheless would be barred as inadmissible hearsay.

Accordingly, the Government anticipates that it will move to preclude admission of the proffered evidence.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: _____/S/_____
　　　Andrew DeFilippis
　　　Brendan Quigley
　　　Negar Tekeei
　　　Assistant United States Attorneys
　　　(212) 637-2231/2190/2482

cc: Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
　　　*Counsel for Ahmed Mohammed El Gammal*