**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 12, 2017

**By Email and ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re:  United States v. El Gammal, 15 Cr. 588 (ER)**

Dear Judge Ramos:

   We write in response to the government's hearsay objection to certain statements in DX-113-AA and its letter of Jan. 11, 2017 (Dkt. No. 148).  The government is mistaken and the exhibit is admissible in its entirety. Specifically, the statements to which the government objects -- in which Farooqui says that he "downloaded" cryptocat, and he and Samy set up an encrypted conversation -- fall within Rule 803(1)'s exception for present sense impressions.

   Rule 803(1) provides a hearsay exception for a statement "describing or explaining an event or condition, made while or immediately after the declarant perceived it."  "Such statements are considered to be trustworthy because the contemporaneity of the event and its description limits the possibility for intentional deception or failure of memory."  United States v. Jones, 299 F.2d 103, 112 (2d Cir. 2002).  This conversation is a set of classic present sense impressions, in which the two men sit at their computers toggling between cryptocat (where they're attempting to set up an encrypted communication) and Facebook (where they're typing a simultaneous account of their efforts).  In essence,

Hon. Edgardo Ramos                                          January 12, 2017
United States District Judge                                          Page 2

**United States v. El Gammal, 15 Cr. 588 (ER)**

Farooqui and Samy provide a "real-time narration of events" to each other, and that narration is "admissible as a present sense impression." United States v. Urena, 989 F. Supp. 2d 253, 260 (S.D.N.Y. 2013).

     To qualify as a present sense impression, three conditions must be met: (1) the declarant must have personally perceived the event; (2) the declaration must be a simple explanation or description of the event; and (3) the declaration must be contemporaneous with the event. 5 Weinstein's Fed. Evid. § 803.03[1]. Farooqui and Samy's statements satisfy each condition.[1] First, Farooqui "downloaded" cryptocat to his computer and observed the program's report that Samy was "not using it," and so personally perceived the events he described. Second, Farooqui's short, direct statements explain and describe those personal perceptions. Third, Farooqui made statements contemporaneous with his perceptions. At 05:58:50 UTC, he told Samy that he would download cryptocat when he got home. A short time later, at 06:37:13 UTC, he reported that he had "downloaded" the program. The logical inference is that Farooqui went home, sat down at his computer, downloaded cryptocat, then toggled immediately to Facebook to message Samy that he had. In any case, "[p]recise contemporaneity is not required." United States v. Medico, 557 F.2d 309, 315 (2d Cir. 1977) (citing Advisory Committee's Note to Rule 803). See, e.g., United States v. Obayagbona, 627 F. Supp. 329, 334, 339-40 (E.D.N.Y. 1985) (statement made 14 minutes after event); United States v. Mejia-Velez, 855 F. Supp. 607, 614 (E.D.N.Y. 1994) (16 minutes); United States v. Blakey, 607 F.2d 779, 785-86 (7th Cir. 1979) (23 minutes). Farooqui's further observation that cryptocat "says you're not using

---

[1] The government only identifies two of Samy's statements as objectionable: "k im here" and "u using the thing right now?" The latter is a non-hearsay question. United States v. Oguns, 921 F.2d 442, 449 (2d Cir. 1990). The former expresses Samy's state of mind under Rule 803(3); and is alternatively admissible for completeness under Rule 106.

it" is a simultaneous report. Moreover, the exchange of numerous encoded messages immediately after the men discuss cryptocat (DX-113-AA, pp.29,013 to 29,021) corroborates their statements regarding the downloading and use of an encryption tool. See Obayagbona, 627 F. Supp. at 339 ("[A] present sense impression need not be corroborated, but where corroborating circumstances ... are available, the hearsay gains in probative force.").

In the alternative, the objected-to statements are admissible to show the men's then-existing state of mind, and Farooqui's statements are admissible to show their effect on the listener, i.e., to show that Samy responded by initiating an encrypted chat with Farooqui. And, at a bare minimum, the objected-to statements are admissible for completeness, so that the jury can understand evidence impeaching Special Agent Collie's testimony that he "wouldn't be able to see it" if two people communicated via cryptocat. 1/11/17 Tr. 226.

The government has not made a particularized objection to any other statements in the exhibit, and all are admissible. For example, Samy's statement "crypto.cat," when read in combination with "let me know when u download it on ur comp," is a non-hearsay imperative. See 5 Weinstein's Fed. Evid. § 801.11[2A] & n.9 (noting that "imperatives are not hearsay because they are not assertions of fact" and collecting cases); United States v. Dupree, 706 F.3d 131, 136-38 (2d Cir. 2013) (same). Farooqui's response ("I'll do it when I get home") is a statement of future intent. See United States v. Badalamenti, 794 F.2d 821, 826 (2d Cir. 1986). And the encoded messages are non-hearsay because they're offered not to prove the truth of their contents (which are indecipherable) but to prove that Farooqui and Samy sent each other encrypted messages.

Also admissible is the other part of the exchange, in which Samy asks Farooqui to lie about his whereabouts:

Hon. Edgardo Ramos                                          January 12, 2017
United States District Judge                                          Page 4

**United States v. El Gammal**, 15 Cr. 588 (ER)


   **Samy:**        crypto.cat
   **Farooqui:**   Got it, what should I tell the fellas of they ask?
   **Samy:**        if they ask just say i got an internship and it's taking up mad time and I cant talk when we start talking on that ill fill u in

     As stated above, "crypto.cat" is not a factual assertion, but a non-hearsay imperative, and necessary for completeness to understand "when we start talking on that ill fill u in." Farooqui's question is non-hearsay. Oguns, 921 F.2d 442 at 449. Samy's instructions are non-hearsay imperatives not offered for their truth. That is, the statements are not offered to prove that Samy had a time-consuming internship, but that he asked Farooqui to lie and say that he did. And Samy's promise to fill Farooqui in when the two speak on cryptocat is a statement of future intent. Badalamenti, 794 F.2d at 826. Therefore, this material is independently admissible.

                                   Respectfully submitted,
                                   Federal Defenders of New York

                                  /s/
                                  Daniel Habib, Esq.
                                  Annalisa Mirón, Esq.
                                  Sabrina Shroff, Esq.
                                  Attorneys for Defendant
                                      **Ahmed Mohammed El Gammal**
                                  52 Duane Street - 10th Floor
                                  New York, NY 10007
                                  Tel.: (212) 417-8700