

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2017

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

    The Government writes to respectfully request that certain summary charts be admitted into evidence, pursuant to Federal Rules of Evidence 1006 and 611(a). Specifically, the Government has prepared a series of charts, attached and marked as Government Exhibits 1201, 1202, 1203, 1204, 1205 and 1206 (the "Summary Charts"), that summarize the contents of social media records from multiple different social media accounts, telephone and historical cell site records, communications from various electronic communications applications, and flight records.

**Applicable Legal Principles**

    Rule 1006 states that the "contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. Summary charts may be received in evidence, or simply be presented to the jury as an aid to better understand the evidence. *See Tamarin* v. *Adam Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993); *United States* v. *Benussi*, 216 F. Supp. 2d 299, 316, n.18 (S.D.N.Y. 2002).

    The Second Circuit has "regularly affirmed the use of such charts." *United States* v. *Blackwood*, 366 Fed. Appx. 207, 212 (2d Cir. 2010) (citing *United States* v. *Yousef*, 327 F.3d 56, 158 (2d Cir. 2003)). Where, as here, the Government introduces summary charts, "the court must ascertain with certainty that they are based upon and fairly represent competent evidence already before the jury." *Id.* (citing *United States* v. *Conlin*, 551 F.2d 534, 538 (2d Cir.1977)) (internal quotation marks omitted)).

**Discussion**

    The Court should admit the Summary Charts into evidence for several reasons:

Hon. Edgardo Ramos
January 18, 2017

*First*, the Summary Charts here each are derived from relevant portions of evidence already before the jury and, indeed, explicitly and specifically cite to the underlying exhibits admitted at trial from which the information contained therein is derived. The Summary Charts set forth detailed information concerning hundreds of communications between the defendant and his co-conspirators, and document actions taken by the defendant and his co-conspirators, from approximately June 2014 through July 2015, during the time period of the conspiracy. *See Blackwood*, 366 Fed. Appx. at 212 (admitting summary charts into evidence that "set forth detailed information concerning well over 100 telephone calls spanning three days between four individuals"). In other words, the charts fairly summarize competent evidence that is already before the jury, where that evidence otherwise would be "difficult for the jury to synthesize and evaluate, thus falling well within the purview of Rule 1006." *Id.*

*Second*, the Summary Charts will be "helpful to the jury in its evaluation of the evidence." *Id.* As is readily apparent from even a cursory review of the Summary Charts, they show the "pattern and timing" of communications between the defendant and his co-conspirators, and steps taken by the defendant and his co-conspirators during crucial time periods throughout the conspiracy. *Id.* This is exactly the type of information the Court of Appeals has held is properly admitted in the form of a summary chart. *See id.* (admitting summary charts because they showed the pattern and timing of telephone calls among co-conspirators on three crucial days of the charged conspiracy). Indeed, given the nature of the proof in this case, the evidence could not be presented to the jury in chronological order. The Summary Charts will assist the jury in putting some of the many relevant communications and actions admitted into evidence in temporal context.

*Third,* the defense will have the opportunity to cross-examine the witness offering the Summary Charts regarding the contents of those charts, thereby reducing the chance for error. *See United States* v. *Oschatz*, 912 F.2d 534, 543 (2d Cir. 1990) (court properly admitted summary chart where defense had adequate opportunity to cross-examine government's witness regarding accuracy of figures in the chart*).* Indeed, any risk here, which is exceedingly remote in view of the non-argumentative recitation of facts in evidence with specific cites to exhibits in evidence, is further diminished for at least two reasons: (i) the Government provided drafts of the Summary Charts to the defense on Monday, January 16, which was three days prior to offering the charts; and (ii) the defense has represented that it intends to present a defense case, which will span at least an intervening weekend, thereby affording the defense ample time to prepare its own summary charts to rebut the presentation of the proof set forth in the Government's Summary Charts. As such, the defense has ample opportunity to contest any disputed issue that is presented by the Summary Charts – and the Government submits there is none. *See, e.g.*, *United States* v. *Richardson*, 233 F.3d 1285, 1294 (11th Cir. 2000) ("[W]here the defense has the opportunity to cross-examine a witness concerning the disputed issue and to present its own version of the case, the likelihood of any error in admitting summary evidence diminishes." (internal quotation marks omitted)).

Hon. Edgardo Ramos
January 18, 2017

      Accordingly, the Government respectfully requests that the Summary Charts be admitted into evidence and that the jury be permitted to take the Summary Charts with them into the jury room during deliberations.

                                      Respectfully submitted,

                                      PREET BHARARA
                                      United States Attorney

                       by: _____/s/_____
                                      Andrew DeFilippis
                                      Brendan Quigley
                                      Negar Tekeei
                                      Assistant United States Attorneys
                                      (212) 637-2231/2190/2482

Enclosures

cc:  Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
      *Counsel for Ahmed Mohammed El Gammal*