

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2017

**By ECF and Email**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

      The Government respectfully submits this letter in response to the defendant's objection to a question posed on direct examination of Mohamed El-Goarany concerning his communications with Attiya Abu-el-Ela regarding the defendant's arrest in this case. *See* Trial Tr. at 1073 ("What, if anything, did Attiya Aboualala say to you with regard to that arrest?"). As explained during the sidebar on this issue, the Government expects that the witness will testify, in substance, that Abu-el-Ela informed El-Goarany of the defendant's August 2015 arrest and subsequently asked El-Goarany to help get the defendant out of trouble by retaining a lawyer for the defendant and lying to the FBI. *See* Trial Tr. at 1075-77.[1] The defendant asserts that such statements are inadmissible hearsay. They are not, for the reasons explained below.

      First, the statements are not hearsay because they are requests and/or directive that are not being offered for their truth. "Statements offered as commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay." *United States* v. *Bellomo*, 176 F. 3d 580, 586 (2d Cir. 1999); *Fischl* v. *Armitage*, 128 F. 3d 50, 58 (2d Cir. 1997) ("instructions" issued by one member of a conspiracy to another are not hearsay under Rule 801(c).) Because Abu-el-Ela was asking and/or directing El-Goarany to help the defendant retain a lawyer and lie to the FBI, these statements are not being offered for the truth of the matter asserted, but rather as imperatives and/or requests. As such, they are not assertions of fact and thus do not fall into the meaning of "statement" in Rule 801(a) and cannot be hearsay. *See United* v. *DeJesus,* No. 02-1543-CR, 2005 WL 3263788, at *2 (2d Cir. Nov. 29, 2005) (summary order) (holding that out-of-court statements from an attorney who conveyed co-conspirator's instructions to defendant "regarding what she should tell law enforcement authorities as part of her cooperation" were non-hearsay) (citing *Bellomo*, 176 F.3d at 586)). *Cf. United States* v. *Hayes*, 369 F. 3d 564, 568 (D.C. Cir. 2004) ("The imperative 'tell the truth' does not expressly assert

---

[1] The Government also expects to elicit testimony that Samy El-Goarany similarly asked Mohamed El-Goarany to assist the defendant and lie to the FBI.

Hon. Edgardo Ramos
January 19, 2017

anything."); *United States* v. *Waters*, 627 F. 3d 345, 358 (9th Cir. 2010) ("Tell the truth'" is an imperative and not an assertion of fact.  It therefore does not fall within the meaning of 'statement' in Rule 801(a) and cannot be hearsay because a non-assertion cannot have been offered to prove the truth of the asserted.") (citation omitted).

Second, these statements are admissible as co-conspirator statements pursuant to Rule 801(d)(2)(E).  In its rulings on the parties' motions *in limine*, the Court ruled admissible pursuant to Rule 801(d)(2)(E) closely related communications between Abu-el-Ela and Samy El-Goarany after the defendant's arrest.  In those statements, Abu-el-Ela instructed Samy El-Goarany to make a video exculpating the defendant.  *See, e.g.*, GX 113-A-T.  The statements at issue here were part and parcel of those very same efforts by Abu-el-Ela and Samy El-Goarany to continue to support ISIS by concealing the methods and means by which El-Goarany had traveled to ISIS-controlled territory in Syria.  Those efforts, which began at the conspiracy's inception in the fall of 2014, continued at the time the relevant statements were made because Samy El-Goarany was continuing to provide himself as personnel to ISIS, and both he and Abu-el-Ela continued to operate to protect the secrecy of their efforts undertaken with the defendant to provide that support.  Moreover, it is of no moment here that the defendant had already been arrested at the time the statements were made.  As the Court recognized in its rulings on the parties' motions *in limine* concerning the martyrdom letter sent to Samy El-Goarany's family:

> As the Second Circuit has held, even where particular crimes have already been committed, "the conspiracy does not necessarily end; it continues until its aim has been achieved, it has been abandoned, or otherwise terminated." *U.S.* v. *Arrington*, 867 F.2d 122 [(2d Cir. 1989)].  Moreover, the fact that some of the conspirators have been indicted or incarcerated does not inevitably lead to the conclusion that the conspiracy has been terminated. *U.S.* v. *Persico*, 832 F.2d 705 [(2d Cir. 1987)].

December 19, 2016 Pretrial Conf. Tr. at 45.  In finding that statements concerning the above-referenced video were co-conspirator statements made during and in furtherance of the conspiracy, the Court rejected the defendant's prior argument that the relevant conspiracy had ended at the time of the defendant's arrest.  The proffered statements occurred during exactly the same time period and for exactly the same purpose, and nothing warrants a revisiting of the Court's ruling on the matter.  Accordingly, the proffered statements are admissible pursuant to Rule 801(d)(2)(E).

Third, the proffered statements by Abu-el-Ela are also admissible as statements against interest, pursuant to Rule 804(b)(3), because they directly incriminate Abu-el-Ela.  Indeed, the statements are doubly incriminating because they would expose Abu-el-Ela to liability based on (1) his continued efforts to support ISIS and, in particular, Samy Elgoarany's providing himself as personnel to ISIS, and (2) his attempt to persuade Mohamed El-Goarany to make false statements to U.S. law enforcement authorities.

Finally, the defense yesterday at trial offered and admitted pursuant to Rule 806 communications between Abu-el-Ela and a third party (Ahmed Ghanim) on precisely the same topic as the proffered communications.  Those communications included statements by Abu-el-

2

Hon. Edgardo Ramos
January 19, 2017

Ela that "A brother is detained in America," that "we contacted a lawyer and he still has to look into the case," and that "we may need to launch a campaign regarding his arrest." *See* DX-122-II-T; Trial Tr. at 1010-11.  Accordingly, to the extent statements by Abu-el-Ela on this topic are an appropriate subject of impeachment for Abu-el-Ela and other witnesses, they should be similarly available and admissible for use by both parties.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

by: _____/s/_____
        Andrew DeFilippis
        Brendan Quigley
        Negar Tekeei
        Assistant United States Attorneys
        (212) 637-2231/2190/2482

cc: Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
    *Counsel for Ahmed Mohammed El Gammal*