

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 22, 2017

**By ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States</u> v. <u>Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

      The Government writes to inform the Court about the defendant's request to call Special Agent Le Nguyen as a witness in the defense case, and the topics for which defense counsel has provided adequate notice pursuant to *United States ex rel. Touhy* v. *Ragen*, 340 U.S. 462 (1951) and 28 C.F.R. § 16.23.  Earlier today, defense counsel indicated that they plan to call Special Agent Nguyen as their first witness tomorrow at 9:30 a.m.  The Government respectfully requests that the defense be precluded from questioning Special Agent Nguyen on any topics for which it has failed to provide adequate notice under *Touhy* and 28 C.F.R. § 16.23.

      In *United States ex rel. Touhy* v. *Ragen*, the Supreme Court held that U.S. Government agencies may legitimately promulgate regulations governing employee testimony and may, pursuant to those regulations, forbid an employee to testify in a court proceeding.  *See Touhy*, 340 U.S. at 468.  Further, courts have held that compliance with *Touhy* regulations is a mandatory prerequisite to disclosure of requested testimony.  *See, e.g.*, *United States* v. *Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (holding that the Department of Homeland Security *Touhy* regulations apply to testimony of agency employees in federal criminal prosecutions); *United States* v. *Wallace*, 32 F.3d 921, 928 (5th Cir. 1994) ("The Department of Justice regulations for subpoenaing witnesses have been held to be valid and mandatory."); *United States* v. *Allen*, 554 F.2d 398, 406 (10th Cir.), *cert. denied*, 434 U.S. 836 (1977) (same).  The fact that the Government had identified the individual as a prospective witness does not change this calculus.  *See Wallace*, 32 F.3d at 928-29 (denying defendant's application, on the basis of failure to comply with *Touhy* regulations, when witnesses had been listed as prospective witnesses and were present on the last day of the Government's case).

Hon. Edgardo Ramos
January 22, 2017

Special Agent Nguyen is an employee of the Federal Bureau of Investigation, which is an agency of the Department of Justice ("DOJ"), and therefore subject to the DOJ *Touhy* regulations. Those regulations state that, "[i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." 28 C.F.R. § 16.23.

In this case, the Government previously identified Special Agent Nguyen as a potential Government witness whose testimony would be limited to the defendant's post-arrest statement. On Tuesday, January 10, 2017, defense counsel requested that Special Agent Nguyen be made available as a defense witness. On January 14, defense counsel reiterated this request. On that date, the Government requested, pursuant to *Touhy* regulations, that defense counsel set forth the nature and relevance of the testimony sought from Special Agent Nguyen. On January 17, the Government confirmed to defense counsel that it did not intend to call Special Agent Nguyen and once again requested that, pursuant to *Touhy*, defense counsel provide the Government with the topics of testimony they would be seeking to elicit from Special Agent Nguyen. On January 20, defense counsel identified two reports they wanted Special Agent Nguyen to testify about "to complete the impeachment of Mohamed Elgoarany." After further inquiry from the Government, on January 21, defense counsel first identified with particularity the following topics of proposed inquiry and identified the relevant portions of the transcript to which that testimony related:

1. "his February 2015 conversations with Mohamed Elgoarany related to the phone call Samy Elgoarany made to Teresa Elgoarany on or about February 8, 2015"; and

2. "the Facebook message Samy Elgoarany sent to Tarek Elgoarany on February 16, 2015."

Later that same day, defense counsel informed the Government that, in addition to the specific topics previously identified, the defense intended also to inquire about the following topics:

3. "his knowledge of Nico and Samy's role in his conversion to Islam and Samy's lies to Nico and others";

4. "his knowledge about the lies Samy told others as well as his failure to investigate the mosque supporting Samy – see theresa 302";

5. "his knowledge that there was Brady information and his failure to follow up on it"; and

6. "anything else that comes up that we need to cover with him."

With respect to topics 1 through 4, above, the Government does not concede the admissibility of inquiry into those topics, but believes defense counsel has provided adequate notice. With respect to topics 5 and 6—putting aside the fact that a determination as to what constitutes "*Brady*" information" is wholly outside the province of the jury as finders of fact—

Hon. Edgardo Ramos
January 22, 2017

such vague and categorically broad statements of anticipated testimony do not even come close to providing the specificity required by the DOJ's unambiguous *Touhy* regulations. Therefore, the Government respectfully requests that any questioning on those broad categories should be barred, and should be limited to topics 1 through 4, subject to any evidentiary objections the Government may have.

>Respectfully submitted,
>
>PREET BHARARA
>United States Attorney
>
>by: _____/s/_____
>Andrew DeFilippis
>Brendan Quigley
>Negar Tekeei
>Assistant United States Attorneys
>(212) 637-2231/2190/2482

cc: Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
    *Counsel for Ahmed Mohammed El Gammal*