

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 22, 2017

**By ECF and Email**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Ahmed Mohammed El Gammal</u>, 15 Cr. 588 (ER)

Dear Judge Ramos:

    The Government respectfully submits this letter to request that the Court (1) remove or modify the current proposed jury instruction regarding the First Amendment of the United States Constitution, (2) include a jury instruction regarding conscious avoidance, and (3) modify the current proposed instruction regarding accomplice or cooperating witness testimony.  As explained in further detail below, the Government believes that these proposed revisions are necessary to avoid jury confusion and to prevent the jury from considering or deciding legal, as opposed to factual, issues as part of their deliberations.

    I.    **First Amendment Instruction**

    The Government respectfully submits that the current proposed jury instruction regarding the First Amendment's protections might leave the jury with a misimpression of the relevant law and/or invite the jury to exceed their role as finders of fact and determine for themselves the bounds of the First Amendment's protections.  The relevant instruction reads as follows:

> Before we get to the charges, I want to say a few words about Mr. Gammal's First Amendment rights.  The First Amendment to the United States Constitution protects the rights to freedom of speech and freedom of association.  The law may not be applied so as to abridge the exercise of those rights.  That is, the law does not permit you to convict Mr. El Gammal for his political or religious beliefs, no matter how extreme you may find them.  Nor does the law permit you to convict Mr. El Gammal for being a member of an organization whose views you may disagree with, or for associating with people whose views you may find distasteful.  To repeat, the law does not prohibit independent advocacy on behalf of a terrorist organization, and people may freely say or write anything they want

Hon. Edgardo Ramos
January 22, 2017

> regarding such organizations. The law does not prohibit being a member of a terrorist organization or associating with its members. Only if the Government proves, beyond a reasonable doubt, the elements that I will explain to you, may you find Mr. El Gammal guilty.

Draft Jury Inst. at 6-7.[1] As an initial matter, there is a substantial risk that jurors will interpret this instruction to overstate the extent of the First Amendment's protections. In particular, it overstates the scope of the protections afforded by the First Amendment to say that "people may freely say or write *anything* they want regarding [terrorist] organizations." *Id.* at 7 (emphasis added). Rather, it is well settled that the while "the state may not criminalize the expression of views—even including the view that violent overthrow of the government is desirable—it may nonetheless outlaw encouragement, inducement, or conspiracy to take violent action." *United States* v. *Rahman*, 189 F.3d 88, 115 (2d Cir. 1999). Similarly, the Government may prohibit advocacy "when such advocacy is directed towards, and is likely to result in, 'imminent lawless action.'" *Id.* at 115 (citing *Brandenburg* v. *Ohio*, 395 U.S. 444, 447, (1969) (per curiam)).

Moreover, "'[n]umerous crimes under the federal criminal code are, or can be, committed by speech alone,' and certain crimes 'are characteristically committed through speech.'" *United States* v. *Stewart*, 590 F.3d 93, 115 (2d Cir. 2009) (quoting *Rahman*, 189 F.3d at 117). "Words that are the very vehicle of a crime are not protected merely because, in part, the crimes may have involved the use of language." *Id.* (internal quotation marks and alterations omitted). Indeed, predicating a material support charge on speech does not run afoul of the First Amendment where the speaker provided material support in the form of speech. *Holder* v. *Humanitarian Law Project*, 561 U.S. 1, 25-33 (2010) (rejecting First Amendment challenge to 18 U.S.C. § 2339B and concluding that "[p]roviding foreign terrorist groups with material support in any form . . . furthers terrorism").

The current instruction creates a substantial risk that jurors will feel compelled to disregard and fail to consider the defendant's statements as they bear upon his intent and actions in this case. As the Court recognized in ruling on the parties' motions *in limine*, it is entirely consistent with the First Amendment to make "evidentiary use of [defendants'] speech to establish the elements of [their] crime[s] or to prove motive or intent." *Wisconsin* v. *Mitchell,* 508 U.S. 476, 489 (1993). *See also* Dkt. No. 124 at 55. Indeed, because "the essence of a conspiracy is an *agreement* to commit an unlawful act," *United States v. Jimenez Recio,* 537 U.S. 270, 274 (2003) (emphasis added) (internal quotation marks omitted), the supporting evidence may necessarily include a defendant's speech. *See Rahman,* 189 F.3d at 117 (including conspiracy in list of offenses that "are characteristically committed through speech"). Thus, the current proposed instruction creates a substantial risk that the jury will misapprehend the scope of the First Amendment's protections.

In addition, the proposed instruction may well invite members of the jury improperly to consider and decide for themselves the bounds of those protections. Specifically, the facts of this case may prompt jurors to consider whether an individual can violate federal laws by, for example,

---

[1] The defense has cited no previous cases—and the Government is aware of none—in which this or a similar instruction has been given.

Hon. Edgardo Ramos
January 22, 2017

providing a phone number to a co-conspirator in order to assist him in joining a terrorist organization; by providing instructions on how to travel to join such an organization; or by agreeing via social media communications to help a co-conspirator seek and receive military training from such an organization.  Each of those acts independently constitutes material support to terrorism.  The proposed instruction may lead some jurors to conclude incorrectly that such activities are always protected "speech" that cannot be considered in any aspect of their deliberations.

Thus, rather than invite the jury to consider and/or decide constitutional questions well beyond their domain as finders of fact, the Court should instruct the jury only as to the elements of the relevant statutes.

In the event the Court disagrees with the foregoing, the Government respectfully requests that the Court provide the following (or a similar) alternative instruction given by Judge Kathleen B. Forrest in *United States* v. *Mustafa Kamel Mustafa*, No. 04 Cr. 356 (KBF) (S.D.N.Y.), which the Government respectfully submits is a complete and accurate statement of the scope of the First Amendment as it applies in this regard:

> You've heard testimony [and seen evidence] regarding statements that the defendant himself made. The First Amendment provides that "Congress shall make no law respecting an establishment of religion[,] [or] prohibiting the free exercise thereof[;] or abridging the freedom of speech[,] or of the press[;] or the right of the people to peaceably assemble[.]"  However, the Constitution and the First Amendment provide no defense to speech used as evidence of the crime itself.  Put another way, freedom of speech and freedom of religion do not allow anyone to use public or religious speech to commit crimes.  Words, even when uttered in public or in private or in a religious context can be evidence of lawbreaking and if so those crimes may be lawfully prosecuted under our Constitution.  The defendant is not on trial for having extremist religious views or political views and you must not allow any evidence that he held such views or beliefs[], to act as a substitute for proof beyond a reasonable doubt of the elements of the offense that you are considering. That does not mean, however, that the defendant's words may not be probative of his participation in the crimes charged. You may properly use the defendant's words, his speech, in connection with your consideration of his alleged participation in the crimes charged. For instance, you may properly use his speech[] as evidence of motive, intent, plan, preparation or the absence of mistake. The weight that you give to such evidence is for you alone to decide.

Trial Tr. at 3634-35, *United States* v. *Mustafa*, No. 04 Cr. 356 (KBF) (May 13, 2014).  *See also United States* v. *Mehanna*, 735 F.3d 32, 48 (1st Cir. 2013) (affirming use of jury charge and stating that "activity that is proven to be the furnishing of material support . . .  is not activity that is

3

Hon. Edgardo Ramos
January 22, 2017

protected by the First Amendment; on the other hand, as I've said, independent advocacy on behalf of [a designated foreign terrorist] organization, not done at its direction or in coordination with it, is not a violation of the statute").

## II. Conscious Avoidance Instruction

The Government also respectfully its request that the Court include a conscious avoidance charge. "A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact." *United States* v. *Quinones*, 635 F.3d 590, 594 (2d Cir. 2011) (quoting *United States* v. *Ferrarini*, 219 F.3d 145, 154 (2d Cir.2000). "A conscious-avoidance instruction is appropriate when a defendant claims to lack some specific aspect of knowledge necessary to conviction but where the evidence may be construed as deliberate indifference." *United States* v. *Gabriel*, 125 F.3d 89, 98 (2d Cir.1997) (internal quotation marks omitted).

Here, the facts and arguments presented by the parties place this case squarely within the realm of those in which a conscious avoidance charge is appropriate. The defendant indisputably "claims to lack [a] specific aspect of knowledge necessary to conviction." *Id.* In their opening statement, for example, the defense expressly stated, on three separate occasions, that the defendant and/or Attiya Abu-el-Ela "did not know what Samy [El Goarany] was up to." Trial Tr. at 36, 38, 40. Moreover, even though the Government contends that the evidence proves beyond any reasonable doubt that defendant had full knowledge of Samy El-Goarany's intent to join and receive military training from ISIS, it is entitled nevertheless to argue that the defendant "intentionally avoided confirming [that] fact." *Quinones*, 635 F. 3d at 594. Indeed, the defendant and El-Goarany's use of coded language; the fact that the defendant did not accompany El-Goarany to Turkey or Syria; and El-Goarany's secrecy regarding his plans with many of his closest associates and family members, raises the possibility that a jury might conclude that the defendant "clos[ed] his eyes to what would otherwise have been obvious to him.'' *United States* v. *Ghailani*, 733 F. 3d 29, 37 (2nd Cir. 2013) (holding, in case involving conspiracy to destroy United States buildings and property, that conscious avoidance charge was appropriate) (citing *United States* v. *Goffer*, 721 F.3d 113, 126 (2d Cir. 2013)). A conscious avoidance instruction is entirely proper in the context of charges involving conspiracy and/or aiding and abetting. "The Second Circuit has made clear that a finding of conscious avoidance may satisfy the element of knowledge for counts charged under a [conspiracy or] aiding and abetting theory, [even though] it cannot satisfy the element of intent. *United States* v. *Nektalov*, No. 03 Cr 828 (PKL), 2004 WL 2389826, at *5 (S.D.N.Y. Oct. 25, 2004) (citing *United States* v. *Morgan*, No. 02-1758, 2004 U.S. App. LEXIS 20778, at *26 (2d Cir. Sept. 28, 2004)).

Accordingly, the Government respectfully submits that a conscious avoidance charge is appropriate here.

## III. Accomplice or Cooperating Witness Testimony Instruction

The Government also respectfully requests that the Court modify the instruction on "Accomplice or Cooperating Witness Testimony" to more accurately reflect the terms of the non-prosecution agreements for Mohammed El-Goarany and Tarek El-Goarany. As currently drafted,

Hon. Edgardo Ramos
January 22, 2017

the charge states that these witnesses "will not be prosecuted for any crimes in which he may have participated, to the extent he has disclosed such crimes to the Government." Draft Jury Inst. at 30 (emphasis added). The coverage of the relevant agreements, however, is far more limited. In the case of Mohammed El-Goarany, the Government has agreed that it will not prosecute him only for "making material false statements on or about May 22, 2015" to the FBI. See GX 1019 at 1. For Tarek El-Goarany, the Government has agreed that it will not prosecute him for: (1) driving Samy El-Goarany to a store where Samy El-Goarany purchased clothing and other equipment to use in traveling to Syria to join the Islamic State of Iraq and the Levant ("ISIL"); (2) accompanying Samy El-Goarany to buy an airline ticket and being present when Samy El-Goarany destroyed a laptop computer; (3) deleting social media messages with Samy El-Goarany; and (4) making false statements to the FBI in early 2015. GX 1012 at 1. Both agreements explicitly specify that they do "not provide any protection against for prosecution for other crimes except as set forth herein." GX 1012 at 1, GX 1019 at 1.

Accordingly, the Government respectfully requests that the first paragraph of the "Accomplice or Cooperating Witness Testimony" instruction be revised as follows:

> You have heard the testimony of witnesses who have been promised by the Government that, in exchange for cooperating and testifying truthfully, completely, and fully, they will not be prosecuted for certain specified crimes that they have disclosed to the Government.

Accordingly, the Government respectfully requests that the Court make the revisions proposed herein.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: _____/s/_____
Andrew DeFilippis
Brendan Quigley
Negar Tekeei
Assistant United States Attorneys
(212) 637-2231/2190/2482

cc: Sabrina P. Shroff/Annalisa Mirón/Daniel Habib
*Counsel for Ahmed Mohammed El Gammal*

5