```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -  x
UNITED STATES OF AMERICA          :
                                  :
       - v -                      :         MOTION IN LIMINE
                                  :         15 Cr. 588 (ER)
AHMED MOHAMMED EL GAMMAL,         :
          Defendant.              :
- - - - - - - - - - - - - - - - -  x
```

The defense moves: (1) to admit a redacted version of DX-113-BB, a December 2014 Facebook conversation between Samy El-Goarany and Facebook user "Khawaja Mohsen Ali," in which Samy asks for help in his job search; and (2) to preclude, on hearsay grounds, a portion of GX-113-C, a September 2015 Facebook conversation between Samy and his brother Tarek El-Goarany, in which Samy says that "Ahmed was very loud on Facebook about his views, even before I made my decision to leave."

## Argument

A. <u>As Redacted, DX-113-BB Is Admissible.</u>

During Friday's proceedings, this Court sustained the government's hearsay objection to DX-113-BB, without prejudice to a subsequent defense application to admit a redacted exhibit. T.1348.  We have prepared a redacted exhibit in which each statement is admissible as non-hearsay or pursuant to a hearsay exception:

| | |
|---|---|
| **Recipients** | Khawaja Mohsen Ali (100004242187685) |
| | Samy Mohamed (828589780) |
| **Author** | Samy Mohamed (828589780) |
| **Sent** | 2014-12-04 06:36:53 UTC |
| **IP** | 76.15.212.112 |
| **Deleted** | false |
| **Body** | Salam Alaikom bro, are you available to meet up tomorrow? |

Do you still recommend going for the MTA job btw?

Sorry if I'm bothering you with this at a bad time man                                                I'm trying to get on track work-wise though and you're one of the few who I trust with that so I wanna make the most out of the time I got to talk with you before I graduate.

Here's the new resume,

| | |
|---|---|
| **Attachments** | Samy El-Goarany - Resume.pdf (10153535260894781) |
| **Type** | application/pdf |
| **Size** | 112133 |
| **URL** | https://attachment.fbsbx.com/messaging_attachment.php?aid=10153535260894781&mid=mid.1417675013358%3A761313d635aa1a6724&uid=828589780&accid=828589780&preview=0&hash=AQAg0zw95lGBwBV8KuuiFU-r60uFbVBvM2uMGOTsryTx6Q |

| | |
|---|---|
| **Recipients** | Samy Mohamed (828589780) |
| | Khawaja Mohsen Ali (100004242187685) |
| **Author** | Khawaja Mohsen Ali (100004242187685) |
| **Sent** | 2014-12-04 13:05:28 UTC |
| **Deleted** | false |
| **Body** | Wasalam broski! |

Let's meet around 5 today. Meet me by my job                     at 5 and we will talk more about it.

Don't worry, I'll try to help as much as possible



DEFENDANT'S EXHIBIT 113-BB

Each of these statements is admissible:

- "Salam Alaikom bro, are you available to meet up tomorrow?" "Do you still recommend going for the MTA job btw?" Both of these statements are non-hearsay questions. United States v. Oguns, 921 F.2d 442, 449 (2d Cir. 1990); T.286.
- "Sorry if I'm bothering you with this at a bad time man." This statement is admissible under Rule 803(3) as evidence of Samy's state of mind or emotion. See United States v. Quinones, 511 F.3d 289, 311 n.15 (2d Cir. 2007) ("Rule 803(3) provides that '[a] statement of the declarant's then existing state of mind, emotion,' ... is 'not excluded by the hearsay rule.'").
- "I'm trying to get on track work-wise though ... I wanna make the most out of the time I got to talk with you before I graduate." These statements are admissible under Rule 803(3) as evidence of Samy's state of mind, see Quinones, or as statements of future intent, see United States v. Badalamenti, 794 F.2d 821, 826 (2d Cir. 1986) ("statements of future intent are not excludable as hearsay").
- "you're one of the few I trust with that." This statement is admissible under Rule 803(3) as evidence of Samy's state of mind or motive in sending "Khawaja Mohsen Ali" his resume.
- "Here's the new resume." This statement is admissible to clarify the meaning of Samy's non-verbal (and thus non-hearsay) act of sending "Khawaja Mohsen Ali" his resume. See 5 Weinstein's Fed. Evid. § 801.11[4] ("Verbal utterances that help to clarify or define ambiguous conduct are not hearsay."). See also United States v. Romano, 684 F.2d 1057, 1066 (2d Cir. 1982) (statement admissible as "an utterance which was contemporaneous with an independently admissible nonverbal act ... and which relates to that act and throws some light upon it") (quoting United States v. Glasser, 443 F.2d 994, 999 (2d Cir. 1971)).
- "Let's meet around 5 today.  Meet me by my job at 5 and we will talk more about it." These statements are non-hearsay imperatives. See 5 Weinstein's Fed. Evid. § 801.11[2A] & n.9 (noting that "imperatives are not hearsay because they are not assertions of fact" and collecting cases); United States v. Dupree, 706 F.3d 131, 136-38 (2d Cir. 2013) (same).
- "Don't worry, I'll try to help as much as possible." This statement is admissible under Rule 803(3) as evidence of state or mind or a statement of future intent.

2

B.   GX-113-C Contains Inadmissible Hearsay.

The defense objects to the following portion of GX-113-C:

```
Recipients  Tarek El-Goarany (682462197)
            Samy Mohamed (828589780)
    Author  Samy Mohamed (828589780)
      Sent  2015-09-07 16:32:12 UTC
        IP  178.241.133.153
   Deleted  false
      Body  I think so too. Ahmed was very loud on Facebook about his views, even before i made
            my decision to leave
```

This statement is hearsay because it is offered to prove the truth of the matter asserted (i.e., that El Gammal "was very loud on Facebook about his views" before Samy made his "decision to leave."). Indeed, this Court sustained the government's hearsay objection to a similar statement by Samy ("my dad isn't much against [ISIS] either"). T.1142-43 (discussing DX-113-PP). Rule 803(3) does not encompass "a statement of memory ... to prove the fact remembered," so the government can't use this assertion to prove that El Gammal was, in fact, vocal about his views on Facebook. Nor does this statement qualify as a co-conspirator statement, Rule 801(d)(2)(E), as it does not further the charged conspiracy, but merely describes past actions by one of the alleged co-conspirators. See United States v. Birnbaum, 337 F.2d 490, 495 (2d Cir. 1964) (mere narrative account of past activities not in furtherance of conspiracy). Nor is the assertion that "Ahmed was very loud on Facebook about his views"

3

against Samy's penal interest under Rule 804(b)(3).  The assertion implicates El Gammal, not Samy.

## Conclusion

For the foregoing reasons, this Court should admit the redacted version of DX-113-BB, and should preclude the statement "Ahmed was very loud on Facebook about his views, even before I made my decision to leave" in GX-113-C.

Dated:    New York, New York
          January 22, 2017

                                    Respectfully submitted,
                                    Federal Defenders of New York

                                    /s/
                                    Daniel Habib, Esq.
                                    Annalisa Miron, Esq.
                                    Sabrina Shroff, Esq.
                                    Attorneys for Defendant
                                        **Ahmed Mohammed El Gammal**
                                    52 Duane Street - 10th Floor
                                    New York, NY 10007
                                    Tel.: (212) 417-8769

4