H2K7GAMC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                              15 Cr. 588 (ER)

5  AHMED MOHAMMED EL GAMMAL,

6              Defendant.

7  ------------------------------x
                                        New York, N.Y.
8                                       February 10, 2017
                                        11:30 a.m.
9

10 Before:

11                 HON. EDGARDO RAMOS
                                        District Judge
12

13                    APPEARANCES

14 PREET BHARARA
        United States Attorney for the
15      Southern District of New York
   BY:  BRENDAN QUIGLEY
16      NEGAR TEKEEI
        ANDREW DEFILIPPIS
17      Assistant United States Attorneys

18 SABRINA SHROFF
   ANNALISA MIRON
19      Attorneys for Defendant

20 ALSO PRESENT:  DAVID DOUBELAY, CJA

21

22

23

24

25

H2K7GAMC

1          (Case called)

2          (In open court)

3          MR. QUIGLEY:  Good morning, your Honor.  Brendan

4    Quigley, Negar Tekeei and Andrew DeFilippis for the United

5    States.

6          THE COURT:  Good morning.

7          MS. SHROFF:  Good morning, your Honor.  Federal

8    Defenders of New York by Sabrina Shroff and Annalisa Miron, for

9    Mr. Gammal, who is present in court.  Mr. Habib is on leave and

10   is not able to make it.

11         THE COURT:  Very well.  Good morning to you all.  This

12   matter is on for a status conference.  I called this conference

13   because I received a letter from Mr. El Gammal following I

14   think it's last week's verdict indicating that his relationship

15   with counsel was no longer a fruitful one and that he wished to

16   change counsel.  I provided a copy of that letter to Federal

17   Defenders.

18         So, let me turn to you in the first instance,

19   Ms. Shroff.  Is there anything that you wish to put on the

20   record in open court concerning Mr. El Gammal's request?

21         MS. SHROFF:  Your Honor, we ask the court most

22   respectfully to grant Mr. El Gammal's request and replace us as

23   counsel of record.

24         THE COURT:  Well, it is my general practice that any

25   time there is a request to change counsel, and both the

1    defendant and counsel express to the court the view that the

2    relationship is irretrievably broken, that I grant the request.

3            My only hesitation in this instance -- and I may wish

4    to speak with counsel and Mr. El Gammal ex parte about this --

5    is that this case involves a huge amount of discovery, as we

6    all know -- tens of thousands, if not hundreds of thousands of

7    pages -- which counsel had to come up to speed on in order to

8    prepare adequately for trial.

9            The resources that the Federal Defenders provided in

10   Mr. El Gammal's case were substantial:  The three lawyers I

11   counted, no less than two paralegals -- there may have been a

12   third -- working computers.  There were two federal defender

13   investigators that worked on the case and that testified at

14   trial.  There were just a tremendous level of resources that

15   were provided, and essentially we would lose the benefit of

16   that knowledge.

17           Someone would have to come in obviously and come up to

18   speed on all of the documents and all of the discovery that was

19   provided.  Someone would have to come in and familiarize

20   themselves not only with the Rule 16 discovery, the 3500

21   material, the Jencks Act information, the Brady information,

22   but also the classified information that was generated in this

23   case.  That person would then have to come up to speed on the

24   trial of this case.  There were substantial motions that were

25   made prior to the trial.  There were very hotly contested

H2K7GAMC

1     issues during the trial.

2            The individual would have to figure out which amongst

3     those rulings and what of the evidence is appropriate to

4     challenge on a post-motion or a post-trial motion.

5            And I say that, one, to sort of highlight the

6     difficulties that we face if we were to change counsel now but

7     also to impress upon Mr. El Gammal the timing that's involved.

8            My guess is that any lawyer coming into this case now,

9     given our current posture, would need arguably several months

10    to come up to speed, figure out what he or she wants to do and

11    then make a motion or not, or go directly to sentencing or not.

12    All of which is to say that it could be some time.  And I don't

13    want you to respond or react, but I'm just saying that it could

14    be some time before you are even sentenced and have the

15    opportunity to have your case reviewed by the Second Circuit

16    Court of Appeals, if you and your lawyer believe that is the

17    appropriate way to go.

18           So that's my concern, and I don't say this in order to

19    talk you out of anything that you are bent on doing, but it may

20    be a consideration that you believe is important.

21           So, with that, what I'd like to do is to speak with

22    Mr. El Gammal and his attorneys ex parte and then come back to

23    the government.

24           Well, let me ask, Mr. Quigley, does the government

25    have a view?

H2K7GAMC

1          MR. QUIGLEY:  Your Honor, we take no position on the

2     request.

3          THE COURT:  Very well.  There was a young lady who

4     just walked into the courtroom, and I don't know if she is

5     affiliated with either of the parties?

6          UNIDENTIFIED SPEAKER:  I'm with the Federal Defenders,

7     and I'm here on the next matter, your Honor.

8          THE COURT:  OK.  So why don't we do this.  Why don't

9     we ask the government to leave so that we can stay in the

10    courtroom.

11         (Ex parte discussion takes place on pages 6 and 7)

12         (Continued on next page)

13

14

15

16

17

18

19

20

21

22

23

24

25

H2K7GAMC

1        (Government present)

2        THE COURT:  The record should reflect that Mr. David

3    Doubelay is in the courtroom; he is the CJA attorney on duty

4    for today.  I am relieving Federal Defenders from their

5    representation of Mr. El Gammal.  I will appoint Mr. Doubelay

6    to represent Mr. El Gammal.  I had an informal conversation

7    with counsel before, just to determine whether or not

8    Mr. Doubelay was cleared in order to be able to review

9    classified documents.  He is not cleared.

10        I had a conversation with Mr. Jerry Tritz of the

11    Second Circuit -- and I forget exactly what his title is, but

12    he has a handle for the purse, as it were, concerning CJA

13    attorneys.  And I had a conversation with Tracy Miller, who is

14    the clerk responsible for scheduling CJA attorneys.  And what

15    my intention is is to, in addition to Mr. Doubelay, assign a

16    second lawyer to represent Mr. El Gammal who is cleared, so

17    that the process of reviewing classified documents can begin

18    fairly immediately.

19        And I will also ask that Mr. Doubelay be cleared, that

20    the process of him getting cleared be commenced.  And with

21    that, is there anything else that we need to do, Ms. Shroff?

22        MS. SHROFF:  Yes, your Honor.  I just wanted to make

23    sure that Mr. Gammal is aware that we have, of course, the

24    discovery on a hard drive.  By discovery I include discovery,

25    trial transcripts, and as much information as we had as his

1   counsel.  I have it on a hard drive for Mr. Doubelay.  It goes

2   without saying that the Federal Defenders of New York will of

3   course provide to Mr. Doubelay any information or any other

4   documents that he wishes for.

5                THE COURT:  Very well.

6                MS. SHROFF:  The transfer will be as smooth as it can

7   possibly be.

8                THE COURT:  I don't doubt that it will be.  With that

9   I would like to thank the Federal Defenders for your

10  professionalism throughout this process.  And unless there is

11  anything else -- Mr. Quigley?

12               MR. QUIGLEY:  Your Honor, I assume the current

13  post-trial motion schedule will be held in abeyance or

14  canceled.

15               THE COURT:  It will be held in abeyance.  I will

16  assign someone to work with Mr. Doubelay.  And until I hear

17  from them -- and I will ask them to report to me within let's

18  say two weeks, Mr. Doubelay --

19               MR. DOUBELAY:  Yes, Judge.

20               THE COURT:  -- as to how it is you want to proceed.

21               MR. QUIGLEY:  Thank you, your Honor.

22               THE COURT:  OK.

23               THE DEFENDANT:  Thank you, your Honor.

24               THE COURT:  We are adjourned.  Thank you all.

25               (Adjourned)