

**KREINDLER & KREINDLER** LLP

750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

February 1, 2019

ECF/CM
The Honorable Edgardo Ramos
United States District Court
 for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Gammal,* 15 Cr. 588 (S.D.N.Y.) (ER)

Dear Judge Ramos:

I submit this supplemental letter-motion on behalf of Ahmed el-Gammal, who was sentenced by this Court on December 18, 2018, but whose judgment and commitment order has not yet been entered. For the following reasons, we ask that this Court make certain modifications to the recommendations to the Bureau of Prisons that the defense requested at the time of sentencing.

First, we ask the Court recommend that Mr. Gammal be designated to one of the following (in this order of preference): (1) FCI Terminal Island in San Pedro, California, which serves as a medical facility for the Bureau of Prisons as well as a correctional institute and will therefore be well-suited to treat Mr. Gammal's many medical problems (including those identified at sentencing – the nose fracture, ongoing knee pain from his prior hip fracture and the untreated severe dental problems) while also housing Mr. Gammal in a location readily accessible by his family in Arizona; or (2) FCI Safford, which Mr. Gammal's family lives near and which will facilitate frequent family visits, thereby assisting with his transition from incarceration following his release from custody.

Second, we ask that the Court note on the judgment and commitment order that it recommends that Mr. Gammal be placed in community confinement (that is, a halfway house) at the earliest date at which the Bureau of Prisons regulations would allow such placement. As the Bureau of Prisons itself recognizes

> [Community Corrections programs] provide an excellent transitional environment for inmates nearing the end of their sentences. The level of structure and supervision assures accountability and program opportunities in employment counseling and placement, substance abuse, and daily life skills assures accountability and program opportunities in employment counseling and placement, substance abuse, and daily life skills.

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469  Fax: (213) 622-6019

Massachusetts Office
855 Boylston Street, Boston, MA 02116-2688
Tel: (617) 424-9100  Fax: (617) 424-9120

The Honorable Edgardo Ramos
February 1, 2019
Page 2

> One reason for referring an inmate to a CCC is to increase public protection by aiding the transition of the offender into the community. Participating in community-based transitional services may reduce the likelihood of an inmate with limited resources from recidivating, whereas an inmate who is released directly from the institution to the community may return to a criminal lifestyle. While clearly dangerous inmates should be separated from the community until completing their sentences, other eligible inmates should generally be referred to CCCs to maximize the chances of successful reintegration into society.

Bureau of Prisons Program Statement 7310.04, p. 1.  To achieve those objectives, the Bureau of Prisons has taken the position that under 18 U.S.C. § 3264(c) it can place eligible inmates in community confinement for "more than six months," if appropriate. *See id*, p. 4.  While it is therefore clear that it would be in both Mr. Gammal's and the public's best interest that the last 6 – 12 months of his sentence (if not more) be served in community confinement, it is our understanding from other cases that the Bureau of Prisons often leaves the placement in community confinement to the Probation Department, to be served as a portion of an offender's supervised release, not the final portion of the offender's incarceratory sentence.

      Accordingly, in order to ensure that Mr. Gammal's sentence comports with the goals articulated in Bureau of Prisons Program Statement 7310.04 and to maximize the likelihood of designation to a facility that will best serve his needs, we ask that the Court issue the judgment and commitment order with the following notations under the recommendations section of the imprisonment provision: (1) "The Court recommends that the Bureau of Prisons designate the defendant to FCI Terminal Island or, if that is not possible, to FCI Safford" and (2) "The Court recommends that for at least the final six months of the defendant's 144-month sentence (or longer, if the defendant is otherwise eligible), the defendant be placed by the Bureau of Prisons in a community confinement program."

                                  Respectfully,

                                  /s/ Megan W. Benett

cc:    All counsel of record via ECF/CM