19-468-cr
*United States v. Ahmed Mohammed El Gammal, also known as Jammie Gammal*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/11/2020

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                            *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                         19-468-cr

          v.

AHMED MOHAMMED EL GAMMAL, ALSO KNOWN AS JAMMIE GAMMAL,

          *Defendant-Appellant.*

---

FOR APPELLEE:                 NEGAR TEKEEI, Assistant United States Attorney (Andrew J. DeFilippis, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

1

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | JEREMY GUTMAN (Peter Enrique Quijano, *on the brief*), New York, NY. |

Appeal from the judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*) entered on February 7, 2019.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

After a 21-day trial, a jury convicted Defendant-Appellant Ahmed Mohammed El Gammal ("El Gammal") of providing material support or resources to a foreign terrorist organization and conspiring to do the same, in violation of 18 U.S.C. § 2339B; aiding and abetting the receipt of military-type training from a foreign terrorist organization, in violation of 18 U.S.C. §§ 2339D and 2; and conspiring to have another person receive military-type training from a foreign terrorist organization, in violation of 18 U.S.C. §§ 371 and 2339D. El Gammal was sentenced to 144 months' imprisonment on the first two counts, 120 months' imprisonment on the third count, and 60 months' imprisonment on the fourth count, all to run concurrently. He now appeals his conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal El Gammal argues that the District Court erred in admitting certain records pertaining to his Facebook account, which were obtained pursuant to a warrant ("Facebook Warrant I") and marked as Government Exhibit ("GX") 103 and GX 103-A. These records presented information about El Gammal's Facebook messages, such as metadata showing the sender, recipient, and the time and date sent, as well as a data field with the notation "DELETED," which reflected whether a message had been marked for deletion. The information that was shown in GX 103 and GX 103-A was similar to what was presented in other Facebook records, which were obtained pursuant to separate warrants ("Facebook Warrants II and III") and which were admitted as Facebook's business records. These other records likewise showed information about El Gammal's Facebook messages, including a data field labeled "Deleted," which had a notation of "true" (indicating a message had been deleted) or "false."

El Gammal first contends that the District Court erred in admitting GX 103 and GX 103-A as properly authenticated under Federal Rule of Evidence 901.[1] We disagree. We have explained that

---

[1] In its brief the government noted there were additional arguments at trial as to the authenticity of GX 103 and GX 103-A, but that the transcripts were sealed and classified. We subsequently ordered disclosure and supplemental briefing. Although we have reviewed the classified material, we nevertheless find it unnecessary to rely on anything beyond the public record to resolve the instant issue.

2

"[t]he bar for authentication of evidence is not particularly high."[2] "Rule 901's requirements are satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."[3] Authentication is essentially a question of conditional relevancy; indeed, it is the jury that ultimately resolves whether evidence admitted for its consideration is that which the proponent claims.[4] But "[t]he preliminary decision regarding authentication is committed to the district court and we review that decision for abuse of discretion."[5]

The record shows that there was evidence presented at trial that was sufficient for a reasonable jury to conclude that GX 103 and GX 103-A were authentic. The Facebook custodian testified extensively about Facebook's data collection and record-keeping practices, as well as the company's procedures in complying with legal process, which served to authenticate the other, similar Facebook records. Testimony by Special Agent Collie and Supervisory Special Agent Mueller was complementary: Collie testified specifically about GX 103 and GX 103-A, which he personally had retrieved from the Federal Bureau of Investigation's ("FBI's") data systems, and Mueller discussed generally how the FBI receives, verifies, and maintains data obtained from Facebook. All this testimony was sufficient for a reasonable jury to conclude that GX 103 and GX 103-A were what they purported to be: Facebook's records pertaining to El Gammal's account.[6] Accordingly, we conclude that the District Court did not abuse its discretion in admitting GX 103 and GX 103-A as authentic.

---

[2] *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007); *see also, e.g.*, *United States v. Gasperini*, 894 F.3d 482, 490 (2d Cir. 2018) (agreeing with the holding of *United States v. Bansal*, 663 F.3d 634, 667–68 (3d Cir. 2011) that website screenshots were sufficiently authenticated where a witness testified "about how the Wayback Machine website works" and personally compared "the screenshots with previously authenticated and admitted images from [the defendant's] website").

[3] *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (internal quotations omitted).

[4] FED. R. EVID. 901(a) Advisory Committee's Note (explaining "[a]uthentication and identification represent a special aspect of relevancy. . . . This requirement . . . falls in the category of relevancy dependent upon fulfillment of a condition of fact and is governed by the procedure set forth in Rule 104(b)."); *see also United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014) ("The ultimate determination as to whether the evidence is, in fact, what its proponent claims is thereafter a matter for the jury."); *United States v. Sliker,* 751 F.2d 477, 499 (2d Cir. 1984).

[5] *Vayner*, 769 F.3d at 129 (2d Cir. 2014) (internal citations omitted).

[6] Insofar as the District Court relied on non-public information to make its preliminary determination, it did not err because it did not do so in lieu of the presentation of sufficient authenticating public evidence later at trial. *See United States v. Branch*, 970 F.2d 1368, 1371 (4th Cir. 1992) ("An in camera hearing addressing authenticity does not replace the presentation of authenticating evidence before the jury; the district court must revisit this issue at trial.").

El Gammal next contends that the District Court erred in admitting GX 103 and GX 103-A under the business records exception to the rule against hearsay.[7] We disagree. For business records to be admissible under Rule 803(6), "a custodian or other qualified witness must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record]."[8] We review any such admission of business records for abuse of discretion.[9]

As an initial matter, El Gammal's contention that no witness was capable of laying the foundation to qualify GX 103 and GX 103-A as business records is without merit. "The term 'custodian or other qualified witness' in [Rule 803(6)] is generally given a very broad interpretation."[10] A witness need not be a custodian or have personal knowledge of the actual creation of the document to be "qualified" within the meaning of Rule 803(6).[11] Here, the Facebook custodian testified about the other records showing information similar to what was shown in GX 103 and GX 103-A. This testimony amply established that she was knowledgeable about Facebook's data collection and record-keeping processes. She was plainly a "qualified witness" to testify about GX 103 and GX 103-A.

---

[7] El Gammal's argument assumes that GX 103 and GX 103-A were hearsay; specifically, that the "DELETED" fields constituted out-of-court "statements by Facebook that [El Gammal] deleted messages at certain days and times." A.51–52. We assume *arguendo* they were hearsay. But we note that the relevant assertion—the "DELETED" data field—is not made by a person; rather it is generated by Facebook. It may thus be more akin to a machine-generated record, which is unlikely to be considered hearsay. *See, e.g.*, *United States v. Channon*, 881 F.3d 806, 811 (10th Cir. 2018) (machine-generated transaction records in Excel spreadsheets not hearsay); *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109–10 (9th Cir. 2015) (a Google Earth "tack" placed at labeled GPS coordinates not hearsay); *United States v. Lamons*, 532 F.3d 1251, 1263–64 (11th Cir. 2008) (machine-generated data collected from calls made at airline's corporate toll-free number not hearsay statement, for Confrontation Clause purposes); *United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003) (header information generated by fax machine not a hearsay statement because it is not "uttered by 'a person' [and] nothing 'said' by a machine . . . is hearsay").

[8] *United States v. Komasa*, 767 F.3d 151, 156 (2d Cir. 2014) (internal quotations omitted).

[9] *See United States v. Ford*, 435 F.3d 204, 214 (2d Cir. 2006).

[10] *United States v. Lauersen*, 348 F.3d 329, 342 (2d Cir. 2003), *judgment vacated on other grounds*, 543 U.S. 1097 (2005) (internal quotations omitted).

[11] *Komasa*, 767 F.3d at 156 (explaining that a witness "need not have personal knowledge of the actual creation of the document"); *see also, e.g.*, *United States v. Jenkins*, 345 F.3d 928, 936 (6th Cir. 2003) ("In order to be considered to be an 'otherwise qualified witness' under Rule 803(6), '[a]ll that is required of the witness is that he or she is familiar with the record keeping procedures of the organization.'" (internal citations omitted)); *United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993), ("[A] qualified witness 'need not be an employee of the [record-keeping] entity so long as he understands the system.'" (internal quotations omitted)).

4

In the circumstances presented here, the Facebook custodian's testimony was sufficient to qualify GX 103 and GX 103-A as business records. The custodian laid the Rule 803(6) foundation for the other, similar records obtained pursuant to Facebook Warrants II and III. As part of that testimony, the Facebook custodian explained how the company routinely collects and maintains message-related records, including Facebook's standard practice of deleting or marking for deletion the message at or near the time of the deletion request. The output from this practice was presented in the records obtained pursuant to Facebook Warrants II and III, in the form of the data field in the message logs labeled "Deleted," with a notation of either "true" or "false." The Facebook message logs shown in GX 103 and GX 103-A similarly indicated whether a message had been marked for deletion, in the form of the "DELETED" field. Given the similarity of the data in GX 103 and GX 103-A with the data in other records obtained pursuant to Facebook Warrants II and III, it was neither irrational nor arbitrary for the District Court to conclude that GX 103 and GX 103-A were created and kept according to the same record-keeping processes about which the Facebook custodian testified.[12] Accordingly, we conclude that the District Court did not abuse its discretion in concluding that her testimony could likewise serve to qualify GX 103 and GX 103-A as Facebook's business records.

## CONCLUSION

We have reviewed the other challenges that El Gammal raises on appeal and we find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[12] *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010) ("We will reverse an evidentiary ruling only for abuse of discretion, which we will identify only if the ruling is arbitrary and irrational." (internal citations and quotations omitted)).