UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

AHMED MOHAMMED EL GAMMAL,

                Defendant.

**ORDER**

15 Cr. 588 (ER)

RAMOS, D.J.:

    In January 2017, a jury convicted Ahmed Mohammed El Gammal of providing material support or resources to a foreign terrorist organization, conspiring to do the same, aiding and abetting the receipt of military-type training from a foreign terrorist organization, and conspiring to have another person receive military-type training from a foreign terrorist organization. *United States v. El Gammal*, No. 15 Cr. 588 (ER), 2021 WL 1573929, at *1 (S.D.N.Y. Apr. 22, 2021). This Court sentenced him to 144 months' imprisonment and three years of supervised release. *Id.*; *see* Doc. 230.[1]

    El Gammal has now submitted a *pro se* letter to the Court. Doc. 268. He states that he was released from prison to a Brooklyn halfway house on November 15, 2023. *Id.* at 1. His time at the halfway house is scheduled to end on November 13, 2024, at which point he will begin his three-year period of supervised release. *Id.*

    El Gammal's letter includes three requests. He asks the Court: (1) that "my time served be acknowledged so that I can begin my supervised release as soon as possible"; (2) to extend his stay at the Brooklyn halfway house for an additional three months beyond his current release date; and (3) to reduce his supervised release period from three

---

[1] El Gammal, represented by counsel, moved to vacate his sentence under 28 U.S.C. § 2255 in May 2022. Doc. 258. That motion remains pending.

years to one year. *Id.* at 1–2. The government opposes the first and third requests. Doc. 272 at 3–4. The Court will address each request in turn.

1. *Reduction of Sentence to Time Served*

El Gammal's first request is as follows: "**Grant Time Served**: I request that my time served be acknowledged so that I can begin my supervised release as soon as possible." Doc. 268 at 1. El Gammal states that "time served" "will expedite the time required for me to be able to travel and be reunited with my ailing mother, who has been diagnosed with Alzheimer's disease and is deteriorating rapidly. Every hour counts in my effort to see and unite with her." *Id.* at 2.

The government construes this as a request for a reduction of El Gammal's sentence to time served. Doc. 272 at 3. And the request should be denied, the government says, because "[w]hile evoking empathy, El Gammal's desire to see his mother is not a basis for a reduction of his sentence, which is expected to expire in fewer than five months." *Id.*

The Court agrees that El Gammal has not shown that reducing his sentence to time served is warranted. Under the compassionate release statute, "a defendant can petition the district court for a sentence reduction after 'fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Sanchez*, No. 01 Cr. 74 (PAC), 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). "Once the defendant has exhausted his administrative remedies, the Court may grant a sentence reduction if it determines (1) the defendant has established 'extraordinary and compelling reasons warrant such a reduction,' and (2) a sentence reduction would be consistent with the § 3553(a) sentencing factors." *Id.* (quoting § 3582(c)(1)(A)).

2

El Gammal has not argued that he exhausted administrative remedies or that a sentence reduction would be consistent with the § 3553(a) sentencing factors. But even if he had, the Court still would not be able to find, based on El Gammal's letter, that "extraordinary and compelling reasons" warrant a sentence reduction. "Courts in this District have noted that familial circumstances, including the need to act as a caregiver, can constitute extraordinary circumstances, but they do not always meet that threshold." *United States v. Dones*, No. 19 Cr. 169 (VM), 2022 WL 354679, at *2 (S.D.N.Y. Feb. 7, 2022). While the Court certainly understands El Gammal's desire to spend time with his mother, he has not offered a sufficient basis for the Court to conclude that it constitutes an extraordinary and compelling reason for a sentence reduction. He does not assert, for instance, that he is the only available caregiver for his mother. *Cf. Sanchez*, 2022 WL 4298694, at *3 ("When sufficient evidence is presented that a family member is completely unable to care for themselves, the illness of that family member can rise to the level of an extraordinary and compelling reason for release if the defendant would be the *only* available caregiver."). This request is therefore DENIED.

2. *Extension of Halfway House Stay*

Second, El Gammal requests that the Court extend his stay at the Brooklyn halfway house "for an additional three months beyond my current release date." Doc. 268 at 2. He states: "This would mean that although I am granted time served, I will continue to be under the supervision of the halfway house and abide by its rules." *Id.* El Gammal asserts that the extension will provide "the additional time and support needed to firmly establish myself in New York, a city where I have no prior connections or knowledge of local logistics." *Id.*

The government, for its part, does not oppose this request. Doc. 272 at 4. It suggests that "the Court may order as a special condition of [El Gammal's] supervised release that he reside at the residential re-entry center." *Id.* But it is not clear whether El Gammal intended to condition this request on his first request being granted. In other

3

words, since the Court has denied El Gammal's request to reduce his sentence to time served, the Court cannot be certain that he still wishes to extend his halfway house stay for three months once his term of supervised release begins on November 13, 2024.

If El Gammal does wish to remain at the halfway house for an additional three months after November 13, 2024, he should advise the Court of his desire to do so by no later than September 30, 2024.  If he does, the Probation Office should submit a request to modify the conditions of supervised release to the Court by no later than October 14, 2024.  In that event, El Gammal must also inform the Court whether he is waiving his right to a hearing on the modification.  *See* Fed. R. Crim. P. 32.1(c) (providing that a court must hold a hearing before modifying conditions of supervised release but that a hearing is not required if "the person waives the hearing" or "the relief sought is favorable to the person and does not extend the term of . . . supervised release" and the government does not object); *cf. United States v. Murdock*, 735 F.3d 106, 114 (2d Cir. 2013) (noting that requiring the defendant to spend six months of supervised release term in halfway house "would appear to enlarge the supervised-release conditions" and therefore the defendant "would be entitled to a hearing unless he waives the hearing").

   3.  *Reduction of Supervised Release Period*

Finally, El Gammal asks the Court to reduce his term of supervised release from three years to one year.  Doc. 268 at 2.  El Gammal states that this reduction "will facilitate my ability to travel to reconnect with my mother."  *Id.*

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  This provision makes clear that El Gammal's request is premature because he has yet to begin his term of supervised release.  *See, e.g.*, *United States v. Lucky*, No. 05 Cr. 33 (NGG), 2014 WL 2993449, at *3 (E.D.N.Y. July 2, 2014) ("Since Defendant is still serving his term of imprisonment and

4

5

has not begun his term of supervised release, Defendant's motion is premature."). Accordingly, the request for a reduced period of supervised release is DENIED.

\*   \*   \*

The Clerk of Court is respectfully directed to mail a copy of this order to El Gammal at the following address:  104 Gold Street, Brooklyn, NY 11201.

It is SO ORDERED.

Dated:    July 9, 2024
           New York, New York

                                                         EDGARDO RAMOS, U.S.D.J.